IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLOC, INC., a Delaware corporation, BERRY FINANCE N.V., a Belgian corporation, and VÄLINGE INNOVATION AB (f/k/a/ VÄLINGE ALUMINIUM AB), a Swedish corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUICK-STEP FLOORING, INC., a Delaware corporation,<br><br>    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

NOW COME the Plaintiffs, Alloc, Inc. ("Alloc"), a Delaware corporation and Berry Finance N.V. ("Berry") and Välinge Innovation AB (f/k/a/ Välinge Aluminium, AB) ("Välinge"), both foreign corporations, by and through their attorneys, Connolly Bove Lodge & Hutz LLP and Baker & McKenzie, and hereby complain against the Defendant Quick-Step Flooring, Inc. ("Quick-Step"), a Delaware corporation, stating as follows:

### THE PARTIES

1. The Plaintiff Alloc is a Delaware corporation headquartered in Racine, Wisconsin. Alloc sells and distributes laminate flooring products in the United States, including in the State of Delaware, and including in this District. Alloc is a wholly owned subsidiary of Alloc AS, a subsidiary of the Plaintiff Berry. Alloc sells in the United States, including in the State of Delaware, laminate flooring products that are designed and manufactured to be installed

without the use of glue. The Plaintiff Berry is a Belgian corporation, headquartered in Oostrozebeke, Belgium. Berry is a holding company. The Plaintiff Välinge is a Swedish corporation, headquartered in Viken, Sweden. Välinge is engaged in research and development relating to flooring systems and methods of installing flooring.

2. The Defendant Quick-Step is a Delaware corporation with its headquarters in Maryland Heights, Missouri with a manufacturing facility in Thomasville, North Carolina. The Defendant Quick-Step is engaged in the manufacture, importation, distribution, offer for sale and sale of laminate flooring products. Quick-Step's products are imported, distributed, offered for sale and sold throughout the United States, including in the State of Delaware and this District. Quick-Step's products include products that are designed and manufactured to be connected and installed without the use of glue.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1338 because this matter arises under the United States patent statutes for infringement of United States patents.

4. This Court has personal jurisdiction over the Defendant Quick-Step because Quick-Step is a Delaware corporation.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) and § 1391(b) and (c) because the Defendant Quick-Step resides in this District pursuant to 28 U.S.C. § 1391(c).

## STATEMENT OF FACTS

6. The U.S. Pat. No. 5,706,621 ("the '621 patent") is assigned to Välinge, and rights there under are exclusively licensed for all applications within the subject matter of this action to Berry. Berry has exclusively sublicensed rights under the '621 patent to Alloc for all

applications within the subject matter of this action, with the full right to enforce the '621 patent and sue for damages by reason of infringement of the '621 patent. (A copy of the '621 patent is attached hereto as Exhibit A).

7.  The Plaintiff Alloc manufactures flooring products in Racine, Wisconsin, and sells its flooring products in the United States, including laminate flooring products which are designed and manufactured to be mechanically connected, *i.e.*, they are designed so that they can be connected and installed without the use of glue.

8.  Quick-Step sells mechanically locking flooring panels under the name "Uniclic."

9.  Attached hereto as Exhibit B is a copy of installation instructions for Uniclic, as made available on Quick-Step's website, *i.e.*, http://www.quick-step.com/installing-laminateflooring.aspx?id=6.

10. Each of the Uniclic panels includes a first edge and a second edge.

11. In the Uniclic panels the first edge of each of the building panels forms a first mechanical connection with the second edge of an adjacent one of the building panels.

12. In the Uniclic panels a mechanical connection locks the first and second edges of the building panels to each other in a first direction at right angles to a principal plane of the panels.

13. The Uniclic panels include a locking device arranged on a rear side of the building panels.

14. The Uniclic panels include a second mechanical connection that locks the building panels to each other in a second direction parallel to the principal plane and at right angles to the first and second edges.

15. The Uniclic panels include a locking element that fits within a locking groove extending parallel the first edge of the panel.

16. The Uniclic panels include locking groove that is open at the rear side of the building panel.

17. The Uniclic panels includes a groove on the rear side of each panel that is spaced from the edge of the panel.

18. The Uniclic panels include a strip that extends from one edge and extends throughout substantially the entire length of the edge of each of the panels.

19. The Uniclic panels include a strip integrally formed with the an edge of each of the panels.

20. The Uniclic panels are provided with a locking element projecting from the strip.

21. The strip in the Uniclic panel includes a structure projecting from the strip in the form of a locking element.

22. Two Uniclic panels can be joined together at the edges thereof by angling one panel downward so that the panels lock together.

23. When two Uniclic panels are joined, a locking element on the strip of one panel can enter a groove on the other panel.

24. When two Uniclic panels are joined the connection allows mutual displacement of the panels in a direction of the first and second edges.

25. Installation instructions for the Uniclic panels show displacement of a panel during installation along its short side, the displacement being relative to the short side of a previously laid panel.

26. When two Uniclic panels are joined the connection enables the locking element to leave the locking groove if the respective building panel is turned about its first edge angularly away from the strip.

27. The video instructions that are provided by Quickstep show the disassembly of panels by turning a panel about its edge.

## INFRINGEMENT

28. By manufacturing, importing, distributing, marketing, offering for sale and selling the Uniclic product, The Defendant Quick-Step infringes the '621 patent in violation of 35 U.S.C. § 271(a).

29. The Plaintiffs have suffered and are continuing to suffer damages as a result of Quick-Step's infringement of the '621 patent in violation of 35 U.S.C. § 271, and Plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284.

30. By reason of the ongoing and continuous infringement by Quick-Step of the '621 patent in violation of 35 U.S.C. § 271, the Plaintiffs are entitled to an entry of an injunction against Quick-Step, preventing further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 289.

31. Further, the infringement by Quick-Step of the '621 patent is willful, and the Plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. § 284.

32. This case should be considered an exceptional case, and the Plaintiffs are entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## REQUEST FOR RELIEF

The Plaintiffs hereby request an entry of relief against the Defendants as follows:

(a) Entry of judgment that the Defendant Quick-Step, by reason of the distribution, offer for sale, importation and sale in the United States of Uniclic and other similar products, infringe the '621 patent in violation of 35 U.S.C. § 271(a).

(b) Awarding the Plaintiffs compensatory damages to the full extent permitted by 35 U.S.C. § 284, by reason of the infringement of the '621 patent by Quick-Step.

(c) Entry of judgment that the Defendants' infringement is willful, and an award of treble damages pursuant to 35 U.S.C. § 284.

(d) A ruling that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award of attorneys' fees.

(e) Entry of a permanent injunction against Defendant Quick-Step, barring and enjoining further manufacture, importation, distribution, offer for sale or sale in the United States of the infringing product.

## DEMAND FOR JURY

Plaintiffs request that all issues triable by a jury be so tried in this case.

Francis DiGiovanni (#3189)
fdigiovanni@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19803
(302) 888-6316

-6-

        Daniel J. O'Connor
        David I. Roche
        BAKER & McKENZIE
        130 East Randolph
        Chicago, IL 60601
        Phone: (312) 861-2790

        *Attorneys for Plaintiffs Alloc, Inc.,*
        *Berry Finance N.V. and Valinge Innovation A.B.*
        *(f/k/a Valinge Aluminum A.B.)*

Dated: December 12, 2005