**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALLOC, INC., BERRY FINANCE N.V., and VÄLINGE INNOVATION AB (f/k/a VÄLINGE ALUMINIUM AB),  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>QUICK-STEP FLOORING INC.,  )<br><br>Defendant.  )<br>_____  )<br><br>UNILIN N.C. LLC,  )<br><br>Counterclaim Plaintiff,  )<br><br>v.  )<br><br>ALLOC, INC., BERRY FINANCE N.V. and VÄLINGE INNOVATION AB,  )<br><br>Counterclaim Defendant.  ) | C.A. No. 05-857 (GMS)<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIM OF
DEFENDANT QUICK-STEP FLOORING, INC.**

Defendant Quick-Step Flooring, Inc. ("Quick-Step" or "Defendant") for its Answer and Counterclaim to the Complaint ("Complaint") of Plaintiffs Alloc, Inc. ("Alloc"), Berry Finance N.V. ("Berry Finance"), and Välinge Innovation AB ("Välinge") (collectively "Plaintiffs"), hereby alleges as follows:

**THE PARTIES**

1.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.   Defendant denies the allegations contained in paragraph 2 of the Complaint. The entity once known as Quick-Step Flooring, Inc. no longer exists.

## JURISDICTION AND VENUE

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits that this action purports to arise under Title 35 of the United States Code, and that this Court has jurisdiction over actions arising under those statutes under 28 U.S.C. § 1338.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint. The entity once known as Quick-Step Flooring, Inc. no longer exists.

5. Defendant denies that venue is proper in this District.

## STATEMENT OF FACTS

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except, upon information and belief, admits that Plaintiff Alloc manufacturers and sells, in the United States, laminate flooring products which are designed to be installed without the use of glue.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint. The entity once known as Quick-Step Flooring, Inc. no longer exists.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint, except states that Quick-Step's website speaks for itself. Defendant respectfully refers the Court to that website, located at <http://www.quick-step.com/>, for the entire contents thereof.

10.     Paragraph 10 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

11.     Paragraph 11 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

12.     Paragraph 12 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

13.     Paragraph 13 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response

is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

17. Paragraph 17 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court.  Thus, no response is required.  To the extent that any response is required, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court. Thus, no response is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court. Thus, no response is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court. Thus, no response is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court. Thus, no response is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court. Thus, no response is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court. Thus, no response

is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains conclusions of law requiring the claims of the patent-in-suit to be construed by this Court. Thus, no response is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

## INFRINGEMENT

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent that any response is required, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendant denies that 35 U.S.C. section 289 has any applicability to the '579 patent, and denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

**DEFENSES**

**First Defense**

33. The '621 patent is unenforceable because of Inequitable Conduct committed during prosecution of '621 patent while undergoing a combined reexamination and reissue proceeding. This inequitable conduct includes at least the Applicant's intentional failure to notify the Examiner of relevant judicial decisions of an administrative law judge of the United States International Trade Commission ("Commission"), and decisions of the Commission affirming the judge, concerning the prosecution history of the original '621 patent, and concerning U.S. patents related to the '621 patent, and which share the identical specification and many related claim terms.

**Second Defense**

34. The cause of action stated in the Complaint is barred by the doctrines of waiver, estoppel and/or laches.

**Third Defense**

35. Defendant has not infringed and is not infringing the '621 patent, either literally or under the doctrine of equivalents.

**Fourth Defense**

36. The '621 patent is invalid for nonjoinder of inventorship and/or for failing to comply with the requirements of the Patent Laws of the United States, Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fifth Defense**

37. The United States District Court for the District of Delaware lacks personal jurisdiction over Quick-Step Flooring, Inc. The entity once known as Quick-Step Flooring, Inc. no longer exists.

### Sixth Defense

38.	The United States District Court for the District of Delaware is an improper venue in which to hear this action. The entity once known as Quick-Step Flooring, Inc. no longer exists.

### Seventh Defense

39.	Process is insufficient and defective because the Complaint names a non-existent entity as defendant. The entity once known as Quick-Step Flooring, Inc. no longer exists.

### Eighth Defense

40.	Service is insufficient and defective because a non-existent entity was purportedly served with process. The entity once known as Quick-Step Flooring, Inc. no longer exists.

### Ninth Defense

41.	The '621 patent is invalid in view of the recapture rule of the patent law.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

42.	As and for its Counterclaim against Plaintiffs and Counterclaim Defendants Alloc, Inc. ("Alloc"), Berry Finance N.V. ("Berry Finance"), and Välinge Innovation AB ("Välinge") (collectively "Counterclaim Defendants"), Counterclaim Plaintiff Unilin Flooring N.C. LLC ("Unilin Flooring" or "Counterclaim Plaintiff") alleges:

43.	Counterclaim Plaintiff is a North Carolina Limited Liability Company having its principal place of business in Thomasville, North Carolina.

44. Upon information and belief, Counterclaim Defendant Alloc is a corporation organized and existing under the laws of Delaware and having its principal place of business in Racine, Wisconsin.

45. Upon information and belief, Counterclaim Defendant Berry Finance is corporation organized and existing under the laws of Belgium and having its principal place of business in Oostrozebeke, Belgium.

46. Upon information and belief, Counterclaim Defendant Välinge is a corporation organized and existing under the laws of Sweden and having its principal place of business in Viken, Sweden.

47. This Counterclaim arises under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly under Title 28 U.S.C. §§ 2201 and 2202 and Title 35 U.S.C. §§ 100 et seq., respectively. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1338 and 2201.

48. An actual and justiciable controversy exists between Counterclaim Plaintiff, on the one hand, and Counterclaim Defendants Alloc, Berry Finance, and Välinge, on the other hand, as to the infringement, validity, and enforceability of the '621 patent, as evidenced, *inter alia*, by the Complaint and Answer in this action.

49. On information and belief, the '621 patent is unenforceable because of Inequitable Conduct committed during prosecution of '621 patent while undergoing a combined reexamination and reissue proceeding. This inequitable conduct includes at least the Applicant's intentional failure to notify the Examiner of relevant judicial decisions of an administrative law judge of the United States International Trade Commission ("Commission"), and decisions of the Commission affirming the judge,

concerning the prosecution history of the original '621 patent, and concerning U.S. patents related to the '621 patent, and which share the identical specification and many related claim terms.

50. On information and belief, each claim of the '621 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

51. Counterclaim Plaintiff has not infringed and does not infringe any claim of the '621 patent, either literally or under the doctrine of equivalents.

52. Counterclaim Defendants Alloc, Berry Finance, and Välinge are barred by laches from recovering damages for alleged infringement of the '621 patent.

53. Upon information and belief, Counterclaim Defendants are barred, in whole or in part, from recovery for Counterclaim Plaintiff's alleged infringement by reason of Counterclaim Defendants' failure to comply with the requirements of 35 U.S.C. § 287.

WHEREFORE, Counterclaim Plaintiff requests that the Court deny the relief requested by Counterclaim Defendants Alloc, Berry Finance, and Välinge in the Complaint and enter judgment against Counterclaim Defendants as follows:

A. Dismissing the Complaint with prejudice;

B. Enjoining Counterclaim Defendants Alloc, Berry Finance, and Välinge and all parties in active concert with them from asserting the '621 patent against Counterclaim Plaintiff;

C. Declaring that the claims of the '621 patent are invalid;

      D.      Declaring that the claims of the '621 patent are not infringed by Counterclaim Plaintiff;

      E.      Declaring this case exceptional under 35 U.S.C. § 285, and awarding Counterclaim Plaintiff its reasonable attorneys fees and expenses of this action;

      F.      Awarding Counterclaim Plaintiff the costs of this action;

      G.      Awarding Counterclaim Plaintiff such other and further relief as this Court shall deem just and proper.

## **JURY DEMAND**

Quick-Step hereby demands trial by jury on all issues triable to a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. DiMatteo
Lawrence O. Kamin
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019

Dated:  January 10, 2006

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim Plaintiff*

714326/29831

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 10, 2006, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19803

I hereby certify that on January 10, 2006, I have Electonically Mailed the documents to the following non-registered participants:

Daniel J. O'Connor
Baker & McKenzie
130 East Randolph Drive
Chicago, IL  60601
daniel.j.o'connor@bakernet.com

By:   /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

714256