**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALLOC, INC., BERRY FINANCE N.V., and VÄLINGE INOVATION AB, (f/k/a VÄLINGE ALUMINIUM AB), <br><br>       Plaintiffs, <br><br>       v. <br><br> QUICK-STEP FLOORING, INC., <br><br>       Defendant. <br> _____ <br><br> UNILIN N.C. LLC, <br><br>       Counterclaim Plaintiff <br><br>       v. <br><br> ALLOC, INC., BERRY FINANCE N.V., and VÄLINGE INOVATION AB, <br><br>       Counterclaim Defendant | Civ. No: 05-857-GMS <br><br> **JURY TRIAL  DEMANDED** |

**REPLY OF ALLOC, INC., BERRY FINANCE N.V., AND**
**VÄLINGE INOVATION AB TO COUNTERCLAIM OF UNILIN N.C. LLC**

Plaintiffs and Counterclaim Defendants Alloc, Inc., Berry Finance N.V., and Välinge Innovation AB (the "Alloc Parties"), by and through their attorneys, Connolly Bove Lodge & Hutz LLP and Baker & McKenzie, LLP, for its Reply to the Counterclaim of Defendant Quick-Step Flooring, Inc. ("Quickstep"), hereby answer as follows:

1

## THE PARTIES

43. Counterclaim Plaintiff is a North Carolina Limited Liability Company having its principal place of business in Thomasville, North Carolina.

**Answer:** The Alloc Parties are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43.

44. Upon information and belief, Counterclaim Defendant Alloc is a corporation organized and existing under the laws of Delaware and having its principal place of business in Racine, Wisconsin.

**Answer:** The Alloc Parties admits the allegations of paragraph 44.

45. Upon information and belief, Counterclaim Defendant Berry Finance is corporation organized and existing under the laws of Belgium and having its principal place of business in Oostrozebeke, Belgium.

**Answer:** The Alloc Parties admit the allegations of paragraph 45, except that Berry Finance's headquarters have recently been moved to Waregem, Belgium.

46. Upon information and belief, Counterclaim Defendant Välinge is a corporation organized and existing under the laws of Sweden and having its principal place of business in Viken, Sweden.

**Answer:** The Alloc Parties admit the allegations of paragraph 46.

**JURISDICTION AND VENUE**

47. This Counterclaim arises under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly under Title 28 U.S.C. §§ 2201 and 2202 and Title 35 U.S.C. §§ 100 et seq., respectively. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1338 and 2201.

**Answer:** The Alloc Parties admit the allegations of paragraph 47.

**FACTS**

48. An actual and justiciable controversy exists between Counterclaim Plaintiff, on the one hand, and Counterclaim Defendants Alloc, Berry Finance, and Välinge, on the other hand, as to the infringement, validity, and enforceability of the '621 patent, as evidenced, *inter alia*, by the Complaint and Answer in this action.

**Answer:** The Alloc Parties admit the allegations of paragraph 48.

49. On information and belief, the '621 patent is unenforceable because of Inequitable Conduct committed during prosecution of '621 patent while undergoing a combined reexamination and reissue proceeding. This inequitable conduct includes at least the Applicant's intentional failure to notify the Examiner of relevant judicial decisions of an administrative law judge of the United States International Trade Commission ("Commission"), and decisions of the Commission affirming the judge, concerning the prosecution history of the original '621 patent, and concerning U.S. patents related to the '621 patent, and which share the identical specification and many related claim terms.

**Answer:** The Alloc Parties deny each and every allegation of paragraph 49.

50. On information and belief, each claim of the '621 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

**Answer:** The Alloc Parties deny each and every allegation of paragraph 50.

51. Counterclaim Plaintiff has not infringed and does not infringe any claim of the '621 patent, either literally or under the doctrine of equivalents.

**Answer:** The Alloc Parties deny each and every allegation of paragraph 51.

52. Counterclaim Defendants Alloc, Berry Finance, and Välinge are barred by laches from recovering damages for alleged infringement of the '621 patent.

**Answer:** The Alloc Parties deny the allegations of paragraph 52.

53. Upon information and belief, Counterclaim Defendants are barred, in whole or in part, from recovery for Counterclaim Plaintiff's alleged infringement by reason of Counterclaim Defendants' failure to comply with the requirements of 35 U.S.C. § 287.

**Answer:** The Alloc Parties deny the allegations of paragraph 53.

The Alloc Parties request that all issues triable to a jury in this case be so tried, and request that the Court enter judgment in favor of the Alloc Parties with attorneys' fees and costs assessed against the Defendant and Counterclaim Plaintiff.

Respectfully submitted,

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
fdigiovanni@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19803
(302) 888-6316

Daniel J. O'Connor
David I. Roche
BAKER & McKENZIE
130 East Randolph
Chicago, IL 60601
(312) 861-2790

*Attorneys for Plaintiffs Alloc, Inc., Berry Finance N.V., and Valinge Innovation A.B.*

Dated:  January 30, 2006

443472v1

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on January 30, 2006, I electronically filed the **REPLY TO COUNTERCLAIM** with the Clerk of Court using CM/ECF which will send notification and we will hand deliver such filing to the following:

Richard L. Horwitz, Esquire
David Ellis Moore
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

I further hereby certify that on the above date, I have served the foregoing document via e-mail upon the following:

jdimatteo@willkie.com
John M. DiMatteo, Esquire
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019

        /s/ Francis DiGiovanni
        Francis DiGiovanni (#3189)
        Connolly Bove Lodge & Hutz LLP
        The Nemours Building
        1007 N. Orange Street
        Wilmington, Delaware 19801
        (302) 658-9141
        fdigiovanni@cblh.com

*Attorneys for Plaintiff and Counterclaim Defendant Alloc, Inc., Berry Finance, N.V. and Välinge Innovation AB (f/k/a Aluminum ABA)*

443445_1