# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLOC, INC., a Delaware corporation,<br>BERRY FINANCE N.V., a Belgian corporation,<br>and VÄLINGE ALUMINUM AB,<br>a Swedish corporation, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C. A. No. 03-253-GMS |
| v. | )<br>) | |
| UNILIN DÉCOR, N.V., a Belgian company, and<br>QUICK-STEP FLOORING, INC.,<br>a Delaware corporation, | )<br>)<br>) | |
| Defendants | )<br>) | |
| ALLOC, INC., BERRY FINANCE N.V.,<br>and VÄLINGE INNOVATION AB<br>(f/k/a VÄLINGE ALUMINIUM AB), | )<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 05-857-GMS |
| v. | )<br>) | |
| QUICK-STEP FLOORING INC., | )<br>) | |
| Defendant. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO TRANSFER VENUE TO THE
<u>EASTERN DISTRICT OF WISCONSIN, PURSUANT TO 28 U.S.C. § 1404(a)</u>**

OF COUNSEL:

Lawrence O. Kamin
Samuel M. Leaf
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

Dated: May 1, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
kdorsney@potteranderson.com
*Attorneys for Defendants
Unilin Dëcor, N.V. and Quick Step Flooring*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF FACTS ......................................................................................... 2

    A. The Parties and Related Entities ...................................................................... 2

    B. Related Actions and Proceedings .................................................................... 3

        1. The Wisconsin Action ......................................................................... 4

        2. The '579 Patent, the Delaware '579 Case, and the Amended Complaint in the Wisconsin Action............................................................................ 4

        3. The '621 Patent, the Delaware '621 Case, and the New Amended Complaint in the Wisconsin Action...................................................... 5

        4. Other Cases in Wisconsin and Elsewhere ........................................... 6

III. ARGUMENT .............................................................................................................. 7

    A. The Court Should Transfer Venue To The Eastern District Of Wisconsin In The Interests Of Justice. ............................................................ 7

    B. The Private Interest Factors Also Favor Transfer. .......................................... 13

IV. CONCLUSION ......................................................................................................... 15

## TABLE OF AUTHORITIES

### CASES

*3Com Corp. v. D-Link System, Inc.,*
   C. A. No. 03-14-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003) .......................... 13

*APV N.A., Inc. v. Sig Simonazzi North America*,
   295 F. Supp. 2d 393 (D. Del. 2002) ............................................................................ 9

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ........................................................................ 9, 12

*Allergan, Inc. v. Alcon Laboratories, Inc.,*
   C. A. No. 02-1682-GMS, 2003 WL 473380 (D. Del. Feb. 25, 2003) .................... 9, 10

*Alloc, Inc. v. ITC*,
   342 F.3d 1361 (Fed. Cir. 2003), *cert. denied*, 541 U.S. 1063, 124 S. Ct.
   2390 (2004) ................................................................................................................. 3

*Bayer Bioscience N.V. v. Monsanto Co.*,
   C.A. No. 03-23 GMS, 2003 WL 1565864 (D. Del. Mar. 25, 2003) .......................... 10

*Brunswick Corp. v. Precor, Inc.*,
   C.A. No. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ................ 8, 9, 11

*Continental Casualty Co. v. America Home Assurance Co.*,
   61 F. Supp. 2d 128 (D. Del. 1999) ...................................................................... 12, 13

*Continental Grain Co. v. Barge FBL-585*,
   364 U.S. 19, 80 S. Ct. 1470 (1960) .......................................................................... 12

*Dentsply International, Inc. v. Centrix, Inc.*,
   553 F. Supp. 289 (D. Del. 1982) ................................................................................ 9

*Ikos Systems, Inc. v. Cadence Design Systems, Inc.*,
   C.A. No. 02-1335-GMS, 2002 WL 31414136 (D. Del. Oct. 21, 2002) ................. 8, 13

*Jumara v. State Farm Insurance Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................ 8, 12, 13

*Omnicom Group, Inc. v. Employers Reinsurance Corp.,*
   C. A. No. 01-839-GMS, 2002 WL 109346 (D. Del. Jan. 28, 2002) ......................... 14

*Stewart Organization v. Ricoh Corp.*,
   487 U.S. 22, 108 S. Ct. 2239 (1988) .......................................................................... 8

*Sumito Mitsubishi Silicon Corp. v. Memc Electronic Materials, Inc.*,
   C. A. No. 04-852-SLR, 2005 WL 735880 (D. Del. Mar. 30, 2005) ..................10, 11

*Van Dusen v. Barrack*,
   376 U.S. 612, 84 S. Ct. 805 (1964) ........................................................................7, 15

## STATUTES

28 U.S.C. § 1391(c) ...............................................................................................................8

28 U.S.C. § 1400(b) ...............................................................................................................8

28 U.S.C. § 1404(a) ...........................................................................................1, 7, 12, 15

28 U.S.C. §1659.....................................................................................................................4

Defendants Unilin Décor, N.V., Quick-Step Flooring, Inc., and Unilin Flooring N.C., LLC (as successor to Quick-Step Flooring, Inc.) ("Defendants"), by their attorneys, respectfully submit this memorandum of law in support of their motion to transfer venue to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a).

## I.   INTRODUCTION

This action is one of two related patent infringement actions pending in this District. Defendants are moving, with identical papers to transfer both of these actions to the Eastern District of Wisconsin, where plaintiffs have already brought numerous suits over the very same or related patents, in connection with the very same products at issue, and against virtually the same defendants. The Wisconsin lawsuits related to these same patents were brought by Plaintiffs well before this action was filed, and the principal case in that District has been actively litigated for a number of years.

This action should be transferred to the Eastern District of Wisconsin, where Plaintiff Alloc, Inc. is headquartered, for several reasons. This Court and others have held that where related lawsuits exist, it is in the interests of justice to permit transfer in light of the strong judicial policy that disputes, especially those involving patents, be resolved in a single forum. Transfer to Wisconsin is appropriate because it is the forum of the first-brought case and is well ahead of these Delaware cases in terms of discovery and other pretrial proceedings, because that forum better suits the convenience of the parties and the interests of justice, and because the only explanation for these duplicative actions in Delaware is that Plaintiffs were forum shopping. Transfer should

be granted to avoid wasting the parties' and this Court's resources, as well as to avoid duplicative discovery, multiple trials, and potentially inconsistent results.

## II.    STATEMENT OF FACTS

The facts and documents upon which this motion is based are presented in the declaration of Lawrence O. Kamin ("Kamin Decl.") filed contemporaneously herewith. For the convenience of the Court, those facts are summarized briefly below.

A.    The Parties and Related Entities

According to the complaint, Plaintiff Alloc, Inc. ("Alloc") is a Delaware corporation headquartered in Racine, Wisconsin; Berry Finance N.V. is a Belgian corporation headquartered in Waregem, Belgium; and Välinge Innovation AB is a Swedish corporation headquartered in Viken, Sweden (collectively, "Plaintiffs"). (*See* D.I. 1.) The complaint alleges no connection whatsoever between Plaintiffs Berry Finance N.V. and Välinge Innovation AB and this District, nor does it allege that any of the Plaintiffs maintain any facilities or personnel in Delaware, or that they store any relevant files, records, or other documents here. As will be seen, these three plaintiffs have brought numerous other lawsuits against the defendants and/or related entities in other jurisdictions.

Defendants Unilin Décor, N.V. ("Unilin Décor") and Quick-Step Flooring, Inc. ("Quick-Step"), whose business is now conducted by Unilin Flooring N.C. LLC ("Unilin NC") (collectively referred to as "Unilin"), are related corporations in the business of designing, manufacturing and selling high technology floor coverings, including laminate flooring products. Certain of Unilin's laminate flooring products employ the Uniclic® joint, a configuration of the edges of floor panels which allows glue-less installation of laminate floor panels.

Unilin Décor is a Belgian corporation with its principal place of business in Wielsbeke, Belgium. Quick-Step was a Delaware corporation with its headquarters in Thomasville, North Carolina. That business is now conducted by Unilin NC, a North Carolina limited liability company that is headquartered and doing business in Thomasville, North Carolina. Unilin, and specifically Unilin NC, sells its Uniclic® products throughout the U.S., including to resellers and distributors in the Eastern District of Wisconsin. Unilin does not maintain any facilities, personnel, documents or other materials in Delaware. (*See* Kamin Decl., ¶¶ 3-4.)

B.     Related Actions and Proceedings

There is a complicated history of litigation between the Plaintiffs and Unilin, as Plaintiffs have brought no fewer than seven separate actions against Unilin, its licensees and/or its resellers. All of these actions are based upon one or more of a series of patents bearing the same specification, which relate to the configuration of a mechanically locking flooring system that can be installed without the use of glue. These patents are U.S. Patent Nos. 5,860,267 ("the '267 patent"), 6,023,907 ("the '907 patent"), 6,182,410 ("the '410 patent"), 5,706,621 ("the '621 patent") and 6,516,579 ("the '579 patent").

In *Alloc, Inc. v. ITC*, 342 F.3d 1361 (Fed. Cir. 2003), *cert. denied*, 541 U.S. 1063, 124 S. Ct. 2390 (2004), a case originating in a proceeding before the International Trade Commission ("ITC"), the Federal Circuit conclusively ruled that Unilin's products did not infringe plaintiffs' '267, '907 or '410 patents. Plaintiffs have nevertheless persisted in pursuing litigation on the two patents not specifically at issue in *Alloc, Inc. v. ITC*, the '579 and the '621. The cases pending before this Court are two of

the actions brought by Plaintiffs involving these patents. The first action was the one brought in the Eastern District of Wisconsin.

1. The Wisconsin Action

On July 14, 2000, Plaintiffs filed a patent action in the Eastern District of Wisconsin asserting the '267 and '907 patents against Unilin Décor; BHK of America, Inc. ("BHK"), a reseller of Unilin Uniclic® products; and an unrelated party, Pergo, Inc. *Alloc Inc., et al v. Unilin Décor N.V., et al.*, Case No. 2:00CV00999 (E.D. Wis.) (the "Wisconsin Action"). Some months later, as previously noted, Plaintiff Alloc brought another patent infringement proceeding against Unilin, this time before the ITC. Thereafter, the Wisconsin Action was stayed, and it remained so for over three years, in light of, *inter alia*, the statutory stay authorized where related proceedings are brought before the ITC. *See* 28 U.S.C. §1659. Presumably to circumvent this stay, Plaintiffs brought two other cases in the Eastern District of Wisconsin – *Alloc, Inc., et al. v. Columbia Forest Products,* Case No. 2:01-CV-00216 (E.D. Wis.), and *Alloc, Inc. et al. v. Shaw Industries, Inc.* Case No. 2:01-CV-00486 (E.D. Wis.) – against resellers or licensees of Unilin. However, the court stayed these cases as well. The Wisconsin Action itself, as well as these additional cases, are all before Rudolph T. Randa, Chief Judge of the Eastern District of Wisconsin.

2. The '579 Patent, the Delaware '579 Case, and the Amended Complaint in the Wisconsin Action

The '579 patent, a continuation of the patents being litigated in the ITC and Wisconsin, was granted on February 11, 2003. Since the related patent actions were stayed in Wisconsin, Plaintiffs commenced action in Delaware on March 5, 2003, against Unilin Décor and Quick-Step, alleging infringement of the '579 patent. *Alloc Inc., et al.*

- 4 -

*v. Unilin Décor, et al.*, C.A. No. 03-253-GMS (D. Del.) (the "Delaware '579 Case"). Defendants promptly moved for a stay of this action on the grounds that the ITC proceeding was still pending (Alloc's appeal to the Federal Circuit was *sub judice*), and that the original patent in the series, the '621, was in the midst of reexamination and reissuance proceedings. The Court granted that motion in an order dated July 11, 2003. (*See* D.I. 27.)

Meanwhile, the Wisconsin Action was still stayed. Nevertheless, on February 20, 2004, Plaintiffs filed a motion to amend the complaint in that suit adding claims for infringement of the '579 patent against BHK, a Unilin reseller represented by the same counsel as Unilin. (*See* Kamin Decl. Ex. 1.) Upon the final rejection of Alloc's infringement claims in the ITC by the denial of certiorari by the United States Supreme Court, the stay was lifted in the Wisconsin Action and the motion to amend the complaint was granted, putting the '579 patent directly at issue in the Wisconsin Action. Indeed, on November 22, 2005, Plaintiffs moved for partial summary judgment of infringement on its '579 patent as against defendant BHK, a motion which has been fully briefed and is *sub judice*. Discovery has been going forward in the Wisconsin Action. In addition, a Markman hearing is scheduled for September 21, 2006.

3. The '621 Patent, the Delaware '621 Case, and the New Amended Complaint in the Wisconsin Action

In late 2005, the Patent Office apparently concluded its reexamination of the '621 patent, although it did not reissue the '621 patent. Thereafter, on December 12, 2005, Plaintiffs made two filings. First, they moved for leave to file a third amended complaint in the Wisconsin Action alleging infringement of the '621 patent as against

- 5 -

BHK and an unrelated party.[1]  (*See* Kamin Decl. Ex. 2.)  Second, Plaintiffs filed another complaint against Quick-Step in this District, this time alleging infringement of the '621 patent.  *Alloc, Inc., et al v. Quick-Step Flooring, Inc.*, C.A. No. 05-857-GMS (D. Del.) (the "Delaware '621 Case").  (*See* D.I. 1.)  In the Wisconsin Action, the motion to amend the complaint to add '621 patent claims is *sub judice*, but Plaintiffs have served a number of discovery requests specifically related to the '621 patent.  In the Delaware '621 Case, Unilin NC, Quick-Step's successor, filed an answer and counterclaim on January 30, 2006, but no discovery or other substantive proceedings have occurred in that case.  With respect to the Delaware '579 Case, Plaintiffs moved to lift the stay on November 23, 2005, and on March 31, 2006, this Court granted that motion.  Although the stay has been lifted, no discovery or substantive proceedings have occurred in that case either.

    4.    <u>Other Cases in Wisconsin and Elsewhere</u>

Two other cases, or sets of cases, are also relevant to this motion.  First, there are a number of cases, now consolidated in the Eastern District of Wisconsin, in which Unilin has asserted claims under its own patents against the Plaintiffs in this case. *See, e.g., Unilin Beheer BV, et al. v. Valinge Aluminum AB, et al.*, Case No. 2:03-CV-00342 (E.D. Wis.); *Unilin Beheer BV, et al. v. Armstrong World Industries Inc., et al.*, Case No. 2:04-CV-00121 (E.D. Wis.); *Alloc Inc. v. Unilin Décor NV, et al.*, Case No.

---

[1] Plaintiffs admitted, in the case of both motions to amend in the Wisconsin Action, that the only reason the new claims, under the '579 and '621 patents, were not asserted against the Unilin defendant was that claims under both patents had already been asserted against Unilin in the two cases pending before this Court.  Plaintiffs also stated, in connection with the motion to amend to add the '621 patent in the Wisconsin Action, that although the '621 patent claim could have been brought by way of a separate suit, "for reasons of judicial economy [it] should be made part of the pending case."  (*See* Kamin Decl., at ¶12.)

2:02-CV-01266 (E.D. Wis.). These cases involve similar technology and in some cases similar claim terms as the cases brought by Plaintiffs against Unilin. Chief Judge Randa is presiding over all of these cases, as well as the cases brought by the Plaintiffs in Wisconsin.

Second, approximately one month after bringing the Delaware '621 Case, Plaintiffs brought yet another action alleging infringement of the '579 and '621 patents, this time against Empire Home Services LLC, a reseller of Unilin products, and this time in the Northern District of Illinois. *Alloc Inc., et al. v. Empire Home Services LLC*, Case No. 1:06-CV-00285 (N.D. Ill.). (*See* Kamin Decl. Ex. 3.) Empire has moved to transfer the action to the Eastern District of Wisconsin so as to have all of the actions brought by Plaintiffs against the Unilin products in the same forum.

### III.   ARGUMENT

A.   The Court Should Transfer Venue To The Eastern District Of Wisconsin In The Interests Of Justice.

Pursuant to 28 U.S.C. § 1404(a), the Court should transfer this action to the Eastern District of Wisconsin, where a related action, brought by the same plaintiffs, has been pending and actively litigated for some years now. In relevant part, 28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of the statute is to "prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). Pursuant to 28 U.S. 1404(a), a court may transfer an action to any other district where it

might have been brought[2] "when it appears that the change of venue would 'convenience' the parties and the witnesses while serving the 'interests of justice.'" *Brunswick Corp. v. Precor, Inc.*, C. A. No. 00-691-GMS, 2000 WL 1876477, at *1 (D. Del. Dec. 12, 2000) (citation omitted) (attached hereto as Ex. A). "When considering a motion to transfer, the court must determine 'whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Ikos Systems, Inc. v. Cadence Design Systems, Inc.*, C.A. No. 02-1335-GMS, 2002 WL 31414136, at *1 (D. Del. Oct. 21, 2002) (attached hereto as Ex. B), *quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

District courts have broad discretion in deciding transfer motions "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988) (citation omitted). In *Jumara*, the Third Circuit Court of Appeals identified a list of nonexclusive list of factors that have been used to guide courts in ruling on request for transfer and fall into two categories, "those relating to the private convenience of the litigants and those affecting the public interest in the fair and efficient administration of justice." *Brunswick*, 2000 WL 1876477, at * 2.[3]

---

[2] There is no dispute that the patent infringement actions before this Court could have been brought in the Eastern District of Wisconsin and venue would have been proper there. Plaintiffs have already sued Unilin Décor in that district and no one ever questioned venue. Unilin N.C., the successor to Quick-Step, distributes and sells the Uniclic® flooring product in Wisconsin, including in the Milwaukee area in which the District Court for the Eastern District is located. (Kamin Decl. ¶ 4.) Venue, therefore, is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

[3] The private interests may include: (1) plaintiffs' original forum preference; (2) defendants' preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses to the extent witnesses may be unavailable

- 8 -

As this Court and others have observed, where related lawsuits exist, it is in the interests of justice to permit those actions to proceed before a single court. *See, e.g., Brunswick Corp.*, 2000 WL 1876477, at *3; *cf. Allergan, Inc. v. Alcon Labs, Inc.*, C. A. No. 02-1682-GMS, 2003 WL 473380 (D. Del. Feb. 25, 2003) (attached hereto as Ex. C). Transfer in these circumstances is in accord with the "strong judicial policy" in favor of resolving patent controversies in a single forum, and also "serve[s] to prevent a multiplicity of lawsuits with different parties in different forums and permits one court to adjudicate the rights in the patents" in dispute. *Dentsply Int'l, Inc. v. Centrix, Inc.*, 553 F. Supp. 289, 295 (D. Del. 1982); *see APV N.A., Inc. v. Sig Simonazzi N. Am.*, 295 F. Supp.2d 393 (D. Del. 2002) (transferring patent action to Eastern District of Texas where related litigation was underway and stating "The court believes that allowing this action to proceed in Delaware would duplicate the parties' efforts and expenses, thereby reducing efficiency overall"). Accordingly, where a case presents issues duplicative of those already pending in another case, the interests of justice are served by transferring and consolidating the cases.

In *Brunswick Corp.*, *supra*, this Court transferred a more recently brought patent case to the Western District of Washington where a prior action was pending between the plaintiff and defendant, both Delaware corporations. Although the private

---

for trial; and (6) the location of books and records. Among the public interests factors are: (1) the enforceability of judgments; (2) the practical considerations that make trial easy, expeditious and inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (6) the public policies of the for a. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197 (D. Del. 1998). These lists, however, are merely illustrative, and the factors considered in the transfer analysis, as well as the weight given those factors, may differ from case to case. *See Id.* at 194, 208.

interest factors tipped only "slightly" in favor of transfer, the Court held that the public interest factors "weigh[ed] heavily" in its favor," stating:

> Most relevant to the courts [sic] inquiry is whether there are practical considerations that would make trial "easy, expeditious, or inexpensive." [citation omitted] In this case, there has already been litigation on …[] a parent patent of the one at issue here, in the Western District of Washington. This matter is on appeal. Moreover, the parties are currently litigating another patent infringement matter involving exercise equipment in the Western District of Washington. Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." [citation omitted]. Thus, the court finds that transferring this case would promote the interests of justice.

*Brunswick Corp.*, 2000 WL 1876477, at *3. *Accord Allergan, Inc.*, 2003 WL 473380 at *2 (transferring patent action where, *inter alia*, parties were already litigating "essentially the same" issues in California); *Bayer Bioscience N.V. v. Monsanto Co.*, C. A. No. 03-23-GMS, 2003 WL 156864 (D. Del. Mar. 25, 2003) (attached hereto as Ex. D) (transferring patent action to district in which related action was pending).

Similarly, in *Sumito Mitsubishi Silicon Corp. v. Memc Electronic Materials, Inc.*, C. A. No. 04-852-SLR, 2005 WL 735880 (D. Del. Mar. 30, 2005) (attached hereto as Ex. E), a patent action involving both Delaware and alien corporations, the court transferred a later filed action to the Northern District of California solely on the basis of the interests of justice, because the California action was further along and, like the instant case, the transferee court had substantial experience with the specific patents at issue, as well as related patents.

> The court in the Northern District Litigation has three years of experience with this litigation and has already issued several orders regarding infringement of the '302 patent. Its grasp of the facts and issues in connection with the '302 patent, together with the similarity between the '302 patent and the '380 patent, make that court a more appropriate venue for the present matter. In the interests of judicial economy and of avoiding inconsistent rulings, this court transfers the present matter to the Northern District of California.

*Id.* at *3.

Perhaps even more than in *Brunswick Corp.* and *Sumito Mitsubishi Silicon Corp.*, the interests of justice, economy and efficiency tip decisively in favor of transfer here. First, this is not a case where a defendant, unhappy in the forum plaintiff has selected, attempts to find a more hospitable forum. Here, Plaintiffs themselves chose to litigate this patent dispute in their home state. Then, for a reason that can only have been forum shopping, they brought these duplicative actions in Delaware. Claims under these identical patents, against the identical products and against at least one identical party are pending in Wisconsin in front of the same judge – at the choice of the Plaintiffs! There is no earthly reason to permit Alloc to pick and choose from among several different courts where it would like to litigate the '579 and '621 patents. All Defendants seek is transfer to the very forum where Alloc itself first chose to litigate these issues, and where such litigation is well underway. Especially in light of the "strong judicial policy" to have patent cases resolved in a single forum, the choice here should be simple.

Second, to allow this action to proceed in this jurisdiction would lead to an enormous and pointless dissipation of resources. This action and the Wisconsin Action indisputably involve the same patents or family of patents, the same claim terms and claim language. The Wisconsin Action is well underway, a summary judgment motion is pending, and the case is scheduled for a Markman hearing on September 21, 2006. Chief Judge Randa has expended substantial judicial resources in gaining a body of knowledge of the specific issues, facts and parties involved in that dispute. If this action were to proceed, this Court would necessarily have to duplicate the substantial work done to date by Judge Randa, which is both unnecessary and contrary to the mandate of 28 U.S.C.

- 11 -

1404(a), to prevent "wastefulness of time, energy and money." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470, 1474 (1960).

Third, by filing duplicative actions in multiple jurisdictions on the same patents and allegedly infringing products, Plaintiffs have forced all parties to retain local counsel in separate jurisdictions. This is a completely unnecessary expense, particularly where there is a single forum, the Eastern District of Wisconsin, where all the actions can be heard, where Plaintiffs chose to litigate in the first instance, and where Alloc has its headquarters. Although not in and of itself a compelling factor, eliminating this easily avoidable expense further tips the balance in favor of transfer. *See Affymetrix, Inc.*, 28 F. Supp. 2d at 205-06.

Finally, Plaintiffs have commenced a number of separate actions involving the same patents against the same allegedly infringing products in several different districts. It is difficult – if not impossible – to discern any reason for their commencing these duplicative actions *other than* forum shopping. The Delaware cases represent a completely unnecessary and unwarranted burden on both Defendants and the Court, and Plaintiffs' improper litigation tactics should not be rewarded by continuing essentially identical actions in two different forums of the Plaintiffs' choosing. This case should be transferred to Wisconsin.[4]

---

[4] The other relevant public interest factor also favors transfer. The median time from filing to trial in the Eastern District of Wisconsin (using the currently available 2005 statistics) is 20.3 months, while the median time in the District of Delaware is 23.5 months.[4] (Kamin Decl. Ex. 4.)

B.      The Private Interest Factors Also Favor Transfer.

In addition to examining the reasons the public interest would support transfer, the Court should also look to the individual circumstance of the parties and their witnesses to determine the appropriateness of transfer. *Jumara*, 55 F.3d at 879. Here too, these factors favor transfer.

First, while Plaintiffs' choice of forum is normally an important consideration in the section 1404(a) analysis, this factor can more easily be overcome where the events at issue, the design and manufacture of the allegedly infringing products, occurred outside of Delaware. *See Brunswick Corp.*, 2000 WL 1876477, at *2; *Affymatrix, Inc.*, 28 F. Supp. 2d at 199. Here, the Uniclic® products in suit were designed and manufactured either abroad, or in North Carolina where Quick-Step and now Unilin NC have manufacturing facilities. None was designed or manufactured in Delaware. As numerous decisions in this Court have noted, "the transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred." *Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999) (citation omitted); *see Ikos Systems, Inc.*, 2002 WL 31414136, at *1; *3Com Corp. v. D-Link Sys., Inc.*, C. A. No. 03-14-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003) (attached hereto as Ex. F).

Second, the parties' connections to this District are, at best, tenuous. Although Alloc is a Delaware corporation, none of the parties maintains facilities or personnel in Delaware, and Alloc's connection to Wisconsin, where it is headquartered and has chosen to bring suit in the past, is much stronger than its connection to this District. Likewise Plaintiffs Berry Finance NV and Valinge Innovation AB, as well as

- 13 -

Defendant Unilin Décor, all are alien corporations with no apparent connection to this District. No one has identified a single witness, whether a party witness or a third-party, who is resident in Delaware. In short, there is virtually no connection between Delaware and this action.

Third, the interests of litigation convenience are not served by keeping this case in Delaware. With respect to the production of documents, Defendants can just as easily produce whatever they have in Wisconsin as they can in Delaware. Alloc, of course, cannot claim inconvenience by being transferred to Wisconsin, since it is headquartered there. Likewise, no additional burden will be imposed on Plaintiffs Berry Finance N.V. and Välinge Innovation AB, who are already engaged in litigation in Wisconsin. Even were they not, both the Eastern District of Wisconsin and the District of Delaware are, for all practical purposes, equidistant from Belgium and Sweden, where those Plaintiffs respectively reside. In any event, many of the relevant documents and other materials have already been produced in the Wisconsin actions. As this Court has noted, requiring the parties to produce any remaining materials in only one location "minimizes the level of disruption caused to both parties by the litigation," which "is certainly a more economical and efficient result than having each party moving witnesses and documents between two states, depending on which of these related actions is being litigated at that time." *Omnicom Group, Inc. v. Employers Reinsurance Corp.*, C. A. No. 01-839-GMS, 2002 WL 109346, at *2 (D. Del. Jan. 28, 2002) (attached hereto as Ex. G).

Finally, with respect to the convenience of the parties themselves, Plaintiffs cannot credibly argue that it will be less convenient to litigate this action in the Eastern District of Wisconsin, where Alloc is headquartered and where they have already

brought a half-dozen prior infringement litigations.  While Wisconsin might otherwise be considered a less convenient forum for the Unilin parties, by this motion they have indicated their preference to have this action heard there.  Moreover, there are obvious economies to be gained through transfer and consolidation of this action, including the avoidance of duplicative discovery, motion practice and inconsistent results from district to district where Plaintiffs have sued.  Accordingly, transfer is in keeping with the purpose of 28 U.S.C. 1404(a), to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'" and should be granted.  *Van Dusen*, 376 U.S. at 616, 84 S. Ct. at 809.

## IV.    CONCLUSION

For the reasons set forth above, the Defendants respectfully requests that this Court transfer venue to the United Stated District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. 1404(a).

Respectfully Submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Lawrence O. Kamin
Samuel M. Leaf
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000

Dated:  May 1, 2006

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Kenneth L. Dorsney (#3726)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Unilin Dëcor, N.V. and Quick Step Flooring*

730306

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

      I, David E. Moore, hereby certify that on May 1, 2006, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19803

      I hereby certify that on May 1, 2006, I have Electonically Mailed the documents to the following non-registered participants:

Daniel J. O'Connor
Baker & McKenzie
130 East Randolph Drive
Chicago, IL 60601
daniel.j.o'connor@bakernet.com

      By:   /s/ David E. Moore
             Richard L. Horwitz
             David E. Moore
             Hercules Plaza, 6th Floor
             1313 N. Market Street
             Wilmington, Delaware 19899-0951
             (302) 984-6000
             rhorwitz@potteranderson.com
             dmoore@potteranderson.com

714256