**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALLOC, INC., a Delaware corporation, BERRY FINANCE N.V., a Belgian corporation, and VÄLINGE ALUMINUM AB, a Swedish corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 03-253-GMS |
| v. | ) ) | |
| UNILIN DÉCOR, N.V., a Belgian company, and QUICK-STEP FLOORING, INC., a Delaware corporation, | ) ) ) ) | |
| Defendants | ) ) | |
| ALLOC, INC., BERRY FINANCE N.V., and VÄLINGE INNOVATION AB (f/k/a VÄLINGE ALUMINIUM AB), | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-857 GMS |
| v. | ) ) | |
| QUICK-STEP FLOORING INC., | ) ) | |
| Defendant. | ) | |

**DECLARATION OF LAWRENCE O. KAMIN IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE TO THE
EASTERN DISTRICT OF WISCONSIN, PURSUANT TO 28 U.S.C. § 1404(a)**

I, Lawrence O. Kamin, hereby declare as follows:

1. I am an attorney-at-law, duly admitted to practice before the Bar of the State of New York and have been admitted *pro hac vice* to this Court. I am a member of Willkie Farr & Gallagher LLP, attorneys for Unilin Décor, N.V., Quick-Step Flooring, Inc. and the successor to Quick-Step Flooring, Inc., Unilin N.C., LLC (collectively, "Defendants"). I make this declaration in support of Defendants' Motion to Transfer

Venue to The Eastern District Of Wisconsin, Pursuant to 28 U.S.C. § 1404(a). I make this declaration on personal knowledge, except as otherwise stated herein.

2. I am submitting this declaration (in identical form) in two related actions -- *Alloc, Inc., et al. v. Unilin Décor, N.V., et al.*, Case No. 03-CV-253 (Sleet, J.) and *Alloc, Inc., et al. v. Quick-Step Flooring, Inc.*, Case No. 05-CV-857 (Sleet, J.). The complaints filed by Alloc, Inc., Berry Finance, N.V. and Välinge Innovation AB (collectively, "Plaintiffs") in these two actions assert claims of patent infringement against Defendants based upon the manufacture and sale of laminate flooring products allegedly infringing two patents owned by the plaintiffs – U.S. Patent No. 6,516,579 ("the '579 patent") and U.S. Patent No. 5,706,621 ("the '621 patent"), respectively.

3. Defendant Unilin Décor, N.V. ("Unilin Décor") is a Belgian corporation with its principal place of business in Wielsbeke, Belgium. Defendant Quick-Step Flooring, Inc. ("Quick-Step"), whose business is now conducted by Unilin N.C., LLC ("Unilin NC"), was a Delaware corporation with its headquarters in Thomasville, North Carolina. Unilin NC is a North Carolina limited liability company that is headquartered and doing business in Thomasville, North Carolina. None of the Defendants maintains any facilities, personnel, documents or other materials in Delaware.

4. Defendants are related corporations in the business of designing, manufacturing and selling high technology floor coverings, including laminate flooring panels. Certain of Defendants' laminate flooring products employ the Uniclic® joint, which is characterized by a specific profile for the panels which allows glue-less installation of the laminate floor panels. Defendants sell the Uniclic® products

throughout the United States, including to resellers and distributors in the Eastern District of Wisconsin.

5.  Plaintiffs have brought no fewer than seven actions against Unilin and/or its licensees and resellers.  Each of these actions is based upon one or more of a series of patents bearing the same specifications, which relate to the configuration of mechanically locking flooring systems that can be installed without the use of glue.  These patents are U.S. Patent Nos. 5,860,267 ("the '267 patent"), 6,023,907 ("the '907 patent"), 6,182,410 ("the '410 patent"), 5,706,621 ("the '621 patent") and 6,516,579 ("the '579 patent").

6.  In *Alloc, Inc. v. ITC*, 342 F.3d 1361 (Fed. Cir. 2003), *cert. denied*, 541 U.S. 1063, 124 S.Ct. 2390 (2004), which began as a proceeding brought by Plaintiffs before the International Trade Commission ("ITC"), the ITC and then the Federal Circuit conclusively ruled that Unilin's products did not violate the '267, '907 or '410 patents.  Although the '579 and '621 patents were not specifically at issue in *Alloc, Inc. v. ITC*, those patents share the same specifications as the '267, '907 or '410 patents at issue in that proceeding.  Nonetheless, Plaintiffs persist in bringing claims under the '579 and '621 patents, including two actions now pending before this Court.

7.  Plaintiffs first filed suit on July 14, 2000, in the Eastern District of Wisconsin, against Unilin Décor N.V.; BHK of America, Inc. ("BHK"), a reseller of Unilin's flooring products; and an unrelated party, Pergo, Inc., alleging patent infringement of two patents that are part of the family of patents involved in the actions pending in this district. *Alloc Inc., et al v. Unilin Décor N.V., et al.*, Case No. 2:00-CV-00999 (E.D.Wis.) (the "Wisconsin Action").  Some months after it was brought, Alloc, Inc. commenced the patent infringement proceeding (noted above) against Unilin and

other defendants before the ITC. Thereafter, the Wisconsin Action was stayed, and it remained stayed for over three years, in light of, *inter alia*, the statutory stay of related actions where a proceeding is brought before the ITC. *See* 28 U.S.C. § 1659.

8.  After the Wisconsin Action was stayed pending the outcome of the ITC proceeding, Plaintiffs brought two other cases in the Eastern District of Wisconsin against resellers and licensees of Unilin, presumably to circumvent the stay. *Alloc, Inc., et al. v. Columbia Forest Products*, Case No. 2:01-CV-00216 (E.D. Wis.) and *Alloc, Inc., et al. v. Shaw Industries, Inc.*, Case No. 2:01-CV-00486 (E.D. Wis.). However, the court stayed these cases as well, and they remain stayed. The Wisconsin Action itself, as well as these additional cases, are before Chief Judge Randa of the Eastern District of Wisconsin.

9.  The '579 patent, which is a continuation of the patents at issue before the ITC and in Wisconsin, was granted on February 11, 2003. Since the related patent actions were stayed in Wisconsin, Plaintiffs commenced an action in this Court on March 5, 2003, alleging infringement of the '579 patent. *Alloc Inc., et al. v. Unilin Décor, et al.*, Case No. 1:03-CV-253 (the "Delaware '579 Case"). Defendants moved to stay the action on the grounds that the ITC proceeding, in which Alloc, Inc.'s appeal to the Federal Circuit was *sub judice*, was still pending, and that the original patent in the series, the '621, was the subject of a reexamination and reissue proceeding before the U.S. Patent and Trademark Office ("PTO"). Defendants' motion to stay the Delaware '579 Case was granted by order dated July 11, 2003.

10. Although the Wisconsin Action was then stayed, on February 20, 2004, Plaintiffs filed a motion to amend the complaint adding claims for infringement of the

'579 patent as against BHK, a Unilin reseller which is represented by the same counsel as Unilin. After Alloc, Inc.'s infringement claims in the ITC proceeding were finally rejected by the ITC, the Federal Circuit affirmed the ITC's ruling of noninfringement, and the United States Supreme Court denied *certiorari*, the stay was lifted in the Wisconsin Action. Plaintiffs motion to amend the complaint was then granted, putting the '579 patent squarely at issue in the Wisconsin Action. (*See* Exhibit 1, Second Amended Complaint for Patent Infringement.) On November 22, 2005, Plaintiffs moved for partial summary judgment of infringement of the '579 patent as against defendant BHK, and that motion has been fully briefed and is *sub judice.* Discovery is proceeding in the Wisconsin Action, and Markman hearing is scheduled for September 21, 2006.

        11.    In late 2005, the PTO apparently concluded its reexamination of the '621 patent, although it has yet to reissue that patent. Thereafter, on December 12, 2005, Plaintiffs moved for leave to file a third amended complaint in the Wisconsin Action alleging infringement of the '621 patent by BHK and Pergo, Inc. (*See* Exhibit 2, Proposed Third Amended Complaint for Patent Infringement.) Additionally, Plaintiffs filed another complaint against Quick-Step in this district, which also alleges infringement of the '621 patent. *Alloc, Inc., et al v. Quick-Step Flooring, Inc.*, Case No. 1:05-CV-857 (the "Delaware '621 Case"). (*See* D.I. 1) Although the motion to amend the complaint in the Wisconsin Action to add claims on '621 patent is presently *sub judice*, Plaintiffs have nonetheless served a number of discovery requests specifically related to the '621 patent, presumably in anticipation of the Wisconsin district court granting that motion.

12. In the case of both motions to amend the Wisconsin Action, Plaintiffs admitted that the only reason the new claims, under the '579 and '621 patents, were not being asserted against the Unilin defendant was that claims under both patents had already been asserted against Unilin in the two cases pending before this Court. Plaintiffs also stated in connection with their motion to amend to add the '621 patent in the Wisconsin Action, that although the '621 patent claim could have been brought by way of a separate suit, "for reasons of judicial economy [it] should be made part of the pending case."

13. In the Delaware '621 Case, Unilin NC, Quick-Step's successor, filed an answer and counterclaim on January 30, 2006. No discovery or other substantive proceedings have occurred in that case. In the Delaware '579 Case, Plaintiffs moved to lift the stay on November 23, 2005, and on March 31, 2006, this Court granted that motion. Although the stay was recently lifted, no discovery or other substantive proceedings have occurred there either.

14. On January 18, 2006, approximately one month after commencing the Delaware '621 Case, Plaintiffs filed yet another complaint alleging infringement of the '579 and '621 patents, this time in the Northern District of Illinois, in a case entitled *Alloc, Inc.*, *et al. v. Empire Home Services LLC*, Case No. 06-C-285 (N.D. Ill.). (*See* Exhibit 3, Complaint for Patent Infringement.) On March 24, 2006, Defendant Empire Home Services LLC ("Empire"), a Delaware corporation which is a reseller of Unilin's Uniclic® products, answered the complaint. On April 14, 2006, Empire moved to transfer the action to the Eastern District of Wisconsin in order to have all related actions heard by a single court. Plaintiffs' papers in opposition to that motion are due on May 5,

Empire's reply is due on May 12, and the Illinois district court has stated that its decision can be expected by May 24, 2006.

15. In addition to the cases described above, there are a number of related actions, now consolidated in the Eastern District of Wisconsin, in which Unilin has asserted claims under its own patents against the Plaintiffs in this case. *See, e.g., Unilin Beheer BV, et al. v. Valinge Aluminum AB, et al.*, Case No. 2:03-CV-342 (E.D. Wis.); *Unilin Beheer BV, et al. v. Armstrong World Industries Inc., et al*., Case No. 2:04-CV-121 (E.D. Wis.). These cases involve similar technology and in some cases similar claim terms as the cases brought by Plaintiffs against Unilin. Chief Judge Randa is presiding over these cases, as well as the cases brought by the Plaintiffs in Wisconsin.

16. Exhibit 4 is a true and correct copy of the U.S. District Court Judicial Caseload Profiles for the United States District Courts for the Eastern District of Wisconsin and for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2006

                                                    /s/ Lawrence O. Kamin
                                                        Lawrence O. Kamin

730309

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Moore, hereby certify that on May 1, 2006, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19803

I hereby certify that on May 1, 2006, I have Electonically Mailed the documents to the following non-registered participants:

Daniel J. O'Connor
Baker & McKenzie
130 East Randolph Drive
Chicago, IL  60601
daniel.j.o'connor@bakernet.com

            By: <u>*/s/ David E. Moore*</u>
               Richard L. Horwitz
               David E. Moore
               Kenneth L. Dorsney
               Hercules Plaza, 6th Floor
               1313 N. Market Street
               Wilmington, Delaware 19899-0951
               (302) 984-6000
               rhorwitz@potteranderson.com
               dmoore@potteranderson.com
               kdorsney@potteranderson.com

714256