# EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Alloc, Inc., a Wisconsin corporation, Berry Finance N.V., a Belgian corporation, and Valinge Innovation AB (f.k.a. Valinge Aluminium AB), a Swedish corporation, | ) ) ) ) ) | Case No:   00-C-0999 Judge:      Randa |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | JURY DEMANDED |
| Unilin Decor N.V., a Belgian corporation, and BHK of America, Inc., a New York corporation, and Pergo, Inc., a Delaware corporation | ) ) ) ) | |
| Defendants. | ) | |

### SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

NOW COME the Plaintiffs, Alloc, Inc. (herein "Alloc"), a Wisconsin corporation, Berry Finance N.V. (herein "Berry") a Belgian corporation, and Valinge Innovation AB (f.k.a. Aluminium, AB) (herein "Valinge"), a Swedish corporation, (collectively "Plaintiffs" or "the plaintiffs") by and through their attorneys Baker & McKenzie, and hereby complain as against the defendants, Unilin Decor N.V. (herein "Unilin") a Belgian corporation, BHK of America, Inc. (herein "BHK"), and Pergo, Inc (herein "Pergo") (collectively "Defendants" or "the defendants"), stating as follows:

### THE PARTIES

1.      The Plaintiff Alloc is a Wisconsin corporation which is headquartered in Racine, Wisconsin. Alloc sells and distributes laminate flooring products in the United States, including in the State of Wisconsin, and including in this District. Alloc maintains sales and management

offices and a manufacturing facility in Racine, Wisconsin. Alloc is a wholly owned subsidiary of Alloc AS, a subsidiary of the plaintiff Berry. Alloc sells in the United States, including in the State of Wisconsin, laminate flooring products which are designed and manufactured to be installed without the use of glue. The plaintiff Berry is a Belgian corporation, headquartered in Oostrozebeke, Belgium. The plaintiff Valinge is a Swedish corporation, headquartered in Viken, Sweden.

      2      The defendant Unilin is a Belgian corporation, engaged in the business of design, manufacture, distribution and sale of laminate flooring products. Unilin's products include a product sold under the names "UNICLIC" and "QUICK-STEP" (collectively referred to herein as "UNICLIC"). which is a laminate wood flooring product that is designed and manufactured to be installed without the use of glue. Unilin's products, including the UNICLIC product, are imported into the United States, and are offered for sale and sold throughout the United States. including in the State of Wisconsin and including in this District. Unilin places its products, including the UNICLIC product , in the stream of commerce through a distribution channel in the United States including in the State of Wisconsin which was established by Unilin whereby Unilin's products, including UNICLIC, are offered for sale and sold in the State of Wisconsin, including sales in this District at both the wholesale and retail level. Unilin's products, including the UNICLIC product are known by Unilin to be destined for sale and installation throughout the United States including in the State of Wisconsin. Unilin cooperates with a U.S. nationwide distributor, BHK of America, Inc., for purposes of marketing, offering for sale, and selling Unilin's products, including the UNICLIC product , throughout the United States including in the State of Wisconsin. Further, Unilin's products, including the UNICLIC product , are offered

-2-

for sale and sold by a wholesale distributor in this District, headquartered in Sussex, Wisconsin, known as LDS&S Specialty Wholesalers (herein "LDS&S").   In addition to its wholesale establishment located in Sussex, Wisconsin, LDS&S maintains a website accessible on the internet known as "LDS&S On Line", wherein Unilin's products, including the UNICLIC product, are depicted, described and offered for sale.  "LDS&S On Line" offers to deliver products, including the UNICLIC product, throughout southeast Wisconsin, including delivery substantially throughout this District.   Further, Unilin's products, including the UNICLIC product. are offered for sale at approximately twenty-five or more retail dealerships in this District.  At such several retail dealerships, Unilin's products. including the UNICLIC product , are offered for sale to Wisconsin consumers and homeowners for purchase and installation in homes and residences in this District.  Further, Unilin has also recently entered into an agreement with the defendant Pergo for the distribution and sale of the UNICLIC product  at home improvement mass merchandise stores throughout the United States, including in this District.

3 (a).   The defendant BHK is a New York corporation headquartered in Central Valley, New York.  BHK sells, offers for sale, and distributes a variety of products, throughout the United States, including in the State of Wisconsin and including in this District.   BHK distributes, sells, offers for sale, and imports the products of Unilin, including UNICLIC, in the State of Wisconsin and in this District.   The defendant BHK maintains a website (www.uniclic.com) accessible on the internet devoted to the UNICLIC product, and providing information about availability of UNICLIC for sale at both the wholesale and retail level, description of the UNICLIC product, and installation instructions.  BHK lists several "wholesale distributors" on its website as sources for the UNICLIC product , including the following:

LDS&S Company (http://ldss.com)
N61 W23049 Silver Spring Drive
Sussex, WI 53089
800-242-6627 (WI )
Contact: Customer Service
262-246-6555
262-246-4275

The name of BHK's wholesale distributor in Wisconsin, LDS&S Company, is hyperlinked to a website maintained by LDS&S, i.e. http://ldss.com, where detailed information is available for purchase regarding the UNICLIC product , including the product itself and installation instructions and materials. In addition, BHK, through a network of dealers located in this District, offers for sale and sells the UNICLIC product in the State of Wisconsin and in this District at numerous locations. BHK includes on its UNICLIC website a "Finder" which generates a list of dealers within a certain location  Use of this finder shows that there are 24 UNICLIC dealers within 50 miles of Milwaukee, WI.

(b)    The defendant Pergo is a Delaware corporation headquartered in North Carolina Pergo markets, sells, and distributes laminate flooring products in home improvement mass merchandise stores throughout the United States, including in the State of Wisconsin and including in this District.  On information and belief, the defendant Pergo has entered into a contract with the defendant Unilin to distribute and sell the UNICLIC product.  On information and belief, the defendant Pergo has either commenced or is preparing to commence sales of the UNICLIC product at stores throughout the United States and including in this District.

-4-

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, 1337, and 1338, because this is a matter arising under the United States patent statutes, for infringement of United States patents

5.    This Court has personal jurisdiction over the defendants pursuant to Wis. Stat. Sec. 801.05

6.    Venue is proper in this District pursuant to 28 U.S.C Sec. 1400(b) and Sec. 1391(b), (c), because the defendants BHK and Pergo reside in this District pursuant to 28 U.S.C. Sec. 1391(c), and because the defendant Unilin may be sued in this District pursuant to 28 U.S.C. Sec. 1391(d).

## STATEMENT OF FACTS

7.    The Plaintiff Alloc is the exclusive sublicensee, with the full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 5,860, 267 (herein "the '267 patent"), which issued on January 19, 1999. The '267 patent is assigned to Valinge, and rights there under are exclusively licensed to Berry. Berry has exclusively sublicensed rights under the '267 patent to Berry's affiliate Alloc.

8.    The Plaintiff Alloc is also the exclusive sublicensee, with full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 6,023,907 (herein "the '907 patent"). The '907 patent is assigned to Valinge, and rights there under are exclusively licensed to Berry. Berry has exclusively sublicenced rights under the '907 patent to Berry's affiliate Alloc.

9.    The Plaintiff Alloc is also the exclusive sublicensee, with full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 6,293,410 (herein "the '410 patent"). The '410 patent is assigned to Valinge, and rights there under are exclusively licensed to Berry. Berry has exclusively sublicenced rights under the '410 patent to Berry's affiliate Alloc.

10.   The Plaintiff Alloc is also the exclusive sublicensee, with full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 6,516,579 (herein "the '579 patent") The '579 patent is assigned to Valinge, and rights thereunder are exclusively licensed to Berry. Berry has exclusively sublicensed rights under the '579 patent to Berry's affiliate Alloc.

11.   On information and belief, all of the defendants are aware of the '267, '907, '410 and '579 patents

12.   The UNICLIC product , as manufactured and sold by Unilin and Pergo and as distributed by Unilin, BHK, and Pergo, is comprised of flooring panels intended to be laid side-by-side to make a flooring surface, and is advertised and intended to be installed without the use of glue. Unilin, BHK and Pergo provide with their respective UNICLIC products, and otherwise disseminate, themselves and through their distributors and retail dealers, instructions for the methods of installation of the UNICLIC product.

## COUNT ONE
### (Infringement of the '267 Patent)

13.   The defendants Unilin, BHK, and Pergo have infringed and are continuing to infringe the '267 patent, in violation of 35 U.S.C. Sec 271, by the manufacture, importation, offer for sale and sale of the UNICLIC product, because that product is designed, intended and

recommended by the defendants to be installed by methods which infringe the '267 patent.

14.    Further, the defendants Unilin, BHK, and Pergo by reason of their importation, offer for sale and sale in the United States of the UNICLIC product , have induced the infringement and are continuing to induce the infringement of the '267 patent, in violation of 35 U.S.C. Sec. 271(b)

15.    Further, the defendants Unilin, BHK. and Pergo by reason of their importation, offer for sale and sale in the United States of the product, are liable for contributory infringement and are continuing to engage in contributory infringement of the '267 patent, in violation of 35 U.S.C. Sec. 271(c)

16.    By reason of the defendants Unilin, BHK, and Pergo's infringement of the '267 patent in violation of 35 U.S.C. Sec. 271, the plaintiffs have suffered and are continuing to suffer damages, for which plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. Sec. 284.

17.    By reason of the defendants Unilin, BHK, and Pergo's ongoing and continuous infringement of the '267 patent in violation of 35 U.S.C. Sec. 271, the plaintiffs are entitled to entry of an injunction against Unilin, BHK, and Pergo, preventing further infringement of plaintiffs' patent rights, pursuant to 35 U.S.C. Sec. 289.

18.    Further, the defendants Unilin, BHK and Pergo's infringement of the '267 patent is willful, and the plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. Sec. 284.

19.    This case should be considered an exceptional case and the plaintiffs are entitled to an award of attorneys fees pursuant to 35 U.S.C. Sec. 285.

## COUNT TWO
### (Infringement of the '907 Patent)

20.    The plaintiffs hereby repeat and reallege paragraphs 1-12 above as if set forth fully herein

21.    The defendants Unilin, BHK, and Pergo have infringed and are continuing to infringe the '907 patent, in violation of 35 U.S.C. Sec. 271, by the manufacture, importation, offer for sale and sale of the UNICLIC product, because that product is designed, intended and recommended by the defendants to be installed by methods which infringe the '907 patent.

22.    Further, the defendants Unilin, BHK, and Pergo by reason of their importation, offer for sale and sale in the United States of the UNICLIC product , have induced the infringement and are continuing to induce the infringement of the '907 patent, in violation of 35 U.S.C Sec. 271(b).

23.    Further, the defendants Unilin, BHK, and Pergo by reason of their importation, offer for sale and sale in the United States of the UNICLIC product , are liable for contributory infringement and are continuing to engage in contributory infringement of the '907 patent, in violation of 35 U.S.C. Sec. 271(c).

24.    By reason of the defendants Unilin, BHK and Pergo's infringement of the '907 patent in violation of 35 U.S.C. Sec 271, the plaintiffs have suffered and are continuing to suffer damages, for which plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. Sec 284.

25.    By reason of the defendants Unilin, BHK, and Pergo's ongoing and continuous infringement of the '907 patent in violation of 35 U S C Sec 271, the plaintiffs are entitled to

entry of an injunction against Unilin, BHK, and Pergo preventing further infringement of plaintiffs' patent rights, pursuant to 35 U.S.C. Sec. 289.

26.    Further, the defendants Unilin, BHK, and Pergo's infringement of the '907 patent is willful, and the plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. Sec. 284.

27.    This case should be considered an exceptional case and the plaintiffs are entitled to an award of attorneys fees pursuant to 35 U.S.C. Sec. 285.

## COUNT THREE
### (Infringement of the '410 Patent)

28.    The plaintiffs hereby repeat and reallege paragraphs 1-12 above as if set forth fully herein.

29.    The defendants Unilin, BHK and Pergo have infringed and are continuing to infringe the '410 patent, in violation of 35 U.S.C. Sec. 271, by manufacture, importation, offer for sale and sale the UNICLIC product, which infringes the '410 patent.

31    By reason of Unilin's, BHK's and Pergo's infringement of the '410 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs have suffered and are continuing to suffer damages, for which Plaintiffs are entitled to compensation as allowed to the full extent of the law pursuant to 35 U.S.C. Sec. 284.

32.    By reason of Unilin's, BHK's and Pergo's ongoing and continuous infringement of the '410 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs are entitled to entry of an injunction against BHK and Pergo preventing further infringement of Plaintiffs' patent rights pursuant to 35 U.S.C. Sec. 289.

33.    This case should be considered an exceptional case, and the plaintiffs are entitled to an award of attorneys' fees pursuant to 35 U.S.C. Sec. 285.

## COUNT FOUR
### (Infringement of the '579 Patent)

34.    The plaintiffs hereby repeat and reallege paragraphs 1-12 above as if set forth fully herein

35.    The defendants BHK and Pergo have infringed and are continuing to infringe the '579 patent, in violation of 35 U.S.C. Sec. 271, by manufacture, importation, offer for sale and sale the UNICLIC product, which infringe the '579 patent.

36    By reason of BHK's and Pergo's infringement of the '579 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs have suffered and are continuing to suffer damages, for which Plaintiffs are entitled to compensation as allowed to the full extent of the law pursuant to 35 U.S.C. Sec. 284.

37.    By reason of BHK's and Pergo's ongoing and continuous infringement of the '579 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs are entitled to entry of an injunction against BHK and Pergo preventing further infringement of Plaintiffs' patent rights pursuant to 35 U.S.C. Sec. 289.

38.    This case should be considered an exceptional case, and the plaintiffs are entitled to an award of attorneys' fees pursuant to 35 U.S.C. Sec. 285.

### REQUEST FOR RELIEF

The plaintiffs hereby request entry of relief against the defendants as follows:

a)    Entry of judgment that the defendants, by reason of their importation, offer for sale and sale in the United States of the product, are liable for infringement of the '267 patent literally or under the doctrine of equivalents, including inducement of infringement pursuant to 35 U.S.C. Sec. 271(b) and contributory infringement pursuant to 35 U.S.C. Sec. 271(c).

b)    Entry of judgment that the defendants, by reason of their importation, offer for sale and sale in the United States of the UNICLIC product , are liable for infringement of the '907 patent literally or under the doctrine of equivalents. by reason of inducement of infringement pursuant to 35 U S C. Sec 271(b) and contributory infringement pursuant to 35 U.S.C. 271(c).

c)    Entry of judgment that the defendants, by reason of their importation, offer for sale and sale in the United States of the product, are liable for infringement of the '410 patent literally or under the doctrine of equivalents pursuant to 35 U S C. Sec. 271(a).

d)    Entry of judgment that BHK and Pergo, by reason of their importation, offer for sale and sale in the United States of the product, are liable for infringement of the '579 patent literally or under the doctrine of equivalents pursuant to 35 U.S C. Sec. 271(a).

e)    Awarding the plaintiffs compensatory damages to the full extent permitted by 35 U.S.C. Sec. 284, by reason of the defendants' infringement of the '267 patent, the '907 patent , the '410 patent, and BHK's and Pergo's infringement of the '579 patent.

f)    Entry of judgment that the defendants' infringement is willful, and an award of trebled damages pursuant to 35 U.S.C Sec. 284.

g)    A determination and ruling that this is an exceptional case pursuant to 35 U.S.C. Sec. 285, and an award of attorney's fees.

h)    Entry of a permanent injunction against defendants, barring and enjoining those parties from further manufacture, importation, sale or offer for sale in the United States of the UNICLIC product

**DEMAND FOR JURY**

Plaintiffs request that all issues triable by a jury be so tried in this case

BAKER & McKENZIE

Dated: February 20, 2004

By:  Daniel O'Roche

One of the Attorneys for Plaintiffs
Daniel J. O'Connor
David I. Roche
**BAKER & McKENZIE**
130 E. Randolph Drive
Chicago, IL  60601
(312) 861-8000

6142161

-12-

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Alloc, Inc., a Wisconsin corporation, Berry Finance N.V., a Belgian corporation, and Valinge Innovation AB (f.k.a. Valinge Aluminium AB), a Swedish corporation, | ) ) ) ) | Case No:    00-C-0999 Judge:      Randa |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | JURY DEMANDED |
| Unilin Decor N.V., a Belgian corporation, and BHK of America, Inc., a New York corporation, and Pergo, Inc., a Delaware corporation | ) ) ) ) | |
| Defendants. | ) | |

**THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

NOW COME the Plaintiffs, Alloc, Inc. (herein "Alloc"), a Wisconsin corporation, Berry

Finance N.V. (herein "Berry") a Belgian corporation, and Valinge Innovation AB (f.k.a.

Aluminium, AB) (herein "Valinge"), a Swedish corporation, (collectively "Plaintiffs" or "the

plaintiffs") by and through their attorneys Baker & McKenzie, and hereby complain as against

the defendants, Unilin Decor N.V. (herein "Unilin") a Belgian corporation, BHK of America,

Inc. (herein "BHK"), and Pergo, Inc. (herein "Pergo") (collectively "Defendants" or "the

defendants"), stating as follows:

**THE PARTIES**

1.    The Plaintiff Alloc is a Wisconsin corporation which is headquartered in Racine,

Wisconsin. Alloc sells and distributes laminate flooring products in the United States, including

in the State of Wisconsin, and including in this District. Alloc maintains sales and management

offices and a manufacturing facility in Racine, Wisconsin. Alloc is a wholly owned subsidiary of

Alloc AS, a subsidiary of the plaintiff Berry. Alloc sells in the United States, including in the

State of Wisconsin, laminate flooring products which are designed and manufactured to be

installed without the use of glue. The plaintiff Berry is a Belgian corporation, headquartered in

Oostrozebeke, Belgium. The plaintiff Valinge is a Swedish corporation, headquartered in Viken,

Sweden

        2.     The defendant Unilin is a Belgian corporation, engaged in the business of

design, manufacture, distribution and sale of laminate flooring products. Unilin's products

include a product sold under the names "UNICLIC" and "QUICK-STEP" (collectively referred

to herein as "UNICLIC"), which is a laminate wood flooring product that is designed and

manufactured to be installed without the use of glue. Unilin's products, including the UNICLIC

product, are imported into the United States, and are offered for sale and sold throughout the

United States, including in the State of Wisconsin and including in this District. Unilin places its

products, including the UNICLIC product, in the stream of commerce through a distribution

channel in the United States including in the State of Wisconsin which was established by Unilin

whereby Unilin's products, including UNICLIC, are offered for sale and sold in the State of

Wisconsin, including sales in this District at both the wholesale and retail level. Unilin's

products, including the UNICLIC product are known by Unilin to be destined for sale and

installation throughout the United States including in the State of Wisconsin. Unilin cooperates

with a U.S. nationwide distributor, BHK of America, Inc., for purposes of marketing, offering

for sale, and selling Unilin's products, including the UNICLIC product, throughout the United

States including in the State of Wisconsin. Further, Unilin's products, including the UNICLIC

product, are offered for sale at several retail dealerships in this District. At such several retail dealerships, Unilin's products, including the UNICLIC product, are offered for sale to Wisconsin consumers and homeowners for purchase and installation in homes and residences in this District. Further, Unilin has also entered into an agreement with the defendant Pergo for the distribution and sale of the UNICLIC product at home improvement mass merchandise stores throughout the United States, including in this District.

3(a).    The defendant BHK is a New York corporation headquartered in Central Valley, New York. BHK sells, offers for sale, and distributes a variety of products, throughout the United States, including in the State of Wisconsin and including in this District. BHK distributes, sells, offers for sale, and imports the products of Unilin, including UNICLIC, in the State of Wisconsin and in this District. The defendant BHK maintains a website (bhkuniclic.com) accessible on the internet devoted to the UNICLIC product, and providing information about availability of UNICLIC for sale at both the wholesale and retail level, description of the UNICLIC product, and installation instructions. BHK lists several "wholesale distributors" on its website as sources for the UNICLIC product, including in this District.

BHK includes on its UNICLIC website a "Finder" which generates a list of dealers within a certain location. Use of this finder shows that there are several dealers within 50 miles of Milwaukee, WI.

(b)    The defendant Pergo is a Delaware corporation headquartered in North Carolina. Pergo markets, sells, and distributes laminate flooring products in home improvement mass merchandise stores throughout the United States, including in the State of Wisconsin and including in this District. On information and belief, the defendant Pergo has entered into a

contract with the defendant Unilin to distribute and sell the UNICLIC product. On information and belief, the defendant Pergo has either commenced or is preparing to commence sales of the UNICLIC product at stores throughout the United States and including in this District.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, 1337, and 1338, because this is a matter arising under the United States patent statutes, for infringement of United States patents.

5.    This Court has personal jurisdiction over the defendants pursuant to Wis. Stat. Sec. 801.05.

6.    Venue is proper in this District pursuant to 28 U.S.C. Sec. 1400(b) and Sec. 1391(b), (c), because the defendants BHK and Pergo reside in this District pursuant to 28 U.S.C. Sec. 1391(c), and because the defendant Unilin may be sued in this District pursuant to 28 U.S.C. Sec. 1391(d)

## STATEMENT OF FACTS

7    The Plaintiff Alloc is the exclusive sublicensee, with the full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 5,860, 267 (herein "the '267 patent"), which issued on January 19, 1999. The '267 patent is assigned to Valinge, and rights there under are exclusively licensed to Berry. Berry has exclusively sublicensed rights under the '267 patent to Berry's affiliate Alloc.

8.    The Plaintiff Alloc is also the exclusive sublicensee, with full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 6,023,907 (herein "the '907

patent"). The '907 patent is assigned to Valinge, and rights there under are exclusively licensed to Berry. Berry has exclusively sublicenced rights under the '907 patent to Berry's affiliate Alloc.

9.      The Plaintiff Alloc is also the exclusive sublicensee, with full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 6,293,410 (herein "the '410 patent"). The '410 patent is assigned to Valinge, and rights there under are exclusively licensed to Berry. Berry has exclusively sublicenced rights under the '410 patent to Berry's affiliate Alloc.

10.      The Plaintiff Alloc is also the exclusive sublicensee, with full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 6,516,579 (herein "the '579 patent"). The '579 patent is assigned to Valinge, and rights thereunder are exclusively licensed to Berry. Berry has exclusively sublicensed rights under the '579 patent to Berry's affiliate Alloc

11.      The Plaintiff Alloc is also the exclusive sublicensee, with full rights to enforce and sue for damages by reason of infringement, of U.S. Pat. No. 5,706,621 (herein "the '621 patent"). The '621 patent is assigned to Valinge, and rights thereunder are exclusively licensed to Berry. Berry has exclusively sublicensed rights under the '621 patent to Berry's affiliate Alloc.

12.      On information and belief, all of the defendants are aware of the '267, '907, '410, '579, and '621 patents.

13.      The UNICLIC product, as manufactured and sold by Unilin and Pergo and as distributed by Unilin, BHK, and Pergo, is comprised of flooring panels intended to be laid side-

by-side to make a flooring surface, and is advertised and intended to be installed without the use

of glue. Unilin, BHK and Pergo provide with their respective UNICLIC products, and otherwise

disseminate, themselves and through their distributors and retail dealers, instructions for the

methods of installation of the UNICLIC product.

## COUNT ONE
### (Infringement of the '267 Patent)

14.    The plaintiffs hereby repeat and reallege paragraphs 1-12 above as if set forth

fully herein.

15.    The defendants Unilin, BHK, and Pergo have infringed and are continuing to

infringe the '267 patent, in violation of 35 U.S.C. Sec. 271, by the manufacture, importation,

offer for sale and sale of the UNICLIC product, because that product is designed, intended and

recommended by the defendants to be installed by methods which infringe the '267 patent.

16.    Further, the defendants Unilin, BHK, and Pergo by reason of their importation,

offer for sale and sale in the United States of the UNICLIC product, have induced the

infringement and are continuing to induce the infringement of the '267 patent, in violation of 35

U.S.C. Sec. 271(b).

17.    Further, the defendants Unilin, BHK, and Pergo by reason of their importation,

offer for sale and sale in the United States of the product, are liable for contributory infringement

and are continuing to engage in contributory infringement of the '267 patent, in violation of 35

U.S.C. Sec. 271(c).

18.    By reason of the defendants Unilin, BHK, and Pergo's infringement of the '267

patent in violation of 35 U.S.C. Sec. 271, the plaintiffs have suffered and are continuing to suffer

damages, for which plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. Sec. 284.

19.     By reason of the defendants Unilin, BHK, and Pergo's ongoing and continuous infringement of the '267 patent in violation of 35 U.S.C. Sec. 271, the plaintiffs are entitled to entry of an injunction against Unilin, BHK, and Pergo, preventing further infringement of plaintiffs' patent rights, pursuant to 35 U.S.C. Sec. 289.

20.     Further, the defendants Unilin, BHK and Pergo's infringement of the '267 patent is willful, and the plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. Sec. 284.

21.     This case should be considered an exceptional case and the plaintiffs are entitled to an award of attorneys fees pursuant to 35 U.S.C. Sec. 285.

**COUNT TWO**
**(Infringement of the '907 Patent)**

22.     The plaintiffs hereby repeat and reallege paragraphs 1-12 above as if set forth fully herein.

23.     The defendants Unilin, BHK, and Pergo have infringed and are continuing to infringe the '907 patent, in violation of 35 U.S.C. Sec. 271, by the manufacture, importation, offer for sale and sale of the UNICLIC product, because that product is designed, intended and recommended by the defendants to be installed by methods which infringe the '907 patent.

24.     Further, the defendants Unilin, BHK, and Pergo by reason of their importation, offer for sale and sale in the United States of the UNICLIC product, have induced the infringement and are continuing to induce the infringement of the '907 patent, in violation of 35 U.S.C. Sec. 271(b).

-7-

25.    Further, the defendants Unilin, BHK, and Pergo by reason of their importation, offer for sale and sale in the United States of the UNICLIC product , are liable for contributory infringement and are continuing to engage in contributory infringement of the '907 patent, in violation of 35 U.S.C. Sec. 271(c).

26.    By reason of the defendants Unilin, BHK and Pergo's infringement of the '907 patent in violation of 35 U.S.C. Sec. 271, the plaintiffs have suffered and are continuing to suffer damages, for which plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. Sec 284.

27.    By reason of the defendants Unilin, BHK, and Pergo's ongoing and continuous infringement of the '907 patent in violation of 35 U.S.C. Sec. 271, the plaintiffs are entitled to entry of an injunction against Unilin, BHK, and Pergo preventing further infringement of plaintiffs' patent rights, pursuant to 35 U.S.C. Sec. 289.

28.    Further, the defendants Unilin, BHK, and Pergo's infringement of the '907 patent is willful, and the plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. Sec 284.

29.    This case should be considered an exceptional case and the plaintiffs are entitled to an award of attorneys fees pursuant to 35 U.S.C. Sec. 285.

### COUNT THREE
### (Infringement of the '410 Patent)

30.    The plaintiffs hereby repeat and reallege paragraphs 1-12 above as if set forth fully herein.

31    The defendants Unilin, BHK and Pergo have infringed and are continuing to infringe the '410 patent, in violation of 35 U.S.C. Sec. 271, by manufacture, importation, offer for sale and sale the UNICLIC product, which infringes the '410 patent.

-8-

32.    By reason of Unilin's, BHK's and Pergo's infringement of the '410 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs have suffered and are continuing to suffer damages, for which Plaintiffs are entitled to compensation as allowed to the full extent of the law pursuant to 35 U.S.C. Sec. 284.

33.    By reason of Unilin's, BHK's and Pergo's ongoing and continuous infringement of the '410 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs are entitled to entry of an injunction against BHK and Pergo preventing further infringement of Plaintiffs' patent rights pursuant to 35 U.S.C. Sec. 289.

34.    Further, the defendants Unilin, BHK and Pergo's infringement of the '410 patent is willful, and the plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. Sec. 284.

35.    This case should be considered an exceptional case, and the plaintiffs are entitled to an award of attorneys' fees pursuant to 35 U.S.C. Sec. 285.

## COUNT FOUR
### (Infringement of the '579 Patent)

36.    The plaintiffs hereby repeat and reallege paragraphs 1-12 above as if set forth fully herein.

37.    The defendants BHK and Pergo have infringed and are continuing to infringe the '579 patent, in violation of 35 U.S.C. Sec. 271, by manufacture, importation, offer for sale and sale the UNICLIC product, which infringe the '579 patent.

38.    By reason of BHK's and Pergo's infringement of the '579 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs have suffered and are continuing to suffer damages, for which Plaintiffs are entitled to compensation as allowed to the full extent of the law pursuant to 35 U.S.C. Sec. 284.

39.    By reason of BHK's and Pergo's ongoing and continuous infringement of the '579 patent in violation of 35 U.S.C. Sec. 271, Plaintiffs are entitled to entry of an injunction against BHK and Pergo preventing further infringement of Plaintiffs' patent rights pursuant to 35 U.S.C. Sec. 289.

40.    Further, the defendants Unilin, BHK and Pergo's infringement of the '579 patent is willful, and the plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. Sec. 284.

41.    This case should be considered an exceptional case, and the plaintiffs are entitled to an award of attorneys' fees pursuant to 35 U.S.C. Sec. 285.

### COUNT FIVE
### (Infringement of the '621 Patent)

42.    The defendants BHK, and Pergo have infringed and are continuing to infringe the '621 patent, in violation of 35 U.S.C. Sec. 271, by the manufacture, importation, offer for sale and sale of the UNICLIC product, because that product is designed, intended and recommended by the defendants to be installed by methods which infringe the '621 patent.

43.    Further, the defendants BHK, and Pergo by reason of their importation, offer for sale and sale in the United States of the UNICLIC product, have induced the infringement and are continuing to induce the infringement of the '621 patent, in violation of 35 U.S.C. Sec. 271(b).

44.    Further, the defendants BHK, and Pergo by reason of their importation, offer for sale and sale in the United States of the product, are liable for contributory infringement and are continuing to engage in contributory infringement of the '621 patent, in violation of 35 U.S.C. Sec. 271(c).

-10-

45. By reason of the defendants BHK, and Pergo's infringement of the '621 patent in violation of 35 U.S.C. Sec. 271, the plaintiffs have suffered and are continuing to suffer damages, for which plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. Sec. 284.

46. By reason of the defendants BHK, and Pergo's ongoing and continuous infringement of the '621 patent in violation of 35 U.S.C. Sec. 271, the plaintiffs are entitled to entry of an injunction against BHK, and Pergo, preventing further infringement of plaintiffs' patent rights, pursuant to 35 U.S.C. Sec. 289.

47. Further, the defendants BHK and Pergo's infringement of the '621 patent is willful, and the plaintiffs are entitled to trebled damages pursuant to 35 U.S.C. Sec. 284.

48. This case should be considered an exceptional case and the plaintiffs are entitled to an award of attorneys fees pursuant to 35 U.S.C. Sec. 285.

**REQUEST FOR RELIEF**

The plaintiffs hereby request entry of relief against the defendants as follows:

a) Entry of judgment that the defendants, by reason of their importation, offer for sale and sale in the United States of the product, are liable for infringement of the '267 patent literally or under the doctrine of equivalents, including inducement of infringement pursuant to 35 U.S.C. Sec. 271(b) and contributory infringement pursuant to 35 U.S.C. Sec. 271(c).

b) Entry of judgment that the defendants, by reason of their importation, offer for sale and sale in the United States of the UNICLIC product , are liable for infringement of the '907 patent literally or under the doctrine of equivalents, by reason of   inducement of

-11-

infringement pursuant to 35 U.S.C. Sec. 271(b) and contributory infringement pursuant to 35 U.S.C. 271(c).

c)      Entry of judgment that the defendants, by reason of their importation, offer for sale and sale in the United States of the product, are liable for infringement of the '410 patent literally or under the doctrine of equivalents pursuant to 35 U.S.C. Sec. 271(a).

d)      Entry of judgment that BHK and Pergo, by reason of their importation, offer for sale and sale in the United States of the product, are liable for infringement of the '579 patent literally or under the doctrine of equivalents pursuant to 35 U S C Sec. 271(a)

e)      Entry of judgment that BHK and Pergo, by reason of their importation, offer for sale and sale in the United States of the product, are liable for infringement of the '621 patent literally or under the doctrine of equivalents pursuant to 35 U.S.C. Sec. 271(a).

f)      Awarding the plaintiffs compensatory damages to the full extent permitted by 35 U.S.C. Sec. 284, by reason of the defendants' infringement of the '267 patent, the '907 patent , the '410 patent, and BHK's and Pergo's infringement of the '579 patent and the '621 patent.

g)      Entry of judgment that the defendants' infringement is willful, and an award of trebled damages pursuant to 35 U.S.C Sec. 284.

h)      A determination and ruling that this is an exceptional case pursuant to 35 U S C Sec. 285, and an award of attorney's fees.

i)      Entry of a permanent injunction against defendants, barring and enjoining those parties from further manufacture, importation, sale or offer for sale in the United States of the UNICLIC product .

**DEMAND FOR JURY**

Plaintiffs request that all issues triable by a jury be so tried in this case.

BAKER & McKENZIE

Dated:  December 12, 2005

By:_____
One of the Attorneys for Plaintiffs
Daniel J. O'Connor
David I. Roche
**BAKER & McKENZIE**
130 E. Randolph Drive
Chicago, IL  60601
(312) 861-8000

-13-

# EXHIBIT 3

**F I L E D**

JAN 1 8 2006    NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ALLOC, INC., a Delaware corporation,
BERRY FINANCE N.V., a Belgian corporation, and
VÄLINGE INNOVATION AB, a Swedish corporation,

    Plaintiffs,

    v.

EMPIRE HOME SERVICES LLC, a Delaware
Corporation, dba EMPIRE TODAY

    Defendant.

**06C 0285**

Case No. 06-_____

JURY TRIAL DEMANDED

**JUDGE LINDBERG**

**MAGISTRATE JUDGE ASHM...**

### COMPLAINT FOR PATENT INFRINGEMENT

The Plaintiffs, Alloc, Inc. (herein "Alloc"), a Delaware corporation and Berry Finance

N.V. (herein "Berry Finance"), Välinge Innovation, AB (herein "Välinge") by and through their

attorneys, Baker & McKenzie hereby complain against the Defendants, EMPIRE HOME

SERVICES LLC, Inc ("Empire"), stating as follows:

### THE PARTIES AND BACKGROUND

1.    The Plaintiff Alloc is a Delaware corporation headquartered in Racine,
Wisconsin. Alloc sells and distributes laminate flooring products in the United States, including
in the State of Illinois, and including in this District. Alloc is a wholly owned subsidiary of
Alloc AS.

2.    The Plaintiff Berry is a Belgian corporation, headquartered in Waregem, Belgium.

3.    The Plaintiff Välinge is a Swedish corporation, headquartered in Viken, Sweden.

4.    Defendant Empire has a principal place of business at 333 Northwest Avenue,
Northlake, Illinois 60164.

5    The Plaintiff Alloc manufactures flooring products in Racine, Wisconsin and sells its flooring products in the United States, including laminate flooring products which are designed and manufactured to be mechanically connected, *i.e.* they are designed so that they can be connected and installed without the use of glue.

6.    Empire's laminate flooring is offered by Empire for sale and sold throughout the State of Illinois, and including in this District.

7.    U.S. Pat. No. 6,516,579 ("the '579 patent") is assigned to Välinge, and rights there under are exclusively licensed for all applications within the subject matter of this action to Berry.   Berry has exclusively sublicensed rights under the '579 patent to Alloc for all applications within the subject matter of this action, with the full right to the '579 patent and sue for damages by reason of infringement of the '579 patent.   (A copy of the '579 patent is attached hereto as Exhibit A).

8.    U.S. Pat. No. 5,706,621 ("the '621 patent") is assigned to Välinge, and rights there under are exclusively licensed for all applications within the subject matter of this action to Berry.   Berry has exclusively sublicensed rights under the '621 patent to Alloc for all applications within the subject matter of this action, with the full right to the '621 patent and sue for damages by reason of infringement of the '579 patent.   (A copy of the '621 patent is attached hereto as Exhibit B).

### JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1338 because this matter arises under the United States patent statutes for infringement of United States patents.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and (b) and

-2-

§1391(b) and (c) because the Defendant Empire is subject to personal jurisdiction in this district and therefore resides in this District pursuant to 28 U.S.C. § 1391(c), based on the fact that its products are sold here.

### COUNT I
### (Infringement of U.S. Patent 6,516,579)

11.     By distributing, marketing, offering for sale and selling its laminate flooring the Defendant Empire infringes at least claims 10, 13, 14, 15, 22, 23, 25, 26 and 27 of the '579 patent in violation of 35 U.S.C. Sec. 271(a).

12.     The Plaintiffs have suffered and are continuing to suffer damages as a result of Empire's infringement of the '579 patent in violation of 35 U.S.C. § 271, and Plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284.

13.     By reason of the ongoing and continuous infringement by Empire of the '579 patent in violation of 35 U.S.C. § 271, the Plaintiffs are entitled to an entry of an injunction against Empire, preventing further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 289.

### COUNT II
### (Infringement of U.S. Patent 5,706,621)

14.     By distributing, marketing, offering for sale and selling laminate flooring the Defendant Empire infringes at least claim 21 of the '621 patent in violation of 35 U.S.C. Sec. 271(a).

15.     The Plaintiffs have suffered and are continuing to suffer damages as a result of Empire's infringement of the '621 patent in violation of 35 U.S.C. § 271, and Plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284.

16.     By reason of the ongoing and continuous infringement by Empire of the '621

patent in violation of 35 U.S.C. § 271, the Plaintiffs are entitled to an entry of an injunction against Empire, preventing further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 289.

## REQUEST FOR RELIEF

The Plaintiffs hereby request an entry of relief against the Defendants as follows:

(a)    Entry of judgment that the Defendant Empire, by reason of the distribution, offer for sale, and sale of its laminate flooring in the United States, infringes the '579 patent in violation of 35 U.S.C. § 271.

(b)    Awarding the Plaintiffs compensatory damages to the full extent permitted by 35 U.S.C. § 284, by reason of the infringement of the '579 patent by Empire.

(c)    Entry of judgment that the Defendant Empire, by reason of the distribution, offer for sale, and sale of its laminate flooring in the United States, infringes the '621 patent in violation of 35 U.S.C. § 271.

(d)    Awarding the Plaintiffs compensatory damages to the full extent permitted by 35 U.S.C. § 284, by reason of the infringement of the '621 patent by Empire.

(e)    Entry of a permanent injunction against Defendant Empire, barring and enjoining further distribution, offer for sale or sale in the United States of the infringing product.

-4-

## DEMAND FOR JURY

Plaintiffs request that all issues triable by a jury be so tried in this case.

Dated: January 18, 2006

**BAKER & McKENZIE LLP**

David L. Roche
Daniel J. O'Connor
Attorneys for Plaintiffs

**BAKER & McKENZIE LLP**
130 E. Randolph Drive
Chicago, IL 60601
ph:    (312) 861-8608
fax:    (312) 698-2363

-5-

# EXHIBIT 4

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **WISCONSIN EASTERN** | | | 2005 | 2004 | 2003 | 2002 | 2001 | 2000 | | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,744 | 1,906 | 1,639 | 1,658 | 1,590 | 1,942 | | |
| | Terminations | | 1,740 | 1,738 | 1,548 | 1,634 | 1,634 | 1,906 | | |
| | Pending | | 1,637 | 1,621 | 1,446 | 1,293 | 1,270 | 1,324 | | |
| | % Change in Total Filings | Over Last Year | | -8.5 | | | | | 74 | 6 |
| | | Over Earlier Years | | | 6.4 | 5.2 | 9.7 | -10.2 | 75 | 7 |
| | Number of Judgeships | | 5 | 5 | 5 | 5 | 5 | 4 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 7.5 | 9.5 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 349 | 381 | 328 | 332 | 318 | 486 | 71 | 7 |
| | | Civil | 279 | 310 | 265 | 269 | 275 | 437 | 67 | 7 |
| | | Criminal Felony | 54 | 56 | 46 | 48 | 43 | 49 | 66 | 5 |
| | | Supervised Release Hearings** | 16 | 15 | 17 | 15 | - | - | 57 | 3 |
| | Pending Cases | | 327 | 324 | 289 | 259 | 254 | 331 | 71 | 5 |
| | Weighted Filings** | | 397 | 437 | 363 | 387 | 378 | 495 | 66 | 5 |
| | Terminations | | 348 | 348 | 310 | 327 | 327 | 477 | 72 | 7 |
| | Trials Completed | | 11 | 7 | 9 | 8 | 10 | 13 | 81 | 7 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 9.5 | 8.1 | 7.8 | 7.1 | 7.3 | 6.4 | 59 | 4 |
| | | Civil** | 9.1 | 7.8 | 8.4 | 8.3 | 7.3 | 7.9 | 34 | 4 |
| | From Filing to Trial** (Civil Only) | | 20.3 | 22.0 | 18.0 | 15.0 | 20.5 | 17.0 | 29 | 2 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 131 | 48 | 14 | 20 | 22 | 27 | | |
| | | Percentage | 9.6 | 3.5 | 1.1 | 1.8 | 1.9 | 2.3 | 79 | 7 |
| | Average Number of Felony Defendants Filed Per Case | | 1.6 | 1.5 | 1.4 | 1.7 | 1.6 | 1.7 | | |
| | Jurors | Avg. Present for Jury Selection | 38 52 | 41 23 | 38 56 | 41 93 | 41 44 | 55 95 | | |
| | | Percent Not Selected or Challenged | 28.9 | 27 5 | 28 8 | 28 2 | 19 7 | 36.1 | | |

| 2005 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1394 | 61 | 46 | 373 | 52 | 4 | 130 | 128 | 47 | 76 | 299 | 3 | 175 |
| Criminal* | 268 | 5 | 65 | 16 | 76 | 44 | 7 | 13 | 1 | 9 | 5 | 18 | 9 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not
** See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **DELAWARE** | | | 2005 | 2004 | 2003 | 2002 | 2001 | 2000 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,190 | 1,797 | 1,362 | 2,028 | 1,004 | 1,303 | | |
| | Terminations | | 1,448 | 1,516 | 1,507 | 1,478 | 1,020 | 955 | | |
| | Pending | | 1,853 | 2,085 | 1,836 | 1,999 | 1,477 | 1,502 | | |
| | % Change in Total Filings | Over Last Year | | -33.8 | | | | | 91 | 6 |
| | | Over Earlier Years | | | -12.6 | -41.3 | 18.5 | -8.7 | 70 | 5 |
| | Number of Judgeships | | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | | .0 | .0 | 1.9 | 3.1 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 298 | 449 | 340 | 507 | 251 | 326 | 81 | 5 |
| | | Civil | 264 | 414 | 306 | 462 | 233 | 307 | 70 | 5 |
| | | Criminal Felony | 28 | 29 | 25 | 38 | 18 | 19 | 91 | 6 |
| | | Supervised Release Hearings** | 6 | 6 | 9 | 7 | - | - | 88 | 4 |
| | Pending Cases | | 463 | 521 | 459 | 500 | 369 | 376 | 26 | 3 |
| | Weighted Filings** | | 422 | 534 | 424 | 516 | 379 | 389 | 59 | 4 |
| | Terminations | | 362 | 379 | 377 | 370 | 255 | 239 | 71 | 4 |
| | Trials Completed | | 20 | 19 | 23 | 18 | 16 | 19 | 44 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 9.4 | 9.1 | 8.3 | 9.8 | 8.0 | 6.6 | 58 | 1 |
| | | Civil** | 10.9 | 14.0 | 11.2 | 8.2 | 12.6 | 10.9 | 68 | 5 |
| | From Filing to Trial** (Civil Only) | | 23.5 | 26.0 | 24.0 | 22.5 | 21.0 | 24.0 | 47 | 2 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 156 | 65 | 66 | 99 | 77 | 70 | | |
| | | Percentage | 9.1 | 3.4 | 3.9 | 5.4 | 5.5 | 4.9 | 77 | 5 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.2 | 1.3 | 1.1 | 1.3 | 1.2 | | |
| | Jurors | Avg. Present for Jury Selection | 39 82 | 38 50 | 34 98 | 33 84 | 32 68 | 35 75 | | |
| | | Percent Not Selected or Challenged | 22 8 | 20 9 | 24 0 | 24 4 | 19 9 | 28 5 | | |

| 2005 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1055 | 28 | 5 | 252 | 7 | 3 | 36 | 92 | 50 | 149 | 149 | 63 | 221 |
| Criminal* | 110 | 1 | 27 | 16 | 23 | 20 | 6 | ** | 5 | 4 | - | 6 | 2 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not
** See "Explanation of Selected Terms."