IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLOC, INC., a Delaware corporation, BERRY FINANCE N.V., a Belgian corporation, and VÄLINGE ALUMINUM AB, a Swedish corporation, | |
| Plaintiffs, | |
| v. | C.A. No. 03-253-GMS |
| UNILIN DÉCOR, N.V., a Belgian company, and QUICK-STEP FLOORING, INC., a Delaware corporation, | |
| Defendants. | |
| ALLOC, INC., BERRY FINANCE N.V., and VÄLINGE INNOVATION AB (f/k/a VÄLINGE ALUMINUM AB), | |
| Plaintiffs, | |
| v. | C.A. No. 05-857-GMS |
| QUICK-STEP FLOORING INC., | |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN, PURSUANT TO 28 U.S.C. § 1404(A)**

NOW COME Plaintiffs, ALLOC, INC., BERRY FINANCE N.V. and VALINGE INNOVATION AB ("collectively herein "Alloc"), by and through their attorneys in this regard, and for their Opposition to Defendants' Motion To Transfer Venue to the Eastern District of Wisconsin, state as follows:

**I.     INTRODUCTION**

Defendants' request to transfer this case is not only legally infirm, it is inequitable. This

motion represents the latest in defendants' relentless efforts to delay this litigation which has now been pending, but inactive, for more than three years, having been stayed at the defendants' request four months after it was filed in 2003. The inequity of defendants' request to transfer, coming now after it successfully froze plaintiffs' ability to prosecute their rights and protect their patents for years, is illustrated further by defendants' vigorous and unsuccessful opposition to plaintiffs' recent efforts to have the stay lifted. Defendants were content to have this litigation pending before this Court, so long as nothing could happen. But now that the reality of litigating this case on the merits before this Court is inevitable, they are seeking to flee to the Eastern District of Wisconsin. Defendants' motion should be denied for this reason alone.

Motions to transfer under 1404(a) must be filed with "reasonable promptness." *Randolph v. Oxmoor House*, 2002 U.S. Dist. LEXIS 26286, *30 (W.D. Tex., Dec. 26, 2002), citing *Peteet v. Dow Chem.,* 868 F. 2d 128, 1436 (5th Cir. 1989); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000); *Littleton Nat. Bank v. Coleman American; Crane v. Metro-North C. Railroad,* 1989 U.S. Dist. LEXIS 7094 S.D.N.Y 1989); 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 2d. § 3844 (1986). This case is the opposite of "reasonable promptness". In this case, the 1404(a) motion is filed three years after the case was filed, and after the defendant had run out of means to stall the case further in the forum where it was filed.

The law does defendants no better. The "substantive" arguments defendants submit in support of transfer are, in the majority, either exaggerated to reach the desired result or unsupported by a factual record. Movant makes no showing that this case could have originally been filed in the transferee forum, which is a requirement for transfer. This alone calls for denial of the motion. Further, this case is *not* one between identical parties concerning identical patents

as defendants suggest. Rather, it is a set of two independent actions brought by Alloc against two defendants for infringing patents that are not currently the subject of the Wisconsin-based litigation. Nor is this a case in which parties, witnesses or documents cannot or will not be presented in Delaware – a fact that defendants readily admit. Contrary to defendants' insistence, the true facts reveal that there is nothing more convenient about litigating this case in the Eastern District of Wisconsin, and defendants have utterly failed their burden to prove that it clearly is. Defendants twice make the reckless allegation that plaintiffs are forum shopping, but they slyly ignore the fact that plaintiffs properly filed this action in both the state of incorporation of both plaintiff Alloc and defendant Quick-Step – two legitimate reasons for choosing this venue. Alloc is entitled to pursue its remedies against defendants in the venue of its choice. For these reasons, and those set forth fully below, defendants' motion to transfer should be denied.

## II.    FACTS

Defendants' motion overlooks certain important facts and circumstances. Defendant Quick-Step, which is now named Unilin NC, LLC, is headquartered in North Carolina but was a Delaware corporation when this suit was filed in March 2003. Like plaintiff Berry Finance N.V., Unilin N.V. is a Belgian company that makes product in Belgium and exports it for re-sale in the United States. Neither Unilin NC, LLC nor Quick-Step are parties in any of the other Wisconsin-based cases discussed in defendants' motion. The motion makes no showing that Quick-Step, which was a newly formed entity, was subject to being sued in the Eastern District of Wisconsin when this case was filed.

There are three cases pending against Unilin N.V. for infringement of patents held by the plaintiffs in this case – the one in Milwaukee, Wisconsin and these two. The earlier of the two suits at issue here was filed on March 5, 2003, but was stayed on July 11, 2003, pursuant to a

motion filed by defendants. It involves the '579 patent. Plaintiffs recently moved to lift the stay, and Unilin aggressively, but unsuccessfully, opposed that motion. The case pending in Wisconsin originated as a declaratory judgment case filed by Unilin in 2001. That case was also stayed, pursuant to a motion filed by Unilin, and Unilin fought all efforts to lift the stay in that case. After the stay in that case was finally lifted, Alloc moved to add the '621 patent, which is pleaded in the later-filed action here, and Unilin opposed that motion. Moreover, although the '579 patent is asserted against defendant BHK in the Wisconsin case, it is *not* asserted against Unilin. Significantly, Quick-Step is a defendant in both cases at bar, but is not a party in Wisconsin.

Accordingly, there is no active case pending in any court against these two defendants for infringement of the two patents asserted in this case. Put another way, this is the only case pending against these defendants in any court for infringement of the '621 and '579 patents.

### III.  ARGUMENT

As stated, this motion should be denied first and foremost, because it was not brought with "reasonable promptness." (see authorities, supra, p. 2)  This motion was filed with the opposite of "reasonable promptness". It was filed after more than three years of delay, which was the result of defendants' own actions – defendants' motion to stay the case, and their more recent opposition to the motion to lift the stay.

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to another district "where it might have been brought", for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29

(1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 208 (D. Del. 1998).

The heavy burden of establishing the need to transfer rests with the defendant "to establish that the balance of convenience of the parties and witnesses *strongly* favors the defendants." *Bergman v. Brainin,* 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970) (emphasis added). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp v. KLA-Tencor Corp.,* 138 F.Supp.2d 565, 567 (D. Del. 2001); *Shutte,* 431 F.2d at 25.

This Court has repeatedly recognized that the deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, 2001 WL 1617186 (D. Del., Nov. 28, 2001); *Cont'l Cas. Co. v. Am Home Assurance Co.*, 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum *is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer*." *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993) (Emphasis added).

The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.2d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," the Court has identified potential factors it characterizes as either private or public interests. The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's

preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records. *Id.*

The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two for a resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

For the reasons set forth below, defendants have not identified any interests, public or private, that necessitate transfer. Their motion should be denied.

**A.    Private Interests Do Not Support Transfer to Wisconsin**

**1.    Plaintiffs Chose This Forum For A Legitimate Reason And Defendants Have Failed To Demonstrate That Venue Would Have Been Proper In The Eastern District Of Wisconsin**

Plaintiffs' choice of Delaware should be given great deference so long as it was chosen for a legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F.Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, 2001 WL 1617186 (D. Del. 2001). In the present case, the fact that Quick-Step was, at the time of filing, incorporated in Delaware is a rational and legitimate reason for Alloc choosing to sue it in Delaware. *See Joint Stock Soc'y v. Heublein, Inc.,* 936 F. supp. 177, 187 (D. Del. 1996) (it is not appropriate to disregard a plaintiff's choice of forum where it has a rational and legitimate reason for choosing the forum). *See also Stratos Lightwave, Inc. v. E20 Communications, Inc.,* No. Civ. A. 01-309-JJF, 2002 WL 500920, at *2 (D. Del. Mar. 26, 2002) (having received the benefits of Delaware

incorporation, defendant cannot now complain that another corporation has chosen to sue it there). In fact, plaintiffs chose to litigate this case in Delaware for at least two additional legitimate reasons – (1) Alloc is incorporated in Delaware and enjoys the protection of its laws; and (2) the defendants do business in and around the State of Delaware with Quick-Step being headquartered in North Carolina. With both a plaintiff and defendant incorporated in Delaware, two other plaintiffs and defendant Unilin N.V. located in Europe, and defendant Quick-Step (now Unilin NC) located in near-by North Carolina, it made good sense to pick this centrally located venue. Given these circumstances, Third Circuit precedent mandates this Court give deference to plaintiffs' choice of forum.

Additionally, make <u>no showing</u> that this case could have been originally brought in the Eastern District of Wisconsin, as the statute by its terms requires.[1] Defendants assert, in a footnote, that the very first element required to satisfy the heavy burden of justifying transfer – that this case could have been brought in Wisconsin - is not disputed by Alloc. Contrary to defendants' conclusory representation, this point is disputed by Alloc. It has not been agreed, nor established through evidence, that these suits, in particular Case No. 03-253-GMS, could have been brought in the Eastern District of Wisconsin. Defendants' only representation on this point is the statement in the declaration of attorney Kamin dated May 1, 2006, which states at paragraph 4, that Defendants "sell [their products] throughout the United States, including to resellers and distributors in the Eastern District of Wisconsin." That defendants sell product today in Wisconsin does not satisfy 1404(a). The motion makes no showing whatsoever, or even puts forth an assertion, that Quick-Step Flooring, Inc., the Delaware corporation, was subject to

---

[1] "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division <u>where it might have been brought</u>." 28 U.S.C. §1404(a). (emphasis supplied)

suit in the Eastern District of Wisconsin when this case was filed, on March 5, 2003. Such a showing is a prerequisite to transfer under 1404(a). *Moran v. Quest Communs.*, 2006 U.S. Dist. LEXIS 24919, *2-3 (D. Ariz., April 27, 2006) ("Pursuant to the transfer statute, a party seeking transfer must meet two requirements**.** First, that the suit might have been brought in the proposed transferee district. *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L. Ed. 2d 1254 (1960) Because movants have failed to satisfy this statutory requirement, their motion should be denied on that basis alone.

Defendants have failed to establish the most basic of their requirements to justify transfer with any degree of certainty, much less the certainty necessary to meet its burden of proving that the balance of the convenience of the parties and witnesses strongly favors transfer. The Court need not look any further in light of this deficiency. Defendants' motion should be denied.

    **2.    Defendants Have Failed To Establish That Transfer Will Serve The Convenience Of The Parties Or Witnesses**

Defendants claim the convenience of the parties will be served by litigating this case in Wisconsin instead of Delaware, but simultaneously concede that Wisconsin is "**a less convenient forum for the Unilin parties**." (Def. Motion at p. 15) This is a fundamental flaw in the motion: **If Wisconsin is less convenient than Delaware for the Defendants/movants, which is conceded by Defendants, and if Delaware is the Plaintiffs' choice of forum, which it is, then why in the world should this court transfer this case to Wisconsin under 1404(a)?** The statute is intended to deal with situations where a defendant is sued in a forum that is not convenient, and another forum would be more convenient. The statute starts off with the words "[f]or the convenience of the parties and witnesses. . . ." If the defendant admits, as these defendants have, that the transferee forum is <u>less</u> convenient than the forum where the case was filed, then why should the motion not be denied outright.

-8-

Defendants, acknowledging as they must that Delaware is more convenient for them than Wisconsin, nonetheless insist the Court should transfer the case in the interests of justice without providing any factual support that the defendants' relative financial condition or the availability of any witnesses demands such a result. Because Delaware is, by Defendants' own admission, a <u>mor</u>e convenient forum for them to litigate this case than Wisconsin, Defendants fail in their burden to persuade this Court that transfer is needed.

As the parties seeking transfer, defendants must prove that Wisconsin would be a more convenient forum than Delaware for the parties to litigate. There is nothing in the record to suggest that any potential fact witnesses are unwilling or unable to testify in this Court. Moreover, Defendants have not identified any significant third-party witnesses to be called in the case, and provide specific information regarding where such witnesses are located and why they are important. In any event, defendants concede that the "Eastern District of Wisconsin and the District of Delaware are, for practical purposes, equidistant from Belgium and Sweden", and, therefore, just as easy to reach for the foreign parties and other witnesses involved in this lawsuit. (Def. Brf. at p. 14) Defendants have likewise failed to prove that the production of documents or other practical matters weigh in favor of transfer. In fact, defendants have made the *opposite* argument by conceding that defendants can "just as easily produce whatever they have in Wisconsin as they can in Delaware." (Def. Brf. at p. 14) It is apparent that no witness or document-related expense will be saved by moving this case to Wisconsin. Defendants failed to meet their burden of showing this Court how the convenience of the parties or any third-party witnesses will *strongly* benefit from the requested transfer. This shortcoming is fatal to their motion.

### B. Public Interest Factors Do Not Favor Transfer To Wisconsin

### 1. This Is Not A Duplicative Action And Transfer Is Not In The Interest Of Justice

Defendants' primary argument for transferring this case is that it is duplicative of the action pending in Wisconsin. That assertion is deceptively incorrect. Defendants have cleverly glossed over the crucial fact that this is the only lawsuit in which both Unilin N.V. and Quick-Step have been sued for infringing the '621 and '579 patents. As stated above, Quick-Step is not a party in Wisconsin. Accordingly, this action is not duplicative of the Wisconsin suit.

Though voluminous, defendants' cited precedent is distinguishable from the case at bar. This Court's recent decision in *Truth Hardware Corporation v. Ashland Products, Inc.,* 2003 U.S. Dist. LEXIS 409 3 (D. Del. 2003), is more instructive than the cases relied upon by defendants. In *Truth Hardware*, this Court held that both plaintiff and defendant were Delaware corporations and should have reasonably expected to litigate in this forum. Additionally, the court recognized there, like here, that the patent dispute and technology at issue was not "local" in nature or otherwise unique to the Eastern District of Wisconsin. *Id.* at *4. Moreover, *Truth Hardware* suggest that, while it is true that the Wisconsin case concerns related patents, that fact is not as significant as defendants suggest. Of critical importance here, as it was in *Truth Hardware*, is the fact that the Wisconsin action is several years old, fact discovery is set to close on July 14, 2006, it has already seen one dispositive motion, and is now set for a Markman hearing on September 21, 2006. Thus, the advanced procedural posture of the Wisconsin action militates against a transfer. *Id.* *4.[2]

---

[2] Defendants also ignore the fact that collateral issues specific to any one of the unrelated parties involved in both cases may create inefficiencies that would not arise if the proceedings remained separate. *Sony Elecs., Inc*, 2006 U.S. Dist. LEXIS 9834 at *7 (denying request to transfer because "the possibility that collateral issues specific to any one of the many unrelated parties

-10-

### 2. The Remaining Public Interest Factors Do Not Favor Transfer

Defendants' last attempt to convince this Court that it should relinquish its jurisdiction is to claim that the remaining public policy factors courts sometimes consider favor transfer to Wisconsin. These factors are often argued, but rarely do they have any effect on a court's decision. This case is no exception.

First, although data shows that the median disposition time of civil cases in the Eastern District of Wisconsin is slightly shorter than in the District of Delaware, this Court has recognized that fact simply is not a major factor of importance. *France Telecom S.A.*, 2002 U.S. Dist. LEXIS 19966 at *4 ("any disparity in the court congestion is not so great as to justify a transfer of venue"). Second, as defendants tacitly admit, the court's familiarity with the applicable law is not relevant in this case because both this District and the Eastern District of Wisconsin are equally well-equipped to accommodate patent infringement cases. *Truth Hardware Corp*, 2003 U.S. Dist. LEXIS 409 at *4 ("while the court does not doubt that the [transferee] court may be more familiar with the [case] at this juncture, the present court is amply qualified to likewise familiarize itself"). In any event, defendants do not seriously contend that this Court is not capable of presiding over a patent suit.

Finally, defendants argue that the local interest favors Wisconsin because Alloc has its headquarters in that state. Defendants' arguments here are unpersuasive and do not mandate transfer. This Court has observed on numerous occasions that the fact that Alloc has its headquarters in Milwaukee does not weigh in favor of transfer where the patents at issue deal with technology used in international commerce that is not "local" in nature. *Sony Elecs., Inc. v.*

---

involved in both cases may create inefficiencies that would not arise if the proceedings remained separate"), citing *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 739 (1st Cir. 1977).

*Orion IP, LLC*, 2006 U.S. Dist. LEXIS 9834 * 7 (D. Del. March 14, 2006); *France Telecom S.A. v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 19966 (D. Del. 2002)(denying request to transfer because the patent dispute and technology at issue was not "local" in nature or otherwise unique to the transferee jurisdiction). Therefore, the remaining public interest factors do not weigh significantly in favor of transferring this case to the Eastern District of Wisconsin.[3] In fact, they weigh against it.

### IV.     CONCLUSION

WHEREFORE, plaintiffs ALLOC, INC., BERRY FINANCE N.V. and VALINGE INNOVATION AB respectfully request this Court deny Defendants' Motion To Transfer Venue to the Eastern District of Wisconsin.

Dated: May 15, 2006                                Respectfully submitted,


*s/ James M. Lennon*
Francis DiGiovanni (DE Bar No. 3189)
James M. Lennon  (DE Bar No. 4570)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street, 8th Floor
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
jlennon@cblh.com
fdigiovanni@cblh.com

*Attorneys for Plaintiffs*

---

[3] The public interest factors concerning enforcement of judgment, familiarity with state law, and public policy of the forum are not at the forefront of defendants' motion, and have no real bearing on the issues present here.

CHIDMS1/2432589.1

Firm ID #28
David I. Roche
Daniel J. O'Connor
David I. Roche
Daniel J. O'Connor
BAKER & MCKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601
+1 312 861 8000

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, James M. Lennon, hereby certify that on May 15, 2006, I electronically filed the **PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN, PURSUANT TO 28 U.S.C. § 1404(A)** with the Clerk of Court using CM/ECF which will send notification and we will hand deliver such filing to the following:

Richard L. Horwitz, Esquire
David Ellis Moore
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

I further hereby certify that on the above date, I have served the foregoing document via e-mail upon the following:

jdimatteo@willkie.com
John M. DiMatteo, Esquire
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019

/s/ James M. Lennon
James M. Lennon (#4570)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, Delaware 19801
(302) 658-9141
jlennon@cblh.com

*Attorneys for Plaintiff and Counterclaim Defendant Alloc, Inc., Berry Finance, N.V. and Välinge Innovation AB (f/k/a Aluminum ABA)*

-14-

CHIDMS1/2432589.1