**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ALLOC, INC., a Delaware corporation, BERRY FINANCE N.V., a Belgian corporation, and VÄLINGE ALUMINUM AB, a Swedish corporation,

Plaintiffs,

- against -

UNILIN DÉCOR, N.V., a Belgian company, and QUICK-STEP FLOORING, INC., a Delaware corporation,

Defendants.

C.A. No. 03-253-GMS

---

ALLOC, INC., BERRY FINANCE N.V. and VÄLINGE INNOVATION AG (f/k/a VÄLINGE ALUMINUM AB),

Plaintiffs,

- against -

QUICK-STEP FLOORING, INC.,

Defendant.

C.A. No. 05-857-GMS

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN, PURSUANT TO 28 U.S.C. § 1404(a)**

OF COUNSEL:

Lawrence O. Kamin
Samuel M. Leaf
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Unilin Dëcor, N.V. and Quick Step Flooring*

Dated: May 23, 2006

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ii

I. INTRODUCTION ........................................................................................1

II. ARGUMENT........................................................................................3

A. This Case Could Have Been Brought In the Eastern District Of Wisconsin. ........................................................................................3

B. Defendants' Motion To Transfer Venue Is Timely. ...................................3

C. Plaintiffs Offer No Reason For The Court To Depart From The Rule Favoring Transfer Of Related Actions. ..............................................6

D. The Public Interest Favors Transfer. .......................................................10

E. The Private Interest Factors Also Favor Transfer.....................................12

III. CONCLUSION........................................................................................14

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*3COM Corp. v. D-Link Sys., Inc.*,
C. A. No. 03-14-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003)........................13

*A.P.T., Inc. v. Quad Envtl. Techs. Corp.*,
698 F. Supp. 718 (N.D. Ill. 1988)....................................................................7

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
295 F. Supp. 2d 393 (D. Del. 2002)..................................................................7

*American Standard, Inc. v. Bendix Corp.*,
487 F. Supp. 254 (W.D. Mo. 1980) ..............................................................4, 5

*Apex Elec. Mfg. Co. v. Sears, Roebuck & Co.*,
87 F. Supp. 533 (D. Ohio 1949) .......................................................................7

*Black & Decker Corp. v. Amirra, Inc.*,
909 F. Supp. 633 (W.D. Ark. 1995) ..................................................................8

*Brunswick Corp. v. Precor Inc.*,
C. A. No. 00-691-G, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ....................*passim*

*Carus Corp. v. Greater Tex. Finishing Corp.*,
C. A. No. 91-C-2560, 1992 WL 22691 (N.D. Ill. Jan. 31, 1992) ..............................7

*Chrysler Capital Corp. v. Woehling*,
663 F. Supp. 478 (D. Del. 1987)....................................................................11

*Clear Lam Packaging, Inc. v. Rock-Tenn Co.*,
C. A. No. 02-C-7491, 2003 WL 22012203 (N.D. Ill. Aug. 22, 2003) .......................7

*Crane v. Metro-North Commuter R.R.*,
No. 87 Civ. 2876 (MJL), 1989 WL 74954 (S.D.N.Y. June 26, 1989) .......................4

*Dentsply, Int'l, Inc., v. Centrix, Inc.*,
553 F. Supp. 289 (D. Del. 1982)......................................................................6

*Dill v. Scuka*,
198 F. Supp. 808 (E.D. Pa. 1961) ....................................................................5

*E.I. DuPont de Nemours & Co. v. Diamond Shamrock*,
522 F. Supp. 588 (D. Del. 1981)....................................................................13

*Farmer Bros. Co. v. Coca-Cola Co.*,
366 F. Supp. 725 (S.D. Tex. 1973) ..................................................................5

*Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
621 F. Supp. 780 (N.D. Ill. 1985) ..................................................................5

*I-T-E Circuit Breaker Co. v. Regan*,
348 F.2d 403 (8th Cir. 1965) ..................................................................8

*Impra, Inc. v. Quinton Instruments Co.*,
No. Civ-90-0383 PHX WPC, 1990 WL 284713 (D. Ariz. June 26, 1990) ................7

*Kolko v. Holiday Inns, Inc.*,
672 F. Supp. 713 (S.D.N.Y. 1987) ..................................................................5

*Martin-Trigona v. Meister*,
668 F. Supp. 1 (D.D.C. 1987) ..................................................................4

*Mentor Graphics Corp. v. Quickturn Design Systems, Inc.*,
77 F. Supp. 2d 505 (D. Del. 1999) ..................................................................7

*Mohamed v. Mazda Motor Corp.*,
90 F. Supp. 2d 757 (E.D. Tex. 2000) ..................................................................4

*Northern Ind. Public Serv. Co. v. Envirotech Corp.*,
566 F. Supp. 362 (N.D. Ind. 1983) ..................................................................4

*Nilssen v. Everbrite, Inc.*,
C. A. No. 00-189-JJF, 2001 WL 34368396 (D. Del. Feb. 16, 2001) .........................8

*Nilssen v. Osram Sylvania, Inc.*,
C. A. No. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001) .....................8, 10

*Omnicom Group, Inc. v. Employers Reinsurance Corp.*,
C. A. No. 01-839-GMS, 2002 WL 109346 (D. Del. Jan. 28, 2002) .........................12

*Pharma-Craft Corp. v. F.W. Woolworth Co.*,
144 F. Supp. 298 (M.D. Ga. 1956) ..................................................................7

*Sanyo Elec. Trading Co. v. Masco Corp.*,
429 F. Supp. 1023 (D. Del. 1977) ..................................................................7

*Smithkline Corp. v. Sterling Drug, Inc.*,
406 F. Supp. 52 (D. Del. 1975) ..................................................................10, 11

*Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Materials, Inc.*,
C. A. No. 04-852-SLR, 2005 WL 735880 (D. Del. Mar. 30, 2005) .................. 10, 12

*Sypert v. Bendix Aviation Corp.*,
172 F. Supp. 480 (N.D. Ill. 1958) .................................................................. 5

*Waller v. Burlington N.R.R. Co.*,
650 F. Supp. 988 (N.D. Ill. 1987) .................................................................. 8

*Wilmington Trust Co. v. Gillespie*,
397 F. Supp. 1337 (D. Del. 1975) .................................................................. 5

*Wright v. American Flyers Airline Corp.*,
263 F. Supp. 865 (D.S.C. 1967) .................................................................... 8

**STATUTES & OTHER AUTHORITIES**

15 Wright & Miller, *Fed. Prac. & Proc.* § 3844 (2d ed. 1986) ......................................... 4

28 U.S.C. § 1404(a) (West 2006) ............................................................... *passim*

Defendants Unilin Décor, N.V., Quick-Step Flooring, Inc., and Unilin N.C., LLC (as successor to Quick-Step Flooring, Inc.) ("Defendants"), by their attorneys, respectfully submit this reply memorandum of law in further support of their motion to transfer venue to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a).

## I. INTRODUCTION

Plaintiffs base their opposition to transfer on three fundamental fallacies. First, Plaintiffs suggest that transfer is impermissible since there is no proof that Defendant Quick-Step was selling products in Wisconsin at the time the Delaware '579 Case was brought. This assertion is surprising in that Plaintiffs alleged in their complaint in that case that Quick-Step in fact distributed its products throughout the United States. In any event, the matter has now been settled definitively by a Declaration submitted herewith by a Unilin executive attesting to Quick-Steps' sales in Milwaukee as of March 2003. Second, Plaintiffs contrive a principle of law that a motion to transfer must be brought promptly and may be denied solely on the basis of lack of promptness. This is nonsense. While a delay which causes some material prejudice may be a factor in deciding a transfer motion, nothing like that has occurred here. Plaintiffs do not even attempt to state how they have been prejudiced and clearly, they have not been. Nothing of substance has occurred in these Delaware Cases, and Plaintiffs cannot be prejudiced by being relegated to litigate in the Wisconsin forum they initially chose for these patent disputes.

Finally, Plaintiffs make the outlandish claim that Defendants have "froz[en] Plaintiffs' ability to prosecute their rights and protect their patents for years." (Plaintiffs' Opposition "Opp." at 2.) To the contrary, Plaintiffs have been litigating their

various patent claims against Unilin and its proxies continuously now for over six years. Plaintiffs have sued Unilin, its licensees and distributors before the ITC, in Wisconsin, in Delaware and in Illinois, all against the same product and on the same series of patents.[1] The ITC case was litigated through trial until the ultimate denial of certiorari by the Supreme Court. The Wisconsin Action against Unilin and its resellers has been vigorously litigated for many years as well. By pressing their additional cases in Chicago and these Delaware Cases, Plaintiffs reveal that their objective has been to maximize their chances to succeed on their claims against Uniclic® products by maximizing the number of venues in which they assert these claims. Enough is enough.

Plaintiffs purport to miss the entire thrust of this motion. While they invoke technical arguments about venue and delay, and devote pages to trying to prove that the absence of any documents or witnesses in Delaware somehow militates against transfer, they simply refuse to recognize the fact that this litigation is wasteful and duplicative. It strains the Court's resources, it burdens Defendants with enormous additional costs, and it presents the appearance, at the very least, of naked forum-shopping. The public interest is disserved by having these numerous litigations proceeding in different venues. The motion to transfer to the forum where Plaintiffs first brought their claims should be granted.

---

[1] The defendant in the Illinois action brought by Plaintiffs has also moved to transfer that action to the Eastern District of Wisconsin for the same reasons asserted here. The briefing on that motion is completed, and a decision is expected shortly.

## II. ARGUMENT

A. This Case Could Have Been Brought In the Eastern District Of Wisconsin.

The first of Plaintiffs' arguments is the easiest to deal with. Venue would have been proper for the '579 case had it been brought originally in the Eastern District of Wisconsin, so there is no technical impediment to its transfer to that district now. While Defendants established in their moving papers that Unilin N.C. is selling the Uniclic® products in the Milwaukee area, they did not anticipate that Plaintiffs would contest the fact that Unilin N.C. and its predecessor Quick-Step had been doing so for many years. In part, Defendants did not anticipate this argument because Plaintiffs had stated in their original complaint against Quick-Step in March of 2003 that "Quick-Step's products are imported, distributed, offered for sale and sold throughout the United States." (Complaint C.A. No. 03-253-GMS, ¶ 3.) Now, apparently, Plaintiffs are challenging their own presumably good faith allegations.

In any event, the Declaration of Filip Tack, submitted herewith, puts the matter to rest. Quick-Step began doing business in the United States in early 2001, and was distributing Uniclic® products into the Milwaukee area at the time Plaintiffs commenced the '579 Case. (Tack Decl. ¶ 2.) Accordingly, venue would have been proper in the Eastern District of Wisconsin at the time the case was instituted, and transfer is permissible under 28 U.S.C. § 1404(a).

B. Defendants' Motion To Transfer Venue Is Timely.

Rather than deal with the key question of why a multiplicity of actions all brought by Plaintiffs should be heard in several different forums, Plaintiffs contend that because this motion was "filed three years after this case was filed" and without

"reasonable promptness," transfer should be denied "for this reason alone." (Opp. at 2.) This argument is based on a clear misstatement of the law.

Section 1404(a) "sets no limit on the time at which a motion to transfer may be made" 15 Wright & Miller, *Fed. Prac. & Proc.* § 3844 (2d ed. 1986), and delay in bringing a motion to transfer is not, in and of itself, a sufficient reason to deny the motion. *See, e.g., Northern Ind. Pub. Serv. Co. v. Envirotech Corp.*, 566 F. Supp. 362 (N.D. Ind. 1983); *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254 (W.D. Mo. 1980). As Plaintiffs' own authorities establish, while a motion to transfer should be made with "reasonable promptness," it will *only* be considered untimely if the delay will prejudice the opposing party or the motion itself is a dilatory tactic.

> Of course, crafty litigants can't ambush their opponents with a tactical Section 1404(a) transfer motion on the eve of trial. "A motion to transfer should be made with 'reasonable promptness.'" Reasonable promptness? What's that? If a litigant resisting transfer successfully shows the Section 1404(a) transfer motion is a dilatory tactic, or that it would be prejudiced solely because of the delay in bringing the motion, then the litigant moving for transfer has failed to show "reasonable promptness" in bringing his transfer motion.

*Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000) (citations omitted) (cited at Opp. at 2). *Accord Martin-Trigona v. Meister,* 668 F. Supp. 1 (D.D.C. 1987); *American Standard, Inc.*, 487 F. Supp. at 261; *Northern Ind. Pub. Serv. Co.*, 566 F. Supp. 362; *Crane v. Metro-North Commuter R.R.*, No. 87 Civ. 2876 (MJL), 1989 WL 74954 (S.D.N.Y. June 23, 1989) (attached hereto as Exhibit A).

Under this standard, Defendants' motion is clearly timely. Plaintiffs do not even attempt to argue that they will be prejudiced by transferring this action to the Eastern District of Wisconsin, nor can they. No discovery has been taken and no substantive proceedings of any sort have occurred in either of the Delaware cases. The

Delaware '621 Case was brought in December of 2005, and Plaintiffs have not taken a single step to litigate the case; the Delaware '579 Case was stayed until just weeks ago, and again, there has been nothing in the way of wasted efforts in that case either. Even if those actions had progressed toward trial, that still would not preclude transfer. There are countless cases involving transfer after discovery has been conducted, after summary judgment motions have been briefed, and even after trial -- none of which has occurred here. *See, e.g., Wilmington Trust Co. v. Gillespie*, 397 F. Supp. 1337 (D. Del. 1975) (case transferred for second stage of interpleader action); *Kolko v. Holiday Inns, Inc.*, 672 F. Supp. 713 (S.D.N.Y. 1987) (granting transfer after discovery taken); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780 (N.D. Ill. 1985) (same); *American Standard, Inc.*, 487 F. Supp. at 257-58 (transfer motion brought six years after action was commenced, after discovery taken and summary judgment briefed); *Farmer Bros. Co. v. Coca-Cola Co.*, 366 F. Supp. 725 (S.D. Tex. 1973) (transfer granted after parties had engaged in "extensive discovery and pretrial preparation"); *Dill v. Scuka*, 198 F. Supp. 808 (E.D. Pa. 1961) (transferring case for retrial); *Sypert v. Bendix Aviation Corp.*, 172 F. Supp. 480 (N.D. Ill. 1958) (same).

Plaintiffs' suggestion that Defendants should have brought this motion earlier is nonsensical for a number of additional reasons. First, the Delaware '621 Case was, as noted above, only filed in December 2005 and an answer filed in January 2006. Second, this Court stayed the Delaware '579 Case at a time when the Wisconsin Action was likewise stayed. (The Wisconsin Action was stayed by order dated April 19, 2001; a stay which was not lifted until June 24, 2004. *See* Docket entries 42 and 86, *Alloc, Inc. v. Unilin Décor N.V.*, Case 00-999, E.D. Wisc. (attached hereto as Exhibit B). Plaintiffs'

suggestion that Defendants should have moved earlier to transfer a stayed action (the Delaware '579 Case) to a district with a related stayed action is, self evidently, silly. Finally, even after Judge Randa lifted the stay in Wisconsin, there was still no reason to seek transfer of the stayed Delaware '579 Case, because the Wisconsin Action, which involves the same patents, products and claims, could have resolved – and will resolve – each of the legal issues presented in this action.

Plaintiffs' implication that this motion is a dilatory tactic (*see* Opp. at 2) makes even less sense. Notably, Plaintiffs do not argue that transfer will delay the resolution of the claims asserted in this case, only that it will prevent the resolution of those claims *in this forum*. (*See id.*) That, however, is the purpose of every motion to transfer and, in fact, Plaintiffs' claims will be litigated more quickly and, for both the parties and the Court, much more efficiently if transfer is granted. Since the matter will be more quickly resolved in Wisconsin, where discovery is underway and much work has already been done, there is nothing dilatory about this motion to transfer.

C. Plaintiffs Offer No Reason For The Court To Depart From The Rule Favoring Transfer Of Related Actions.

Plaintiffs simply refuse to confront the bedrock principle that where a "related" action is pending in another district, it is in the interests of justice to permit those actions to proceed before a single court. *See Brunswick Corp. v. Precor Inc.*, C. A. No. 00-691-GMS, 2000 WL 1876477, at *3 (D. Del. Dec. 12, 2000) (attached hereto as Exhibit C). Transfer in these circumstances is in accord with the "strong judicial policy" in favor of resolving patent controversies in a single forum and "serve[s] to prevent a multiplicity of lawsuits with *different* parties in different forums and permits one court to adjudicate the rights in the patents" in dispute. *Dentsply, Int'l, Inc. v. Centrix, Inc.*, 553

F. Supp. 289, 295 (D. Del. 1982) (emphasis added); *see Sanyo Elec. Trading Co. v. Masco Corp.*, 429 F. Supp. 1023 (D. Del. 1977). To avoid application of this rule, Plaintiffs asserts that the Delaware cases do not involve the exact same parties and the exact same patents as in the Wisconsin Action, as if that made a difference. It does not.

As an initial matter, there is simply no requirement that there be *any* prior pending action, let alone an identical one, for a case to be transferred to another forum for the convenience of the parties and in the interests of justice. *See* 28 U.S.C. 1404(a) (West 2006). When there is a related case pending in another venue, there is obviously no requirement that it be identical in all respects. As this Court itself has observed, the actions need only be "related" for transfer to be granted. *Brunswick Corp.*, 2000 WL 1876477, at *3.

There are countless cases which involve the transfer of actions to forums where actions are pending involving non-identical parties and/or non-identical issues. *See, e.g., APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393 (D. Del. 2002) (patent case); *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505 (D. Del. 1999) (patent case); *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, C. A. No. 02-C-7491, 2003 WL 22012203 (N.D. Ill. Aug. 22, 2003) (patent case) (attached hereto as Exhibit D); *Carus Corp. v. Greater Tex. Finishing Corp.*, C. A. No. 91-C-2560, 1992 WL 22691 (N.D. Ill. Jan. 31, 1992) (patent case) (attached hereto as Exhibit E); *A.P.T., Inc. v. Quad Envt'l. Techs. Corp.*, 698 F. Supp. 718 (N.D. Ill. 1988) (patent case); *Impra, Inc. v. Quinton Instruments Co.*, No. Civ-90-0383 PHX WPC, 1990 WL 284713 (D. Ariz. June 26, 1990) (patent case) (attached as Exhibit F); *Pharma-Craft Corp. v. F.W. Woolworth Co.*, 144 F. Supp. 298 (M.D. Ga. 1956) (patent case); *Apex Elec. Mfg.*

*Co. v. Sears, Roebuck & Co.*, 87 F. Supp. 533 (D. Ohio 1949) (patent case); *Black & Decker Corp. v. Amirra, Inc.*, 909 F. Supp. 633 (W.D. Ark. 1995); *Waller v. Burlington N.R.P. Co.*, 650 F. Supp. 988 (N.D. Ill. 1987); *Wright v. American Flyers Airline Corp.*, 263 F. Supp. 865 (D.S.C. 1967); *I-T-E Circuit Breaker Co. v. Regan*, 348 F.2d 403 (8th Cir. 1965).

One such case, similar to this one, is *Nilssen v. Osram Sylvania, Inc.*, C. A. No. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001) (attached as hereto Exhibit G). There, the court transferred a later filed infringement action involving claims under twenty-six separate patents to the Northern District of Illinois where the same plaintiffs had previously brought suit on six of the same patents but against different defendants. Noting this Court's decision in *Brunswick Corp., supra*, the *Nilssen* court held that:

> In the instant action, Plaintiffs allege infringement of twenty-six patents, at least six of which are also being litigated in the Northern District of Illinois. In the Illinois case, *Markman* rulings have already been issued and case dispositive motions have already been filed. Therefore, the Court concludes that the waste of judicial resources in requiring two different courts to construe at least six of the same patents, and to render *Markman* rulings on each of these patents, is a factor that strongly weighs in favor of transfer.
>
> . . . .
>
> If *Markman* rulings are issued in the instant case that conflict with those rendered in the Northern District of Illinois prior to collateral estoppel becoming applicable, this could result in inconsistent judgments virtually guaranteeing that one of those judgments will get reversed on appeal. This judicial waste can be avoided by granting the instant motion to transfer.

*Nilssen*, 2001 WL 34368395, at *4 & n.10 (footnotes and citation omitted). *See Nilssen v. Everbrite, Inc.*, C. A. No. 00-189-JJF, 2001 WL 34368396 (D. Del. Feb. 16, 2001) (attached hereto as Exhibit H).

Here, of course, the parties and issues in the two forums are very closely related, and in some cases identical. Most importantly, all of the actions involve precisely the same product – laminate flooring with the Uniclic® joint. In addition, the '579 patent is clearly at issue in both forums, as Plaintiffs amended the complaint in the Wisconsin Action to assert that patent, and have even moved for summary judgment on those claims. The '621 patent is also now subject to a motion to amend in Wisconsin to bring it into that case as well. Indeed, Plaintiffs' opposition to transfer to Wisconsin is curious, since transfer would bring the '621 patent before the Wisconsin court, as Plaintiffs have expressly sought to do through amending their complaint in the Wisconsin Action. But even if the '621 patent itself were not before the Wisconsin court, the Wisconsin Action would still be closely related since the Wisconsin Action involves four other patents from the same family, with common specifications, claim terms and questions of interpretation. (*See* Kamin Decl. ¶ 5.) (D. I. 17).

The parties are similar or identical as well. Unilin Décor is, of course, a party to both the Delaware '579 Case and the Wisconsin Action. Unilin N.C., or Quick-Step, was not named in the Wisconsin Action, although it is represented there through its ultimate parent, Unilin Décor. That Plaintiffs chose not to bring suit against Unilin N.C. in Wisconsin says more of Plaintiffs' litigation strategy than of any substantive issue. In short, this case is unquestionably related to the Wisconsin Action. For all of the reasons generally supporting transfer to jurisdictions with prior related actions pending, discussed in Defendants' opening brief (*see* Opening Br. at 9-11) and below and uncontested by Plaintiffs, this action should be transferred.

D. The Public Interest Favors Transfer.

Plaintiffs virtually ignore altogether the significant public interest factors which command that this action be transferred so that it may be decided along with the other cases Plaintiffs have brought on the same issues. These factors relate to the interests of the judicial system itself not only in efficiently marshaling its resources but also in rendering justice in a manner which is orderly, uniform, and free from the uncertainty of conflicting results. *See, e.g., Brunswick Corp.*, 2000 WL 1876477, at *3; *Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Materials, Inc.*, C. A. No. 04-852-SLR, 2005 WL 735880 (D. Del. Mar. 30, 2005) (attached hereto as Exhibit I). As Defendants established in their opening brief, these factors alone can be dispositive in the section 1404(a) analysis, particularly where, as here, there is related litigation pending in the transferee court, and that court has gained a familiarity with the facts and issues in dispute. *See, e.g., Nilssen*, 2001 WL 34368395, at *4 & n.10.

The court in *Smithkline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52 (D. Del. 1975), another patent case, reflected on these principles in deciding to transfer that case to a forum where a related action was pending:

> One of the prime components in the 'interest of justice' is the maintenance of sound judicial administration. Central to efficient and effective judicial administration is a policy, implied in section 1404(a), of proper conservation and utilization of judicial resources. *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1959).
>
> The issues raised in the instant suit will be involved in the Philadelphia litigation. Moreover, the factual issues will be virtually identical in both actions although a broader range of relief is sought in the suit pending in the Eastern District of Pennsylvania. As the Supreme Court has stated: 'To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that Sec. 1404(a) was designed to prevent.' *Continental Grain, supra* at 26, 80 S.Ct. at 1474. Given the

> strong public policy favoring the litigation of related claims before the same tribunal, it is difficult, if not impossible, to justify the continued maintenance of both the Delaware and Philadelphia actions in the instant controversy.

*Smithkline*, 406 F. Supp at 55 (citations omitted); *see Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 483 (D. Del. 1987). The court went on to catalogue the many benefits that would result from transfer in these circumstances:

> (1) pre-trial discovery can be conducted more efficiently; (2) the witnesses can be saved the time and expense of appearing in more than one tribunal; (3) duplicative litigation can be avoided, thereby eliminating unnecessary expense to the parties; and (4) inconsistent results can be avoided. Further … 'only one judge need be 'educated' with regard to the intricacies of the patents involved….' [*Medtronic, Inc. v. American Optical Corp.*,] 337 F. Supp at 497. In addition, the Eastern District of Pennsylvania's current familiarity with the issues of fact and law in this case stand as a further and distinct justification in a patent case for granting defendant's motion to transfer.

*Smithkline Corp.*, 406 F. Supp. at 55-56.

Plaintiffs do not dispute that each of these benefits will be achieved through transfer here, and that this action will be resolved more efficiently if it is adjudicated in Wisconsin. They concede as much, arguing instead that the Wisconsin Action is too far along for transfer to be allowed. (Opp. at 10.) That argument, however, once again ignores the salient facts. First, discovery in the Wisconsin Action has been extended several times, most recently to July 14, 2006 – at Plaintiffs' request. Judge Randa has exhibited a willingness to extend the discovery schedule in the past, and there is no reason to believe he will not do so again, if necessary. (*See* Docket entries 147 and 153, *Alloc v. Unilin Décor N.V.*, Case 00-999, E.D. Wisc., in each case extending the discovery and trial schedule.) (attached hereto as Exhibit J). Second, whatever the technical differences may be between the cases here and the one in Wisconsin, there should be no dispute that the cases will involve virtually the exact same discovery.

Accordingly, if this case is consolidated or coordinated with the Wisconsin Action, much of the discovery in this action will already have been done or can be done shortly. Finally, if any additional discovery specific to this action is needed (Plaintiffs have identified none), that can easily be conducted in the coming months. In either event, the parties will be able to proceed more quickly to trial in Wisconsin than in this case, where no discovery has been served, not a single deposition been taken or noticed, and no discovery schedule has been set.

E. The Private Interest Factors Also Favor Transfer.

Plaintiffs do not contend that they would be inconvenienced by transfer to Wisconsin, or that this district is a more convenient one for them. Rather, they maintain that Defendants have not established that Wisconsin is a more convenient forum for themselves. (Opp. at 8, 9.) But this is clearly not so. At the very least, the parties' convenience is served by litigating this dispute in one district, before Judge Randa, who has presided over the Wisconsin Action for several years and "has a grasp of the facts and issues in connection with" the patents in suit, "mak[ing] that court a more appropriate venue for the present matter." *Sumito Mitsubishi Silicon Corp.*, 2005 WL 735880, at *3. As noted in this Court's recent holding in *Omnicom Group, Inc. v. Employers Reinsurance Corp.*, C. A. No. 01-839-GMS, 2002 WL 109346 (D. Del. Jan. 28, 2002) (attached hereto as Exhibit K), that:

> transfer … would reduce the overall inconvenience to all parties involved. . . . Bringing witnesses and relevant documents to only one location … minimizes the level of disruption caused to both parties by the litigation. This is certainly a more economical and efficient result than having each party moving witnesses and documents between two states, depending on which of these related actions is being litigated at the time. Thus, this factor [convenience of the parties] weighs in favor of transfer.

*Id.* at *2.

No other factors genuinely favor this jurisdiction. Plaintiffs have not identified a single witness based in this district, nor do they dispute that the documents relevant to this case can easily be produced in Wisconsin, where, in fact, many of those documents have already been produced and other discovery taken. Alloc itself has its home in Wisconsin, and all of its employee-witnesses are there. Quick-Step, the only entity among Defendants that has any connection to this district through its incorporation in Delaware, never maintained any operations, employees, facilities or assets there, and is no longer even doing business. (*See* Tack Decl. ¶ 2.)

With respect to plaintiff's choice of forum, while that factor is normally accorded some deference, this Court has noted, in a case involving the transfer of a patent infringement action to the forum where a related action was pending, that a plaintiff's choice "is not given much deference" where the relevant conduct, the design and manufacture of the allegedly infringing product, occurred outside of this district. *Brunswick Corp.*, 2000 WL 1876477, at *2; *accord 3Com Corp. v. D-Link Sys., Inc.*, C. A. No. 03-14-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003) (transferring patent action where plaintiff was incorporated in Delaware and accused products were sold there) (attached hereto as Exhibit L). Here, it is undisputed that none of the Uniclic® products in suit was designed or manufactured in Delaware. Moreover, a plaintiffs' choice of forum is accorded less weight and, accordingly, more easily overcome where, as here, it will result in duplicative litigation. *See E.I. DuPont de Nemours & Co. v. Diamond Shamrock*, 522 F. Supp. 588, 591 (D. Del. 1981) ("The plaintiff's choice of forum carries greater weight when it will not result in duplicative litigation"). Finally, Plaintiffs' choice of forum should be given even less weight because they earlier chose

Wisconsin as their forum of choice, and should not be given multiple opportunities to find their most advantageous jurisdiction.

As set forth above and in its opening papers, Defendants have clearly established that the relevant public and private interests factors overwhelmingly weigh in favor of transfer, Plaintiffs' choice of forum should be overcome and that this action should be transferred to the Eastern District of Wisconsin where: (1) a related action involving the same patents, products and claims is pending, (2) Alloc is headquartered; (3) Plaintiffs first chose to bring suit against the products here at issue many years ago and are actively litigating numerous actions against Unilin; and (4) this action and others can be coordinated to ensure a just, speedy, fair and efficient resolution of this dispute.

## III. CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that this Court transfer venue to the United Stated District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. 1404(a).

Respectfully Submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*
*Unilin Dĕcor, N.V. and Quick Step Flooring*

OF COUNSEL:

Lawrence O. Kamin
Samuel M. Leaf
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

Dated: May 23, 2006

733596

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 23, 2006, the attached document was hand delivered to the following person(s) and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19803

I hereby certify that on May 23, 2006, I have Electonically Mailed the documents to the following non-registered participants:

Daniel J. O'Connor
Baker & McKenzie
130 East Randolph Drive
Chicago, IL 60601
daniel.j.o'connor@bakernet.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

714256