# EXHIBIT A

Not Reported in F.Supp.
(Cite as: 1989 WL 74954 (S.D.N.Y.))

Page 20

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Douglas B. CRANE, Plaintiff,
v.
METRO-NORTH COMMUTER RAILROAD, Defendant.

No. 87 CIV. 2876 (MJL).

June 26, 1989.

Cahill, Goetsch, and Dipersia, P.C. by Charles C. Goetsch, New Haven, Conn., for plaintiff.

Robert Bergen, New York City, for defendant.

OPINION AND ORDER

LOWE, District Judge.

*1 Before this court is plaintiff Douglas Crane's ("Crane") motion pursuant to 28 U.S.C. § 1404(a) for transfer of the above-captioned action from the Southern District of New York to the District of Connecticut. Defendant Metro-North Commuter Railroad ("Metro-North" or "the railroad") opposes the motion. For the reasons stated below, plaintiff's motion is denied.

BACKGROUND

This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, and the Railroad Safety Appliance Act, 45 U.S.C. § 1 et seq. At all relevant time periods, Crane was employed by Metro-North as a high tension lineman. In his complaint, filed with this Court on April 28, 1987, plaintiff claims that, on or about May 6, 1986, while performing his normal work duties, he was involved in an accident caused by the railroad's negligence in failing to provide him with a safe place to work and a safe method of performing his work. Crane demands judgment against defendant in an amount in excess of seventy-five thousand ($75,000.00) dollars plus costs and disbursements incurred.

On November 2, 1987, all pre-trial discovery was completed and, on December 1, 1987, the parties filed their Pre-Trial Order. The case was then placed on this Court's ready trial calendar in 1988 where it now appears as the fifth listed case. On March 7, 1989, however, plaintiff retained new attorneys located in Connecticut to represent him. Thereafter, on March 16, 1989, Crane filed the instant motion for transfer of this action to his home district in Connecticut.

DISCUSSION

Title 28, U.S.C. § 1404(a), which allows for transfer of venue in the Court's discretion, provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The initial inquiry in a motion to transfer venue under § 1404(a) is whether the present action "might have been brought" in the District of Connecticut. In making this determination, we must look to the special venue provisions of the Federal Employers' Liability Act. That provision, 45 U.S.C. § 56, provides:

Under this chapter an action may be brought in a District Court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action.

At the time this action was commenced, Metro-North was engaged in the business of owning and operating a system of railroads and railroad properties in interstate commerce, through and between various states. It appears undisputed in the record before this Court that defendant Metro-North was doing business in Connecticut at the time this action was commenced and that, accordingly, the present action might have been brought in the District of Connecticut.

The Courts of this Circuit have outlined eight different factors which are relevant to the propriety of a discretionary transfer. These criteria include:

*2 1) the convenience of the parties;

2) the convenience of the witnesses;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.  
(Cite as: 1989 WL 74954, *2 (S.D.N.Y.))

Page 21

3) the ease of access to sources of proof;

4) the availability of process to compel the presence of unwilling witnesses;

5) the cost of obtaining the presence of witnesses;

6) the problem involved in trying a case expeditiously and inexpensively;

7) where the event took place; and,

8) the interest of justice.

Prudential Insurance Co. v. BMC Industries, Inc., 626 F.Supp. 652, 654 (S.D.N.Y.1985); St. Cyr v. Greyhound Lines, Inc., 486 F.Supp. 724, 727 (E.D.N.Y.1980); Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967). The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is substantial and rests on the party seeking the transfer. The movant must support his allegations by proof or affidavit. Matra Et Manurhin v. International Armament Co., 628 F.Supp. 1532, 1535 (S.D.N.Y.1986); Troyer v. Karcagi, 488 F.Supp. 1200, 1207 (S.D.N.Y.1980); First National City Bank v. Nanz, Inc., 437 F.Supp. 184, 188 (S.D.N.Y.1975). In order to transfer an action to another venue, the District Court must find the balance of convenience strongly in favor of the moving party. Nemmers v. Truesdale, 612 F.Supp. 245, 246 (D.C. Ohio 1985).

In support of his motion, plaintiff lists the following reasons for transfer: (1) he resides in Connecticut, (2) his physical condition is such that travel to and from the Southern District of New York will be extremely painful, (3) all of plaintiff's crucial witnesses and medical experts reside in Connecticut, (4) all documents and records kept in the department where he worked are located in Connecticut, and (5) all of the attorneys involved in the case reside in Connecticut.

In opposition to the instant motion, Metro-North claims first that, since its counsel is neither admitted to practice in the United States District of Connecticut, nor is a member of the Bar of the State of Connecticut, it will be deprived of the very counsel that has represented it from the inception of this action. As plaintiff correctly asserts in his reply memorandum of law, however, this fact would not preclude defendant's counsel from appearing before the District Court of Connecticut pro hac vice.

Next, Metro-North argues that both its medical and rehabilitation experts maintain offices in New York and that it is therefore more convenient for them to testify in this District. As plaintiff's uncontested affidavit indicates, however, both of these expert witnesses have testified in the District of Connecticut on previous occasions without any apparent inconvenience or objection. Absent any indication that a trial before the District Court in Connecticut would expose defendant or its expert witnesses to unnecessary hardship, we find the railroad's objection on this ground unpersuasive.

Metro-North further argues that plaintiff's instant motion for transfer of venue is untimely insofar as the application was filed on the "eve of trial". While it is true that § 1404(a) sets no express time limits on the filing of a motion to transfer, the moving party should act with reasonable promptness. 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 2d. § 3844 (1986). Moreover, while delay, in and of itself, is not a sufficient reason to deny a motion for transfer, if such delay would unduly prejudice the opposing party, or if the filing of the motion is intended as a dilatory tactic, denial of the motion would be advisable. Kolko v. Holiday Inns Inc., F.Supp. 713, 716 (S.D.N.Y.1987); American Standard, Inc. v. Bendix Corp., 487 F.Supp. 254, 261 (D.Mo.1980). While it is true, in the instant case, that plaintiff waited almost two years before making this motion for transfer, no showing has been made by defendant that such delay was intended as a dilatory tactic or that the railroad would be prejudiced by such passage of time.

*3 Citing Trader v. Pope & Talbot, Inc. v. Jarka Corporation of Philadelphia, 190 F.Supp. 282 (E.D.Pa.1961), defendant further argues that the statute providing for transfer of venue is not available to a plaintiff who, as in the instant case, voluntarily chose his own forum. Such a restriction on the application of § 1404(a) appears to be outdated, however. The current trend allows for either party to move for transfer under § 1404(a). Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir.1986); James v. Daley & Lewis, 406 F.Supp. 645, 648 (D.Del.1976); Ziegler v. Dart

Not Reported in F.Supp.
(Cite as: 1989 WL 74954, *3 (S.D.N.Y.))

Page 22

Industries, Inc., 383 F.Supp. 362, 363 (D.Del.1974). 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 2d § 3844 (1986).

Finally, defendant quite properly argues that all of the circumstances set forth by plaintiff in support of transfer existed at the time Crane selected this District as the forum for his grievance. Traditionally, this District has required plaintiffs moving under § 1404(a) to demonstrate a change in circumstances, since filing the suit, sufficient to support a transfer. Harem-Christensen Corp v. M.S. Friago Harmony, 477 F.Supp. 694, 698 (D.C.N.Y.1979); Harry Rich Corp. v. Curtiss-Wright Corp., 308 F.Supp. 1114, 1118 (S.D.N.Y.1969). This rule is not without its exceptions. However, it should be noted that, in those cases where the Court disregarded the absence of changed circumstances, denial of the transfer motion would have resulted in severe prejudice to the plaintiff. Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir.1978) (because the transferor court lacked personal jurisdiction and because the applicable statute of limitations had run, denial of the transfer motion would have precluded plaintiff from re-instituting his action elsewhere); Gipromer v. SS Tempo, 487 F.Supp. 631, 632 (S.D.N.Y.1980) (same).

In the instant case, the only change in circumstances identified by plaintiff is his recent retention of counsel in Connecticut. However, as plaintiff himself accurately indicated in response to a similar argument raised by defendant, such counsel may appear before this Court pro hac vice. To the extent other circumstances exist which might possibly warrant transfer, those circumstances were also in existence at the time plaintiff initially selected this forum. Accordingly, plaintiff's motion for transfer pursuant to 28 U.S.C. § 1404(a) is denied.

It Is So Ordered.

1989 WL 74954 (S.D.N.Y.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

# EXHIBIT B

REOPEN

## U.S. District Court
### Eastern District of Wisconsin (Milwaukee)
### CIVIL DOCKET FOR CASE #: 2:00-cv-00999-RTR

ALLOC, et al v. Unilin Decor NV, et al
Assigned to: Chief Judge Rudolph T Randa
Demand: $0
Cause: 35:271 Patent Infringement

Date Filed: 07/14/2000
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Alloc Inc**  represented by  **Daniel J O'Connor**
Baker & McKenzie
One Prudential Plaza
130 E Randolph Dr - Ste 3500
Chicago, IL 60601
312-861-2907
Fax: 312-861-2899
Email: daniel.j.o'connor@bakernet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David I Roche**
Baker & McKenzie
One Prudential Plaza
130 E Randolph Dr - Ste 3500
Chicago, IL 60601
312-861-8608
Fax: 312-861-2899
Email: david.i.roche@bakernet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shima S Roy**
Baker & McKenzie
One Prudential Plaza
130 E Randolph Dr - Ste 3500
Chicago, IL 60601
312-861-8000
Fax: 312-861-2899
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Berry Finance NV**  represented by  **Daniel J O'Connor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David I Roche**

                                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shima S Roy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Valinge Aluminium AB**   represented by   **Daniel J O'Connor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David I Roche**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shima S Roy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Unilin Decor NV**   represented by   **Art C Cody**
Willkie Farr & Gallagher
787 7th Ave
New York, NY 10019
212-728-8000
Fax: 212-728-8111
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Levi**
Patterson Belknap Webb & Tyler
1133 Ave of the Americas - 22nd Fl
New York, NY 10036
212-336-2000
*TERMINATED: 04/03/2003*
*LEAD ATTORNEY*

**Brett H Ludwig**
Foley & Lardner LLP
777 E Wisconsin Ave
Milwaukee, WI 53202-5300
414-271-2400
Fax: 414-297-4900
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Courtney M Martin**
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522
212-735-2405
Fax: 917-777-2405
*LEAD ATTORNEY*

**G Michael Halfenger**
Foley & Lardner LLP
777 E Wisconsin Ave
Milwaukee, WI 53202-5300
414-297-5547
Fax: 414-297-4900
Email: mhalfenger@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John M DiMatteo**
Willkie Farr & Gallagher LLP
787 7th Ave
New York, NY 10019-6099
212-728-8000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence O Kamin**
Willkie Farr & Gallagher LLP
787 7th Ave
New York, NY 10019-6099
212-728-8231
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**S Edward Sarskas**
Michael Best & Friedrich LLP
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108
414-271-6560
Fax: 414-271-0656
Email: sesarskas@michaelbest.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart Pollack**
Patterson Belknap Webb & Tyler
1133 Ave of the Americas - 22nd Fl
New York, NY 10036
212-336-2000
*TERMINATED: 04/03/2003*
*LEAD ATTORNEY*

        **Daniel A DeVito**
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522
212-735-3000
Fax: 212-735-2000
*ATTORNEY TO BE NOTICED*

**Edward V Filardi**
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522
212-735-3000
Fax: 212-735-2000
*ATTORNEY TO BE NOTICED*

**Todd J Tiberi**
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522
212-735-2458
Fax: 917-777-2458
Email: TTIBERI@skadden.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BHK of America Inc**     represented by     **Art C Cody**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Levi**
(See above for address)
*TERMINATED: 04/03/2003*
*LEAD ATTORNEY*

**Brett H Ludwig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Courtney M Martin**
(See above for address)
*LEAD ATTORNEY*

**G Michael Halfenger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R Clark**
Foley & Lardner LLP

777 E Wisconsin Ave
Milwaukee, WI 53202-5300
414-297-5543
Fax: 414-297-4900
Email: jclark@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John M DiMatteo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence O Kamin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**S Edward Sarskas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart Pollack**
(See above for address)
*TERMINATED: 04/03/2003*
*LEAD ATTORNEY*

**Patrick M Kuhlmann**
Foley & Lardner LLP
777 E Wisconsin Ave
Milwaukee, WI 53202-5300
414-297-5614
Fax: 414-297-4900
Email: pkuhlmann@foley.com
*ATTORNEY TO BE NOTICED*

**Daniel A DeVito**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward V Filardi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd J Tiberi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pergo Inc**                        represented by  **Anthony P Venturino**
                                                      Stevens Davis Miller & Mosher
                                                      1615 L St NW - Ste 850

Washington, DC 20036
202-785-0100
*TERMINATED: 02/02/2001*
*LEAD ATTORNEY*

**Christopher M Collins**
Stevens Davis Miller & Mosher
1615 L St NW - Ste 850
Washington, DC 20036
202-785-0100
*TERMINATED: 02/02/2001*
*LEAD ATTORNEY*

**Courtney M Martin**
(See above for address)
*LEAD ATTORNEY*

**Daniel A DeVito**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward V Filardi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gordon P Giampietro**
Michael Best & Friedrich
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108
414-271-6560
*TERMINATED: 11/22/2004*
*LEAD ATTORNEY*

**John J Mangan**
Skadden Arps Slate Meagher & Flom LLP
1440 New York Ave NW
Washington, DC 20005
202-371-7000
Fax: 202-371-5760
*TERMINATED: 08/10/2004*
*LEAD ATTORNEY*

**Jonathan H Margolies**
Michael Best & Friedrich LLP
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108
414-271-6560
Fax: 414-277-0656
Email: jhmargolies@michaelbest.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Peckarsky**
Stevens Davis Miller & Mosher
1615 L St NW - Ste 850
Washington, DC 20036
202-785-0100
*TERMINATED: 02/02/2001*
*LEAD ATTORNEY*

**Resa K Schlossberg**
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522
212-735-3000
Fax: 212-735-2000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B Smith**
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522
212-735-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**S Edward Sarskas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott D Lyne**
Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
212-735-2604
*TERMINATED: 08/10/2004*
*LEAD ATTORNEY*

**Stephen P Vaughn**
Skadden Arps Slate Meagher & Flom LLP
1440 New York Ave NW
Washington, DC 20005
202-371-7000
Fax: 202-371-5760
*TERMINATED 08/10/2004*
*LEAD ATTORNEY*

**Thomas P Pavelko**
Stevens Davis Miller & Mosher
1615 L St NW - Ste 850
Washington, DC 20036
202-785-0100

*TERMINATED: 02/02/2001*
*LEAD ATTORNEY*

**Todd J Tiberi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Patrick Thomas**
Michael Best & Friedrich LLP
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108
414-271-6560
Fax: 414-277-0656
*TERMINATED: 03/17/2004*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2000 | 1 | COMPLAINT (Summons(es) issued); jury demand Consent Forms Distributed for Magistrate Judge Callahan (wied, ) (Entered: 07/17/2000) |
| 07/17/2000 | 2 | ATTORNEY APPEARANCE for plaintiff ALLOC by Daniel O'Connor and David Roche (wied, ) |
| 08/16/2000 | 3 | FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT Re: Complaint [1-1] by pltf Alloc Inc; adding pltf Berry Fin NV, pltf Valinge Aluminium AB, deft Pergo Inc; jury demand (bet, ) |
| 08/16/2000 | 4 | CERTIFICATE OF SERVICE by pltf Alloc Inc (bet, ) |
| 08/22/2000 |   | SUMMONS issued as to deft Unilin Decor NV, deft BHK of America Inc, deft Pergo Inc (bet, ) |
| 09/12/2000 | 5 | RETURN OF SERVICE executed as to deft Pergo Inc; served on 8/24/00 upon CT Corp, registered agent (bet, ) |
| 09/13/2000 |   | SUMMONS issued as to deft Unilin Decor NV (bet, ) |
| 09/13/2000 | 6 | MOTION by deft Pergo Inc to dismiss with certificate of service (bet, ) (Entered: 09/14/2000) |
| 09/13/2000 | 7 | BRIEF by deft Pergo Inc in support of motion to dismiss [6-1] with exhibits 1 & 2 and certificate of service (bet, ) (Entered: 09/14/2000) |
| 09/13/2000 | 8 | CERTIFICATE OF INTEREST by deft Pergo Inc with certificate of service (bet, ) (Entered: 09/14/2000) |
| 09/14/2000 | 9 | ANSWER by deft BHK of America Inc to First Amended Complaint [3-1]; jury demand; with certificate of service (bet, ) |
| 09/14/2000 | 10 | CERTIFICATE OF INTEREST by deft BHK of America Inc (bet, ) |
| 09/14/2000 | 11 | LETTER (9/14/00) from deft BHK of America Inc Atty Brett H Ludwig re: background information concerning dispute and of parallel proceedings in Dist of Columbia Dist Court (bet, ) |

| | | |
|---|---|---|
| 11/20/2000 | 32 | ORDER by Judge Rudolph T. Randa granting motion to extend time to file a reply brief; Pergo shall have an additional sixty days in which to serve and file said brief. [5-1] (cc: all counsel) (jll, ) Modified on 11/29/2000 (Entered: 11/24/2000) |
| 11/21/2000 | 33 | BRIEF by plaintiff Alloc Inc in opposition to motion to stay pending decision by USDC Dist. of Columbia on ALLOC's motion to dismiss [20-1] (jll, ) Modified on 11/29/2000 |
| 12/07/2000 | 35 | CERTIFICATE of service by defendant Pergo Inc (jll, ) (Entered: 12/08/2000) |
| 12/07/2000 | 36 | LETTER (regarding extension of time to file reply brief) from defendant Pergo Inc with attached copy of Judge Kesslers clarifying Order for the court's reference. (jll, ) (Entered: 12/08/2000) |
| 12/07/2000 | 34 | REPLY BRIEF by defendant Pergo Inc in support of motion to stay proceedings pending decision by USDC for District of Columbia [27-1] (jll, ) (Entered: 12/21/2000) |
| 12/08/2000 | 37 | DECISION AND ORDER: by Judge Rudolph T. Randa granting motion to stay proceedings pending decision by USDC for District of Columbia [27-1], granting motion to stay pending decision by USDC Dist. of Columbia on ALLOC's motion to dismiss [20-1]; the Court's order of 11/20/00 is vacated (cc: all counsel, Honorable Kessler and Maher and E. Borland) (jll, ) (Entered: 12/21/2000) |
| 01/22/2001 | 38 | Amended CERTIFICATE of interest by defendant Pergo Inc (jll, ) (Entered: 01/23/2001) |
| 01/24/2001 | 39 | Rule 6.07 MOTION by defendant Pergo Inc for leave to withdraw as attorney of record with attached certificate of service (jll, ) (Entered: 01/25/2001) |
| 01/29/2001 | 40 | MOTION by defendants to stay all proceedings with attached proposed order (jll, ) (Entered: 02/01/2001) |
| 02/02/2001 | | MARGINAL ORDER by Judge Rudolph T. Randa withdrawing attorneys Christopher M Collins, Anthony P Venturino, Thomas P Pavelko, & Peter Peckarsky of Stevens, Davis, Miller & Mosher for Pergo Inc and substituting Skadden, Arps, Slate, Meagher & Flom (cc: all counsel) (vlh, ) (Entered: 02/08/2001) |
| 02/02/2001 | 41 | ORDER by Judge Rudolph T. Randa granting Rule 6.07 motion for leave to withdraw as counsel of record for defendant Pergo, Inc. [39-1] (cc: all counsel) (vlh, ) (Entered: 02/08/2001) |
| 04/19/2001 | 42 | ORDER by Judge Rudolph T. Randa granting defendant's motion to stay [40-1] (cc: all counsel) (jll, ) (Entered: 04/20/2001) |
| 07/17/2001 | 43 | DECISION AND ORDER by Judge Rudolph T. Randa dismissing the amended motion to dismiss [13-1] and the motion to dismiss [6-1]; Pergo may re-file their motions without prejudice once the stay is lifted. (cc: all counsel) (jll, ) (Entered: 07/19/2001) |
| 09/23/2002 | 44 | NOTICE to counsel requesting them to advise Chief Judge Randa if Judge Kessler has ruled on the motion to dismiss. (jll, ) (Entered: 09/24/2002) |
| 10/01/2002 | 45 | RESPONSE by defendant Unilin Decor NV & defendant BHK of America Inc |

| | | |
|---|---|---|
| 04/01/2004 | | Attorney G Michael Halfenger for BHK of America Inc and Unilin Decor NV added. (jld, ) |
| 04/05/2004 | 81 | BRIEF in Opposition re [73] plaintiffs' MOTION for Leave to File second amended complaint filed by Pergo Inc. (jld, ) (Entered: 04/06/2004) |
| 04/05/2004 | 82 | CERTIFICATE OF SERVICE by Pergo Inc (jld, ) (Entered: 04/06/2004) |
| 04/05/2004 | 83 | STIPULATION AND ORDER to extend time to file reply for plaintiffs' motion for leave to file second amended complaint to 4/19/04 signed by Judge Rudolph T Randa on 4/5/04. (cc: all counsel)(jld, ) (Entered: 04/07/2004) |
| 04/19/2004 | 84 | REPLY BRIEF in Support re [73] MOTION for Leave to File *Second Amended Complaint* filed by all plaintiffs. (Roche, David) |
| 04/19/2004 | | Attorney Shima S Roy for Valinge Aluminium AB; Alloc Inc and Berry Finance NV added. (jld, ) (Entered: 04/20/2004) |
| 06/18/2004 | 85 | NOTICE by Alloc Inc, Berry Finance NV, Valinge Aluminium AB *Regarding Stay* (Roche, David) |
| 06/24/2004 | 86 | ORDER LIFTING STAY, ORDER REOPENING CASE; parties shall submit additional briefs on the plaintiffs' motion for leave to file a second amended complaint (see order for details) signed by Judge Rudolph T Randa on 6/24/04. (cc: all counsel)(jld, ) |
| 07/06/2004 | 87 | STIPULATION *to Extend Time to File Supplemental Briefs in Conjunction With Plaintiffs' Motion for Leave to File a Second Amended Complaint* by all parties (Roche, David) |
| 07/07/2004 | 88 | AMENDED SCHEDULING ORDER: plaintiffs' supplemental brief in support of the motion for leave to file a second amended complaint ddl is 7/13/04; defendants' supplemental response brief ddl is 7/23/04; plaintiffs' supplemental reply brief ddl is 7/30/04. signed by Judge Rudolph T Randa on 7/7/04. (cc: all counsel)(jld, ) (Entered: 07/08/2004) |
| 07/15/2004 | 89 | *Pergo, Inc.'s* ANSWER to Amended Complaint *Plaintiffs' First Amended Complaint For Patent Infringement* by Pergo Inc.(Sarskas, S) |
| 07/15/2004 | 90 | DECLARATION of Service (Sarskas, S) |
| 07/16/2004 | 91 | BRIEF *(Supplemental) Regarding Motion to Amend to Add U.S. Patent 6,516,579* filed by all plaintiffs. (Roche, David) |
| 07/16/2004 | 92 | STIPULATION *to Extend Time to File Supplemental Briefs in Conjunction with Plaintiffs' Motion for Leave to File Second Amended Complaint* by all plaintiffs (Roche, David) |
| 07/16/2004 | 93 | STIPULATION *to Extend Time to File Supplemental Briefs in Conjunction with Plaintiffs' Motion for Leave to File Second Amended Complaint* by all parties (Roche, David) |
| 07/19/2004 | 94 | ORDER signed by Judge Rudolph T Randa on 7/19/04 granting the extension of time to file supplemental briefs in conjunction with plaintiffs' motion for leave to file second amended complaint re 92 Stipulation filed by Alloc Inc, Berry Finance NV, Valinge Aluminium AB, and 93 Stipulation filed by Alloc Inc, Unilin Decor NV, BHK of America Inc, Berry Finance NV, Valinge Aluminium AB, Pergo Inc. (cc: all counsel) (Randa, Rudolph T) |