# EXHIBIT C

Not Reported in F.Supp.2d
(Cite as: 2000 WL 1876477 (D.Del.))

Page 8

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.

**BRUNSWICK CORPORATION Plaintiff,**
v.
**PRECOR INCORPORATED., Defendant.**

No. 00-691-GMS.

Dec. 12, 2000.

Robert W. Whetzel, Richards Layton & Finger, of Wilmington, DE, Stephen C. Neal, Linda F. Callison, Jonathan H. Takei and Ricardo Rodriguez of Cooley Godward LLP, Palo Alto, CA, for Plaintiff, of counsel.

Samuel David Brickley, II, Connolly, Bove, Lodge & Hutz of Wilmington, DE, James R. Uhlir, Stephen P. Fricke, Steven V. Gibbons, F. Ross Boundy of Christensen O'Connor Johnson Kindness, Seattle, WA, for Defendants, of counsel.

MEMORANDUM AND ORDER

SLEET, J.

*1 On August 1, 2000, the plaintiff, Brunswick Corporation, and its division Life Fitness ("Life Fitness") brought this patent infringement action against Precor Incorporated ("Precor"). Life Fitness alleges that Precor is infringing its U.S. Patent No. 6,095,951 (" '951 patent") relating to exercise treadmills. Presently before this court is Precor's motion to transfer this case to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1404(a). Because the court finds that a transfer would convenience the parties and the witnesses while serving the interests of justice, Precor's motion to transfer is granted.

I. BACKGROUND

A. The parties

Life Fitness and Precor both design, manufacture, and sell exercise equipment and both directly compete with one another in the exercise fitness market. Although both parties are incorporated in Delaware, neither party maintains a physical presence (e.g., offices or facilities) in this state. Life Fitness has its principal place of business in Franklin Park, Illinois and Precor has its principal place of business in Bothell, Washington.

B. Prior Litigation Between the Parties

"Life Fitness and Precor are no strangers to each other, nor to patent litigation." D.I. 7, at 2. In 1994, Precor filed a patent infringement suit against Life Fitness in the United States District Court for the Western District of Washington ("1994 litigation"). At issue in the 1994 litigation were U.S. Patent Nos. 5,599,259, 5,752,897 and certain Claims of U.S. Patent No. 5,382,207 (respectively the " '259, '897, and '207 patents"). The '207 patent is the parent of the '951 patent currently at issue in the case before the court.

In the 1994 litigation, Claims 1-36 of '207 patent were dismissed on summary judgment in February 1996 leaving only claims 37, 38, and 39 at issue. In early September 1999, Life Fitness voluntarily stipulated to the dismissal of the claims for infringement of the '259 and '897 patents as well as Claims 38-39 of the '207 patent. As a result of this stipulation, these claims were dismissed with prejudice in an order dated September 23, 1999. See Precor Inc. v. Life Fitness, No C94-1586C (W.D.Wash. Sept. 23, 1999) (stipulation and order of dismissal). Thus, the only infringement claim remaining for trial related to Claim 37 of the '207 patent. In October 1999, Life Fitness lost at trial as to this one patent claim. The judgment from the 1994 litigation is currently on appeal to the Federal Circuit.

II. DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), the court may transfer this action to "any other district where it might have been brought" when it appears that a change of venue would "convenience" the parties and the witnesses while serving the "interest of justice." 28 U.S.C. § 1404(a) (1993). The parties here agree that Life Fitness could have brought this action in the Western District of Washington. See 28 U.S.C. S 1391(b)(1) (1993). Moreover, this lawsuit could have initially been filed in Washington because it is a patent infringement matter. See 28 U.S.C. § 1400(b). Therefore, the court will next apply the most relevant public and private factors to

the facts of the case as directed by the Third Circuit's decision in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995).

*2 In Jumara, the Third Circuit Court of Appeals identified a nonexclusive list of factors that have been used to guide courts in the exercise of their discretion in ruling on requests for transfer. 55 F.3d at 879-80; see also Affymetrix, Inc. v. Synteni, Inc., 28 F.Supp.2d 192, 196-97 (D.Del.1998). These factors fall into two groups: those relating to the private convenience of the litigants and those affecting the public interest in the fair and efficient administration of justice. Jumara, 55 F.3d at 879-80. [FN1] The court should apply these factors to determine, "on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Id. at 883 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988)). The burden is on moving party to show that balance of convenience and the interests of justice weighs in favor of transfer. See Jumara, at 879.

> FN1. The private interests may include: 1) the plaintiff's original forum preference; 2) the defendant's preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties; 5) the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and 6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). Jumara, 55 F.3d at 879-880. The public interests may include: 1) the enforceability of the judgment; 2) practical considerations that make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases. Id.

A. Private Factors

The court concludes that the balance of the private factors tips slightly in favor of transfer. In this case, the court finds the convenience of the parties, the convenience of the witnesses, and the location of records and books to be the most pertinent of the private factors. Although both parties are incorporated in Delaware, Precor maintains its headquarters in the Western District of Washington and Life Fitness in Franklin Park, Illinois. Additionally, neither of the parties, their witnesses, or any of the potentially relevant documents and records are located in Delaware.

Recognizing that the balance of convenience tips toward the Western District of Washington, Precor further argues that Life Fitness will suffer no greater inconvenience in traveling to Washington than Delaware. In contrast, Life Fitness argues that its choice of forum is paramount. The court acknowledges that a plaintiff's choice of forum is a "paramount" consideration that is not to be "lightly disturbed." Schutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.1970); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir.1995). In this case, however, the plaintiff's preference for Delaware is not given as much deference because most of the events at issue, that is, the design and manufacture of the exercise equipment, occurred outside of Delaware. See Britamco Underwriters, Inc. v. Wallace, 56 F.Supp.2d 542, 545 (E.D.Pa.1999). "[T]he transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen ... a forum where the alleged wrongful activity occurred." Continental Casualty Co. v. American Home Assurance Co., 61 F.Supp.2d 128, 131 (D.Del.1999). Thus, because the parties are located outside of Delaware, the witnesses as well as the relevant documents and records are located in Washington, and the product at issue was designed and manufactured in Washington, the Western District of Washington is a more convenient forum for the litigation.

B. Public Factors and the Interest of Justice

*3 Although the private factors tip slightly in favor of the Western District of Washington, the relevant public factors weigh heavily in favor of transfer. Most relevant to the courts inquiry is whether there are practical considerations that would make trial "easy, expeditious, or inexpensive." Jumara, 55 F.3d at 879. In this case, there has already been litigation on the '207 patent, a parent patent of the one at issue here, in the Western District of Washington. This matter is on appeal. Moreover, the parties are currently litigating another patent infringement matter involving exercise

Not Reported in F.Supp.2d                                                                           **Page 10**
(Cite as: 2000 WL 1876477, *3 (D.Del.))

equipment in the Western District of Washington. [FN2] Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." See Liggett Group, Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518, (D.N.J.2000) (citations omitted). Thus, the court finds that transferring this case would promote the interests of justice.

> FN2. The parties disagree as to whether this is a directly related matter.

III. CONCLUSION.

Finding that the balance of convenience and the interests of justice weigh in favor of transfer,

IT IS HEREBY ORDERED that:

1. Precor Incorporated's Motion to Transfer is GRANTED; and

2. This matter shall be TRANSFERRED to the Western District of Washington.

2000 WL 1876477 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

# EXHIBIT D

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.

CLEAR LAM PACKAGING, INC., Plaintiff,
v.
ROCK-TENN COMPANY, Defendant.

No. 02 C 7491.

Aug. 22, 2003.

Craig L. John, Maryann Pierce Perttunen, Dykema Gossett PLLC, Bloomfield Hills, MI, Richard Eric Gottlieb, Dykema Gossett PLIC, Chicago, IL, Lawrence R. Radanovic, Dykema Gossett, Washington, DC, Caesar A. Tabet, Deborah Estelle Decker and Daniel 1. Konieczny, Tabet DiVito & Rothstein, LLC, Chicago, IL, for plaintiff.

William Robert Quinlan, James Andrew Niewiara, Brian James Alesia, Quinlan & Crisham, P.C., Chicago, IL, and Lynne A Borchers, Myers Bigel Sibley & Sajovec, P.A., Raleigh, NC, for defendant.

MEMORANDUM OPINION AND ORDER

GUZMAN, J.

*1 This is an action by Clear Lam Packaging, Inc. ("Clear Lam") against Rock-Tenn Company ("Rock-Tenn") for a declaratory judgment of noninfringement, invalidity and unenforceability of Rock-Tenn's U.S. Patent No. 6,430,467 ("the '467 patent"). In addition, Clear Lam alleges tortious interference with economic advantage against Rock-Tenn. Rock-Tenn has counterclaimed based on infringement. For the reasons set forth in this Memorandum Opinion and Order, the Court denies the defendant's motion to dismiss and grants the defendant's motion to transfer.

FACTS

Counts I through III of Clear Lam's complaint seeks a declaration of invalidity, unenforceability and non-infringement of the '467 patent, entitled "Processes for Packaging Perishable and Other Products." (Second Am. Compl., Ex. A, U.S. Patent No. 6,430,467.) The patent relates to packaging and processes for facilitating fast, efficient and reliable automated production line packaging of case-ready meat using non-foam trays. "The non-foam trays feature separation structures that permit manufacture, storage, stacking, shipment, and dispensing on processing lines with minimum chance or potential of the sort of locking together which can otherwise occur with non-foam containers." (Id.) Rock-Tenn is the assignee of the '467 patent. (Second Am. Compl. ¶ 8.)

Clear Lam's Second Amended Complaint alleges that Rock-Tenn engaged in an unlawful campaign throughout Illinois and elsewhere to interfere with Clear Lam's business with its customers and prospective customers. (Second Am. Com pl. ¶¶ 39-45.) The interference allegedly includes Rock-Tenn's numerous contacts with customers and prospective customers of Clear Lam, threats by Rock-Tenn to those customers and prospective customers that they not engage in any further business with Clear Lam, and various statements by Rock-Tenn to customers and prospective customers stating that Clear Lam will not be able to continue in the packaging business. (Id.)

"Prior to Clear Lam's filing of this action on October 17, 2002, Rock-Tenn had previously filed three patent infringement actions [against other entities] in the United States District Court for the Northern District of Georgia asserting infringement of the '467 patent." (Def.'s Mem. Law Supp. Def.'s Mot. Transfer at 3.) "On November 13, 2002 Rock-Tenn filed a fourth patent infringement action in the Northern District of Georgia [asserting] infringement" of the '467 patent. (Id.) "Like Clear Lam, three defendants in the related actions ... have asserted that Rock-Tenn's '467 patent is invalid." Additionally, two defendants "have asserted that the '467 patent is unenforceable." (Id.) All four cases are pending before the Honorable Jack T. Camp in the United States District Court for the Northern District of Georgia. (Id.)

Rock-Tenn is a Georgia corporation and its plastic packaging division, which markets and sells nonfoam trays under the name Durafresh, is headquartered in Norcross, Georgia and has a second facility in Franklin Park, Illinois. (Id. at 4.) The four inventors of the '467 patent are residents of Georgia. (Id. at 5.) Rock-Tenn claims that the

Not Reported in F.Supp.2d
(Cite as: 2003 WL 22012203, *1 (N.D.Ill.))

Page 16

majority of documents, data compilations or tangible things related to the '467 patent are located in Georgia. Rock-Tenn's potential witnesses are in Georgia, Illinois, Missouri, Ohio, Georgia, Virginia, Massachusetts, Texas, South Dakota, and Arkansas. (Id.)

*2 Clear Lam is an Illinois corporation whose principal place of business is in Elk Grove Village, Illinois. (Second Am. Compl. ¶ 1.) They filed the case in Illinois on October 17, 2002. The majority of the plaintiff's potential witnesses are located in Illinois and its relevant documents are located in Illinois. (Pl's. Mem. Opp. Def's. Mot. Transfer at 2-4.) Plaintiff promotes itself as a national company on its website. (Borchers Decl. Ex. 4).

DISCUSSION

I. Rule 12(b)(1)

On a motion to dismiss under Rule 12(b)(1), where the motion challenges the sufficiency of the allegations of subject matter jurisdiction, the district court must accept as true all well-pleaded allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir.1996).

Rock-Tenn argues that this Court lacks subject matter jurisdiction over Clear Lam's state law tortious interference claim against Rock-Tenn. When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Supplemental jurisdiction has been codified by 28 U.S.C. § 1367 which provides that, with the exception of actions brought solely under 28 U.S.C. § 1332:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case the exercise of supplemental jurisdiction is proper as to the tortious interference with economic advantage claim. First, no novel or complex issue of state law is raised. Second, the state claim does not predominate over the federal claims. Third, all the claims arise out of the same dispute over the '467 patent and therefore derive "from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Finally, no exceptional circumstances appear to be present. Therefore, the Court will not decline to exercise supplemental jurisdiction and accordingly denies the defendant's motion to dismiss such claim for lack of jurisdiction.

II. Rule 12(b)(6)

*3 When ruling on a Rule 12(b)(6) motion to dismiss, courts must construe the complaint "in the light most favorable to the plaintiff." Caldwell v. City of Elwood, 959 F.2d 670, 671 (7th Cir.1992). In keeping with this end, the facts pleaded in the complaint are taken as true. Harris v. Brock, 835 F.2d 1190, 1193 (7th Cir.1987). Therefore, courts must consider "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir.1992).

Rock-Tenn argues that Clear Lam's state law claim of tortious interference with economic advantage is preempted by federal patent law. 28 U.S.C. § 1338(a) states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." See Rodime PLC v. Seagate Tech., 174 F.3d 1294, 1306 (Fed.Cir.1999) (stating that state law claims must entail elements in addition to patent laws to avoid preemption). State law tortious interference claims are preempted by federal patent

Not Reported in F.Supp.2d                                                                         Page 17
(Cite as: 2003 WL 22012203, *3 (N.D.Ill.))

law if the state law claim is based on the patent holder's good faith communication regarding its rights under federal patent laws. Zenith Elec. Corp. v. Exzec, 182 F.3d 1340, 1355 (Fed.Cir.1999). Therefore the plaintiff must allege and ultimately prove bad faith to avoid federal preemption even if bad faith is not otherwise an element of the tort claim. Id. The determination of bad faith is a question of fact which is determined on a case by case basis. Id. Communication of accurate information about patent rights, whether by direct notice to potential infringers or by publicity release, does not support a finding of bad faith. See Mikohn Gaming Corp. v. Acres Gaming, 165 F.3d 891, 897 (Fed.Cir.1998).

In this case Rock-Tenn asserts that Clear Lam's tortious interference with economic advantage claim is deficient because it fails to properly allege bad faith. However, Clear Lam's Second Amended Complaint alleges that Rock-Tenn made defamatory statements regarding Clear Lam's stability and ability to meet customer needs. The statements were made to prospective customers and conveyed potentially damaging information about Clear Lam far in excess of accurate notification of Rock-Tenn's patent rights. Such statements support an allegation of bad faith, and thus the tortious interference claim is not deficient. Therefore the Court denies Rock-Tenn's motion to dismiss for failure to state a claim.

III. Motion to Transfer

Rock-Tenn seeks an order transferring this action from the Northern District of Illinois to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). On a motion pursuant to section 1404(a), Rock-Tenn has the burden to establish that "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." School Stuff v. School Stuff, No. 00 C 5593, 2001 WL 558050, at *5 (N.D.Ill. May 21, 2001); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir.1986). The party seeking to transfer venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219-20.

*4 First, venue is proper in both the transferor and transferee court. 28 U.S.C. § 1391(b) states that venue is proper in the judicial district where the defendant resides. In addition, under section 1391(c), a corporation may be sued where it is incorporated, licensed to do business or is doing business. In this case, Clear Lam is an Illinois corporation that has nationwide sales. Rock-Tenn is a Georgia corporation with nationwide sales and operations in both Georgia and Illinois. Accordingly, venue is proper in both transferor and transferee districts.

Second, transfer is for the convenience of the parties and witnesses. When evaluating the convenience of the parties and witnesses, courts consider: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience to the parties, and (5) the convenience of the witnesses." Technical Concepts L.P. v. Zurn Indus., No. C 5150, 2002 WL 31433408, at *2 (N.D.Ill. Oct.31, 2002). As an Illinois corporation, Clear Lam has a strong preference against transferring this case to Georgia. Accordingly, they have submitted declarations on behalf of some potential witnesses expressing the hardships associated with transferring the case to Georgia. Conversely, Rock-Tenn has similarly strong interests in favor of transferring the case to Georgia and submitted declarations on behalf of its potential witnesses in this case supporting this preference. It is clear that substantial amounts of information relevant to this case are located in both of Rock-Tenn's plastic packaging facilities in Georgia and Illinois. Weighing the respective convenience of the parties and witnesses yields little significant support to favor or disfavor a transfer to Georgia. In such a situation deference is generally given to the plaintiff's choice of forum. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 718 (7th Cir.2002).

Third, while deference must be given to the plaintiff's choice of forum, the court should determine whether a transfer is in the interest of justice. The interest of justice analysis relates to the efficient functioning of the courts and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result. Coffey, 796 F.2d at 221. As a

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d                                                                         Page 18
(Cite as: 2003 WL 22012203, *4 (N.D.Ill.))

general proposition, related litigation should be transferred to a forum where consolidation is feasible. See id. at 220-21; Berol Corp. v. BIC Corp., No. 02 C 0559, 2002 WL 1466829, *5 (N.D.Ill. July 8, 2002) ("When pending litigation involves the same parties and similar legal, technical and infringement issues, transfer to that venue is logical and strongly favored."); Carus Corp. v. Greater Texas Finishing Corp., No. 91 C 2560, 1992 WL 22691 (N.D.Ill. Jan 31, 1992) (granting transfer to federal court in Southern District of New York where three cases were pending involving infringement of same patent by different defendants).

*5 In this case, there are four other cases pending involving the '467 patent. The coordination of discovery, the participation in and application of the Markman ruling, and the desire to avoid conflicting judicial determinations strongly supports transferring this case to Georgia. See Markman v. Westview Instr., 52 F.3d 967, 978-79 (Fed.Cir.1995), aff'd, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Clear Lam's willingness to participate in and be bound by the Northern District of Georgia's Markman hearing does not overcome the substantial benefits of transferring this case to the district where the related actions are pending. Failure to transfer may lead to inconsistent judicial determinations regarding the '467 patent and will likely cause unnecessarily repetitive discovery procedures and hardship for witnesses who may be subject to multiple depositions regarding similar claims regarding the '467 patent.

Finally, when evaluating whether a transfer is convenient and fair under section 1404(a) this Court must consider public interest factors such as: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue." School Stuff, 2001 WL 558050, at *6.

First, data shows that the median disposition time of civil cases in the Northern District of Illinois is faster than in the Northern District of Georgia, but the median time from filing to trial of civil cases is faster in the Northern District of Georgia than the Northern District of Illinois. However this factor usually is not a major factor of importance. Rouse Woodstock, Inc. v. Surety Fed. Sav. & Loan Ass'n., 630 F.Supp. 1004, 1014 (N.D.Ill.1986). Second, the court's familiarity with the applicable law is not relevant in this case because both the Northern District of Illinois and the Northern District of Georgia are "equally well-equipped to accommodate patent infringement cases." Berol, 2002 WL 1466829, at *6. Clear Lam's nonfoam trays are sold nationwide, therefore the alleged infringement presumably occurs in many states and, as a result, several states have "equal interests in redressing the alleged infringement." Id. at *5. Finally, the desirability of resolving controversies in their locale and the relation to the community to the occurrence at issue does not favor either forum since Rock-Tenn has plastic packaging plants in both Georgia and Illinois and Clear Lam has nationwide sales. Therefore the public interest factors do not weigh significantly in favor of, or in opposition to, transferring this case to the Northern District of Georgia.

A balancing of the relevant factors necessary to a transfer determination indicates that in this case transfer to the Northern District of Georgia is appropriate. Transfer of this case to the district where relevant actions are pending will ensure the uniformity of the substantive rulings in this complex area of law while conserving judicial resources. Any inconvenience Clear Lam may experience as a result of the transfer of this case is "relatively insignificant in comparison to the interests of justice served by doing so." First Health Group Corp. v. Allcare Health Mgmt. Sys., No. 01 C 1790, 2001 WL 686777, at *2 (N.D.Ill. June 15, 2001). Therefore in the interests of justice and judicial efficiency, the defendant's motion to transfer this case to the Northern District of Georgia is granted.

CONCLUSION

*6 For the foregoing reasons, this Court denies the defendant's motion to dismiss [39-1] and grants the defendant's motion to transfer to the Northern District of Georgia [15-1].

SO ORDERED

2003 WL 22012203 (N.D.Ill.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo