# EXHIBIT G

Not Reported in F.Supp.2d
(Cite as: 2001 WL 34368395 (D.Del.))

Page 33

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.

Ole K. NILSSEN and Geo Foundation, Ltd.,
Plaintiffs,
v.
OSRAM SYLVANIA, INC. and Osram Sylvania
Products, Inc., Defendants.

No. Civ.A. 00-695-JJF.

May 1, 2001.

Donald F. Parsons, Jr., and Mona A. Lee, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, Harry J. Roper, Raymond N. Nimrod, John E. Titus, and Jonathon Hill, of Roper & Quigg, Chicago, Illinois, for Plaintiffs, of counsel.

Richard K. Herrmann, of Blank Rome Comisky & Mccauley LLP, Wilmington, Delaware, Brian D. Sieve, Thomas G. Pasternak, Andrew M. Johnstone, and Kevin J. O'Shea, of Kirkland & Ellis, Chicago, Illinois, for Defendants, of counsel

MEMORANDUM OPINION

FARNAN, J.

*1 Presently before the Court is Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (D.I.15). For the reasons stated below, the Court will grant the motion.

BACKGROUND

Ole K. Nilssen ("Mr.Nilssen") is a Florida resident with his principal place of business in Chicago, Illinois. [FN1] (D.I. 1 at ¶ 4). Mr. Nilssen is engaged in the business of "identifying, formulating plans for, developing know-how and technology for, and implementing (via licensing agreements) promising new business opportunities in the field of electronics, including electronic ballasts." (D.I. 1 at ¶ 8). Geo Foundation ("Geo") is a non-profit corporation incorporated in the Cayman Islands, British West Indies. (D.I. 1 at ¶ 5)(Mr. Nilssen and Geo collectively referred to as "Plaintiffs").

FN1. Mr Nilssen contends that his ongoing business in Illinois, Innovations Center, "is now defunct." (D.I. 24, Exh. 1 at ¶ 8). However, Plaintiffs' Complaint alleges that Mr. Nilssen is currently engaged in "business opportunities." (D.I. 1 at ¶ 4). Further, Mr. Nilssen admits that he still travels to Illinois regularly to "bring closure to [his] other business dealings that take place in Illinois." (D.I. 24, Exh. 1 at ¶ 8). The Court concludes that, for purposes of the instant motion, this record sufficiently establishes that Mr. Nilssen's principal place of business is in Illinois.

OSRAM Sylvania, Inc. and OSRAM Sylvania Products, Inc. (collectively "Defendants") are Delaware corporations with their principal places of business in Danvers, Massachusetts. (D.I. 13 at ¶ 6-7). Defendants are engaged in the business of making and selling electronic ballasts. (D.I. 13 at ¶¶ 11).

Plaintiffs filed the instant action against Defendants on August 1, 2000 In their Complaint, Plaintiffs contend that Defendants wilfully infringe twenty-six patents that were invented and are owned by Mr. Nilssen and of which Geo holds exclusive licenses. [FN2] (D.I. 1 at ¶¶ 9. 10, 13). On January 24, 2001, Defendants filed the instant motion to transfer the case to the United States District Court for the Northern District of Illinois. (D.I.15).

FN2. These patents include U.S. Patent No. B1 4,667.345; U.S. Patent No. 4,857,806; U.S. Patent No. 4,954,754; U.S. Patent No. 4,983,887; U.S. Patent No. 5,013,974; U.S. Patent No. 5,047,690; U.S. Patent No. 5,164,637; U.S. Patent No. 5,185,560; U.S. Patent No. 5,189,342; U.S. Patent No. 5,191,262; U.S. Patent No. 5,214,356; U.S. Patent No. 5,233,270; U.S. Patent No. 5,341,067; U.S. Patent No. 5,343,123; U.S. Patent No. 5,402,043; U.S. Patent No. 5,416,386; U.S. Patent No. 5,432,409; U.S. Patent No. 5,446,347; U.S. Patent No. 5,471,118; U.S. Patent No. 5,479,074; U.S. Patent No. 5,481,160; U.S. Patent No. 5,510,680; U.S. Patent No. 5,510,681; U.S. Patent No. 5,621.279; U.S. Patent No 5,736,819 and U.S. Patent No. 6,002,210. (D.I. 1 at ¶ 9).

DISCUSSION

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of

Not Reported in F.Supp.2d
(Cite as: 2001 WL 34368395, *1 (D.Del.))

Page 34

justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Since it is undisputed that Plaintiffs could have brought the instant action in the Northern District of Illinois, the Court's only task is to determine whether the factors enumerated in § 1404(a) warrant a transfer under the circumstances.

In determining whether or not to transfer venue under § 1404(a), a district court must consider a number of different factors. These factors include several private interests: (1) the convenience of the parties due to their relative physical and financial conditions, (2) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (3) the location of books and records, to the extent that these books and records could not be produced in a certain forum. Memminger v. InfoCure Corp., C.A. No. 00-707-JJF, slip op. at 4 (D.Del. Nov. 14, 2000)(citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995)). [FN3] These factors also include several public interests:

> FN3. Jumara also listed the following private interests that district courts should consider: (1) the plaintiff's choice of forum, (2) the defendant's preferred forum, and (3) whether the claim arose elsewhere. 55 F.3d at 879. Subsequent decisions of this Court, however, have determined that these interests are subsumed by the other Jumara factors. Memminger, slip op. at 5. Therefore, to avoid considering the same interests twice, the Court will not considered them separately Id.

(1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases.

*2 Id. (citing Jumara, 55 F.3d at 879-80). When determining whether or not transfer is warranted under the circumstances, district courts must balance all of the relevant factors. Jumara, 55 F.3d at 883. "The burden is upon the [moving party] to establish that the balance of the [factors] strongly weighs in favor of the requested transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." Memminger, slip op. at 4-5. Below, the Court will analyze the factors relevant to the instant motion.

A. Convenience of the Parties

The Court concludes that the convenience of the parties due to their relative physical and financial conditions weighs slightly in favor of transfer. Defendants' principal places of business are located in Danvers, Massachusetts. (D.I. 16 at 5). Many of Defendants' accused products are manufactured in Lake Zurich, Illinois, which is within the Northern District of Illinois. (D.I. 16 at 5). Defendants' contacts with Delaware, on the other hand, are minimal: Defendants are incorporated under Delaware law, Defendants have one salesperson who works out of a home office in Delaware, and some of Defendants' accused products are sold in Delaware. [FN4] (D.I. 16 at 5). See Memminger, slip op. at 6-7 (recognizing that the mere fact a defendant is incorporated in a given forum does not mean that transfer to another forum is not warranted); Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F.Supp.2d 729, 730-30 (S.D.N.Y.1998)(holding that the Southern District of New York's connection to the litigation was "tenuous" for purposes of venue transfer analysis when the defendant was incorporated in New York and over 100 of the defendant's allegedly infringing products were sold in New York). Also supporting the requested transfer is the fact that Mr. Nilssen's principal place of business is in Illinois, and that several of his current and former employees reside in Illinois.

> FN4. Plaintiffs' contention that their "claim arose" in Delaware, because some of Defendants' accused products are sold in Delaware, lacks merit. Defendants' products are sold nationwide; therefore, Delaware does not have any special "connection" to the case that would weigh against the requested transfer.

Based on these considerations, the Court concludes that it would be more convenient to litigate in the Northern District of Illinois rather than in Delaware. However, this factor weighs only slightly in favor of transfer because both Defendants are large companies that are financially capable of litigating in a distant forum. Motorola Inc. v. PC-

Not Reported in F.Supp.2d
(Cite as: 2001 WL 34368395, *2 (D.Del.))

Page 35

Tel. Inc., 58 F.Supp.2d 349, 358 (D.Del.1999)(holding that when the party seeking transfer is a multimillion dollar company, unless the company can articulate "some unique or unexpected burden" associated with litigating in a distant forum, this factor only weighs slightly in favor of transfer).

B. Convenience of the Witnesses

The Court concludes that the convenience of the witnesses weighs strongly in favor of transfer. The convenience of the witnesses is the most important factor in venue transfer analysis. Mentor Graphics v. Quickturn Design Sys., Inc., 77 F.Supp.2d 505, 510 (D.Del.1999). The convenience of a witness is only relevant, however, "to the extent that the witness may actually be unavailable for trial in one of the fora." Asten Inc. v. Weavexx Corp., 2000 WL 1728354, at *4 (D.Del. Feb. 11, 2000)(quoting Jumara, 55 F.3d at 879). A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power. Mentor Graphics, 77 F.Supp.2d at 511. However, witnesses employed by the parties are not considered by a court conducting venue transfer analysis because the parties are obligated to procure the presence of their own employees at trial. Id.

*3 In the instant case, Defendants contend that no witnesses reside in Delaware but that a number of principal witnesses reside in the Northern District of Illinois, including: (1) Dale Fiene--an employee of Mr. Nilssen, (2) Robert Schneider--a former employee of Mr. Nilssen, (3) employees of Defendants, (4) employees of Motorola, Inc, and (5) employees of Advance Transformer, Inc. ("Advance"). (D.I. 16 at 10). In response, Plaintiffs contend that Defendants' contentions are unavailing because (1) Defendants have failed to explain the nature of these witnesses' testimony, and in several cases, have even failed to name the witnesses, (2) Defendants have failed to show that the use of videotaped deposition testimony would be an inadequate substitute for live trial testimony, and (3) Defendants have not alleged that any witnesses actually will be unavailable for trial. (D.I. 25 at 11).

The Court concludes that Plaintiffs' second and third arguments can be summarily rejected. As to Plaintiffs' third argument, as previously discussed, a party only needs to establish that witnesses might be unavailable for trial. As to Plaintiffs' second argument, the Court concludes that videotaped depositions are not an adequate substitute for live trial testimony when conducting venue transfer analysis because "[v]ideo depositions ... are unlikely to hold the rapt attention of a jury." AlliedSignal, Inc. v. Cooper Auto., Inc., 1997 U.S. Dist. LEXIS 22902, at *11 n. 4 (D.Del. July 30, 1997).

Plaintiffs' first argument warrants more consideration. One of these witnesses, Dale Fiene, is a current employee of Mr. Nilssen; therefore, the Court concludes that Mr. Fiene should not be considered in the analysis. [FN5] (D.I. 24 at 9). The Court also agrees that Defendants' employees do not weigh into the analysis. However, Mr. Schneider, a former employee of Mr. Nilssen, and employees from Motorola and Advance do warrant consideration because they are potential third party witnesses.

> FN5. To the extent that Mr Nilssen admits that Mr. Fiene is a current employee, such admission belies Mr Nilssen's attempt to downplay the extent of his business contacts in Illinois.

Plaintiffs contend that these potential third party witnesses do not weigh in favor of transfer because Defendants have failed to specifically identify many of these witnesses by name and/or the content of their testimony. (D.I. 24 at 10-11). However, Defendants specifically identify Mr. Schneider and note that his testimony is relevant because Mr. Schneider has submitted a number of affidavits to the PTO on Mr. Nilssen's behalf. (D.I. 16 at 10). Mr. Schneider's knowledge is relevant to Defendants' affirmative defenses, especially Defendants' allegations of inequitable conduct by Mr. Nilssen during the prosecution of many of the patents in suit.

Defendants' potential witnesses from Motorola and Advance have not been identified by name. However, Defendants indicate that Motorola's employees will testify about Motorola's business dealings with Mr. Nilssen and about prior art to the patents in suit. (D.I. 16 at 10). Defendants also indicate that Advance's employees will provide relevant testimony about a reasonable royalty and about prior art. [FN6] (D.I. 16 at 10). The Court concludes that such identification, especially when

fact discovery has yet to take place and when Plaintiffs have yet to specify the specific patent claims and products implicated in the lawsuit, is sufficient for purposes of venue transfer analysis. [FN7] Therefore, the Court concludes that the convenience of the witnesses strongly weighs in favor of transfer.

> FN6. Advance's employees are knowledgeable on such issues because Advance has a license agreement with Mr. Nilssen. (D.I. 16 at 10).

> FN7. The cases cited by Plaintiffs in which the Court refused to afford unnamed witnesses any weight in the analysis involved situations where the movant merely stated that some witnesses existed that would not be available for trial. (D.I. 24 at 10-11)(citing Motorola, 58 F.Supp.2d at 359; Sunds Defribator, Inc. v. Durametal Corp., 1997 WL 74660, at *3 (D.Del. Jan. 31, 1997)). Defendants' identification of the witnesses distinguishes the instant case from Motorola and Sunds Defribator.

C. Practical Considerations

*4 The Court also concludes that practical considerations regarding the ease, speed, or expense of trial strongly weigh in favor of the requested transfer. If related cases are pending in the district to which transfer is sought, such fact weighs in favor of the transfer. Affymetrix, Inc. v. Synteni, Inc., 28 F.Supp.2d 192, 206 (D.Del.1998). In a recent case granting a motion to transfer, the Court relied heavily on the existence of patent litigation in another forum involving "a parent patent of the one at issue" and a patent involving a similar type of product which was arguably "directly related" to the patent at issue. Brunswick Corp. v. Precor Incorp., 2000 WL 1876477, at *3, n. 2 (D.Del. Dec. 12, 2000).

In the instant action, Plaintiffs allege infringement of twenty-six patents, at least six of which are also being litigated in the Northern District of Illinois. [FN8] In the Illinois cases, Markman rulings have already been issued and case dispositive motions have already been filed. (D.I. 16 at 4). Therefore, the Court concludes that the waste of judicial resources in requiring two different courts to construe at least six of the same patents, [FN9] and to render Markman rulings on each of these patents, is a factor that strongly weighs in favor of transfer.

[FN10]

> FN8. The number of patents in the instant case that overlap with patents involved in cases pending in the Northern District of Illinois is in dispute. Defendants contend that thirteen of the patents in this case are being litigated in Nilssen v. Motorola, Inc., Case No. 96-5571, and that three of these patents are also being litigated in Nilssen v. MagneTek. Inc., Case No. 98-2229. (D.I. 16 at 4). Plaintiffs respond that only six patents overlap between the Motorola case and the action presently before the Court. (D.I. 24 at 12 & n. 4). The Court concludes that it is unnecessary to determine exactly how many of the patents overlap and will accept as true, for purposes of this motion, that only six patents overlap.

> FN9. Defendants point out that the file wrapper for one of the overlapping patents consists of over 1,700 pages.

> FN10. Plaintiffs contend that the doctrine of collateral estoppel will prevent any waste of judicial resources by precluding duplicative litigation. However, collateral estoppel only applies when a final judgment is rendered, so it could take months or years for collateral estoppel to become applicable. If Markman rulings are issued in the instant case that conflict with those rendered in the Northern District of Illinois prior to collateral estoppel becoming applicable, this could result in inconsistent judgments virtually guaranteeing that one of the judgments will get reversed on appeal. This judicial waste can be avoided by granting the instant motion to transfer.

CONCLUSION

In balance, the Court concludes that the relevant factors strongly weigh in favor of a transfer to the Northern District of Illinois. Both the convenience of the witnesses and practical considerations strongly weigh in favor of transfer, and the convenience of the parties weighs slightly in favor of transfer. On the other hand, no factors weigh against the requested transfer. [FN11] As a result, the Court concludes that a transfer to the Northern District of Illinois is warranted under the circumstances.

> FN11. Plaintiffs contend that they have a legitimate

Not Reported in F.Supp.2d
(Cite as: 2001 WL 34368395, *4 (D.Del.))

Page 37

desire to litigate in Delaware in order to quickly resolve the matter, and that this factor weighs in favor of transfer. (D.I. 24 at 12). However, the statistical evidence submitted by Defendants reveal that civil cases are, on average, resolved more quickly in the Northern District of Illinois than in Delaware; however, in cases that ultimately go to trial, Delaware is a more expedient forum. (D.I.16, Exh. H). Furthermore, Plaintiffs have admitted that the slow pace in the cases pending in the Northern District of Illinois is "due to the pace set by the lawyers." (D.I. 25, Exh. B at 2). Plaintiffs nonetheless assert that, because a trial date has already been set in the instant case for February 11, 2002, the instant suit will be resolved more quickly if tried in Delaware. However, in complex patent cases such as this, the initial trial date is often pushed back as discovery problems arise. Considering the number of patents at issue in this case and that discovery has yet to commence, the February 11, 2002 trial date looks unrealistic After the briefing in this matter was completed, Plaintiffs sent two letters to the Court (D.I 27; D.I. 28) indicating that the summary judgment motions pending in the Northern District of Illinois cases were going to be further delayed because the motions had been referred to a special master. However, the Northern District of Illinois's referral order, which is attached to one of Plaintiffs' letters, highlights the fact that quick resolution of the lawsuit in this District is unlikely. The Order stated that: "the voluminous documents and arguments involved in the case" and "the legal and factual complexity of the case" would be such a drain on judicial resources that the appointment of a special master is warranted. (D.I.28). The Court concludes that requiring two different courts to duplicate much of the same work would be inefficient and would not produce a more expedient resolution in this forum.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 1 day of May, 2001, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (D.I.15) is GRANTED.

2001 WL 34368395 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

# EXHIBIT H

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.

Ole K. NILSSEN, Plaintiff,
v.
EVERBRITE, INC., Defendant.

No. Civ.A. 00-189-JJF.

Feb. 16, 2001.

Donald F. Parsons, Jr., and Mona A. Lee, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware. Harry J. Roper, Raymond N. Nimrod, John E. Titus, and Jonathon Hill, of Roper & Quigg, Chicago, Illinois, for Plaintiff, of counsel.

Richard K. Herrmann, and Dale R. Dube, of Blank Rome Comisky & McCauley LLP, Wilmington, Delaware. Brian D. Sieve, Michael A. Parks, John F. Paschke, and G. Courtney Holohan, of Kirkland & Ellis, Chicago, Illinois, for Defendant, of counsel.

MEMORANDUM OPINION

FARNAN, J.

*1 Presently before the Court is Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) (D.I.11). For the reasons stated below, the Court will grant Defendant's motion.

BACKGROUND

Plaintiff Ole K. Nilssen ("Plaintiff") is a Florida resident with his principal place of business in Chicago, Illinois. [FN1] (D.I. 3 at ¶ 3). Plaintiff is engaged in the business of "identifying, formulating plans for developing know-how and technology for, and implementing (via licensing agreements) promising new business opportunities in the field of electronics, including gas tube sign power supplies." (D.I. 3 at ¶ 6). Defendant Everbrite, Inc. ("Defendant") is a Wisconsin corporation engaged in the business of making and selling gas tube sign power supplies. (D.I. 3 at ¶ 4, 8). Plaintiff filed the instant action against Defendant on March 22, 2000. (D.I. 1 at 4). In his Amended Complaint, Plaintiff contends that Defendant has been making, using, and selling gas tube sign power supplies, and that this conduct constitutes willful infringement of eight patents that were invented and are owned by Plaintiff. [FN2] (D.I. 3 at ¶ 7, 12-14). On May 12, 2000, Defendant filed the instant motion to transfer the case to the United States District Court for the Northern District of Illinois. (D.I.11).

FN1. Defendant disputes that Plaintiff is a Florida resident, and Defendant has proffered documentary evidence that suggests Plaintiff actually resides in Illinois. Because the Court does not consider this fact determinative to the instant motion, the Court will assume that Plaintiff is a Florida resident. However, the Court will also assume for purposes of this motion that Plaintiff's principal place of business is located in Illinois. This assumption is based on the fact that, in response to Defendant's contention that Plaintiff resides and maintains his principal place of business in Illinois, Plaintiff simply responds: "[d]enied. [Plaintiff] resides in Florida." (D.I. 16 at ¶ 3). The Court construes Plaintiff's failure to deny that his principal place of business is located in Illinois as an implicit admission that this allegation is true. The presumption that Plaintiff's business is located in Illinois is further bolstered by the fact that a number of Plaintiff's current and former employees reside in Illinois. (D.I. 12 at 10; D.I. 27 at 8-9).

FN2. These patents include U.S. Patent No. 4,563,719; U.S. Patent No. 4,663,571; U.S. Patent No. 5,039,919; U.S. Patent No. 5,164,637; U.S. Patent No. 5,214,356; U.S. Patent No. 5,341,067; U.S. Patent No. 5,446,347; and U.S. Patent No. 5,510,680. (D.I. 3 at ¶ 7).

DISCUSSION

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Since it is undisputed that Plaintiff could have brought the instant action in the Northern District of Illinois, the Court's only task is to determine whether the factors enumerated in § 1404(a) warrant a transfer under the circumstances.

In determining whether or not to transfer venue under § 1404(a), a district court must consider a

number of different factors. These factors include several private interests: (1) the convenience of the parties due to their relative physical and financial conditions, (2) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (3) the location of books and records, to the extent that these books and records could not be produced in a certain forum. Memminger v. InfoCure Corp., C.A. No. 00-707-JJF, slip op. at 4 (D.Del. Nov. 14, 2000)(citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995)). [FN3] These factors also include several public interests:

> FN3. Jumara also listed the following private interests that district courts should consider: (1) the plaintiff's choice of forum, (2) the defendant's preferred forum, and (3) whether the claim arose elsewhere. 55 F.3d at 879. Subsequent decisions of this Court, however, have determined that these interests are subsumed by the other Jumara factors. Memminger, slip op. at 5. Therefore, to avoid considering the same interests twice, the Court will not considered them separately. Id.

(1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases.

Id. (citing Jumara, 55 F.3d at 879-80). When determining whether or not transfer is warranted under the circumstances, district courts must balance all of the relevant factors. Jumara, 55 F.3d at 883. "The burden is upon the [moving party] to establish that the balance of the [factors] strongly weighs in favor of the requested transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." Memminger, slip op. at 4-5. Below, the Court will analyze the factors relevant to the instant motion.

A. Convenience of the Parties

*2 The Court concludes that the convenience of the parties due to their relative physical and financial condition weighs slightly in favor of transfer. Defendant's principal place of business is located in Greenfield, Wisconsin, which is less than 100 miles from the federal courthouse in Chicago, Illinois. (D.I. 12 at 6). Although Plaintiff resides in Florida, his principal place of business is located in Illinois and several former and current employees reside in Illinois. Therefore, the Court concludes that it would be more convenient to litigate in the Northern District of Illinois rather than in Delaware. However, this factor weighs only slightly in favor of transfer because Defendant is a large company--with approximately § 140 million in sales in 1999--that is financially capable of litigating in Delaware. Motorola Inc. v. PC-Tel, Inc., 58 F.Supp.2d 349, 358 (D.Del.1999)(holding that when the party seeking transfer is a multimillion dollar company, unless the company can articulate "some unique or unexpected burden" associated with litigating in a distant forum, this factor only weighs slightly in favor of transfer).

B. Convenience of the Witnesses

The Court concludes that the convenience of the witnesses weighs strongly in favor of transfer. The convenience of the witnesses is the most important factor in venue transfer analysis. Mentor Graphics v. Quickturn Design Sys., Inc., 77 F.Supp.2d 505, 510 (D.Del.1999). The convenience of a witness is only relevant, however, "to the extent that the witness may actually be unavailable for trial in one of the fora." Asten Inc. v. Weavexx Corp., 2000 WL 1728354, at *4 (D.Del. Feb. 11, 2000)(quoting Jumara, 55 F.3d at 879). A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power. Mentor Graphics, 77 F.Supp.2d at 511. However, witnesses employed by the parties are not considered by a court conducting venue transfer analysis because the parties are obligated to procure the presence of their own employees at trial. Id.

In the instant case, Defendant contends that no witnesses reside in Delaware but that a number of principal witnesses reside in the Northern District of Illinois, including: (1) Dale Fiene--an employee of Plaintiff, (2) Robert Schneider--a former employee of Plaintiff, (3) two former employees of Defendant, and (4) employees from an Illinois company called Advance Transformer, Inc. ("Advance") (D.I. 12 at 10-11). In response, Plaintiff contends that (1)

Not Reported in F.Supp.2d
(Cite as: 2001 WL 34368396, *2 (D.Del.))

Page 30

Defendant's contentions are unavailing because Defendant has failed to explain the nature of these witnesses' testimony, and in several cases, has even failed to name the witnesses, (2) Defendant has failed to show that the use of videotaped deposition testimony would be an inadequate substitute for live trial testimony, and (3) Defendant has not alleged that any witnesses actually will be unavailable for trial. (D.I. 27 at 9-10).

*3 The Court concludes that Plaintiff's second and third arguments can be summarily rejected. As to Plaintiff's third argument, as previously discussed, a party only needs to establish that witnesses might be unavailable for trial. As to Plaintiff's second argument, the Court concludes that videotaped depositions are not an adequate substitute for live trial testimony, when conducting venue transfer analysis, because "[v]ideo depositions ... are unlikely to hold the rapt attention of a jury." AlliedSignal, Inc. v. Cooper Auto., Inc., 1997 U.S. Dist. LEXIS 22902, at *11 n. 4 (D.Del. July 30, 1997). Therefore, the possibility of using videotaped depositions in lieu of trial testimony does not lessen the significance of a witness's unavailability for trial when conducting venue transfer analysis.

Plaintiff's first argument warrants more consideration. Plaintiff notes that one of these allegedly unavailable witnesses, Dale Fiene, is a current employee of Plaintiff, and should not be considered in the analysis. The Court agrees. Despite Defendant's contention that Mr. Fiene has refused to comply with valid subpoenas in the Northern District of Illinois, the Court will presume that Mr. Fiene's presence will be secured at trial. As a result, the witnesses that the Court will consider will be limited to Mr. Schneider, two former employees of Defendant, and witnesses from Advance.

Plaintiff contends that these potential witnesses do not weigh in favor of transfer because Defendant has failed to specifically identify many of these witnesses by name and/or the content of their testimony. (D.I. 27 at 9) (citations omitted). Defendant specifically identifies Plaintiff's former employee, Robert Schneider, and notes that Mr. Schneider's testimony is relevant because he has submitted a number of affidavits to the PTO on Plaintiff's behalf. [FN4] (D.I. 12 at 10). The other witnesses, although not identified by name, have been identified as employees or former employees of either Defendant or Advance. Further, Defendant has indicated the content of their potential testimony: Defendant's own former employees will testify regarding "their knowledge of the allegedly infringing designs" that they gained while employed by Defendant, (D.I. 12 at 11; Exh. H at ¶ 7), and Advance's employees will testify about license agreements between Advance and Plaintiff that are relevant to the issues of a reasonable royalty and prior art of Plaintiff's patents. (D.I. 12 at 11). The Court concludes that such identification of witnesses, especially when fact discovery has yet to take place, is sufficient for purposes of venue transfer analysis. [FN5] Therefore, the Court concludes that the convenience of the witnesses strongly weighs in favor of transfer.

> FN4. Defendant contends that submissions by Mr. Fiene and Mr. Schneider to the PTO are particularly relevant to Defendant's inequitable conduct claims. (D.I. 12 at 10).

> FN5. The cases cited by Plaintiff, in which the Court refused to afford unnamed witnesses any weight in the analysis, involved situations where the movant merely stated that some witnesses existed that would not be available for trial. (D.I. 27 at 9)(citing Motorola, 58 F.Supp 2d at 359; Sunds Defribator, Inc. v. Durametal Corp., 1997 WL 74660, at *3 (D.Del. Jan. 31, 1997)). Defendant's identification of the witnesses distinguishes the instant case from the cases cited by Plaintiff.

C. Practical Considerations

The Court also concludes that practical considerations regarding the ease, speed, or expense of trial strongly weigh in favor of the requested transfer. If related cases are pending in the district to which transfer is sought, such fact weighs in favor of the transfer. Affymetrix, Inc. v. Synteni, Inc., 28 F.Supp.2d 192, 206 (D.Del.1998). In a recent case granting a motion to transfer, the Court relied heavily on the existence of patent litigation in another forum involving "a parent patent of the one at issue" and a patent involving a similar type of product which was arguably "directly related" to the patent at issue. Brunswick Corp. v. Precor Incorp., 2000 WL 1876477, at *3, n. 2 (D Del. Dec. 12, 2000).

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d
(Cite as: 2001 WL 34368396, *4 (D.Del.))

Page 31

*4 In the instant action, Plaintiff has alleged infringement of three patents that are also at issue in the litigation in the Northern District of Illinois. In those Illinois cases, Markman rulings have already been issued and case dispositive motions have already been filed. (D.I. 12 at 12). Therefore, the Court concludes that the waste of judicial resources in requiring two different courts to become familiar with three patents, and to render Markman rulings on each of these patents, is a factor that strongly weighs in favor of transfer.

## CONCLUSION

In balance, the Court concludes that the relevant factors strongly weigh in favor of a transfer to the Northern District of Illinois. Both the convenience of the witnesses and practical considerations strongly weigh in favor of transfer, and the convenience of the parties weighs slightly in favor of transfer. On the other hand, no factors weigh against the requested transfer. [FN6] As a result, the Court concludes that a transfer to the Northern District of Illinois is warranted under the circumstances.

> FN6. Plaintiff contends that the following facts weigh against transfer: (1) Plaintiff's claim arose in Delaware, and (2) Plaintiff has a legitimate desire to litigate in Delaware in order to quickly resolve the matter. (D.I. 27 at 6, 11-12). The Court recognizes that whether or not a claim arose in a particular forum is a relevant consideration when analyzing the "local interest in local controversies" factor. However, Delaware's only connection to this case is that Defendant sold some of the allegedly infringing products in Delaware. (D.I. 27 at 6 n. 2). Under Plaintiff's theory, any forum in which the allegedly infringing product is sold has an interest in resolving the matter, and this interest would warrant a transfer to that forum. However, Plaintiff's business is located in Illinois and Defendant's business is located in Wisconsin. Thus, the Court concludes that Delaware's interest in resolving the controversy does not weigh against the requested transfer under the circumstances presented in this case. As to Plaintiff's contention that he desires an expedient resolution to the instant matter, the statistical evidence submitted to the Court reveals that civil cases are, on average, resolved more quickly in the Northern District of Illinois than in Delaware; however, in cases that ultimately go to trial, Delaware is a more expedient forum. (D.I. 12, Exh. J at ¶ 4-5). Therefore, the Court considers these statistics insignificant. Furthermore, under the instant circumstances, the Northern District of Illinois is better suited to move the case along quickly due to that court's familiarity with several of the patents at issue. Also, Plaintiff has admitted that the slow pace in the Northern District of Illinois cases is "due to the pace set by the lawyers." (D.I. 27 at 2). Thus, the Court concludes that the relative court congestion of the two fora does not weigh against transfer.

An appropriate Order will be entered.

## ORDER

At Wilmington, this 16 day of February, 2001, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) (D.I.11) is GRANTED.

2001 WL 34368396 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo