# EXHIBIT I

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.

SUMITO MITSUBISHI SILICON CORP., aka
Sumco, and Sumco USA Corp., Plaintiffs,
v.
MEMC ELECTRONIC MATERIALS, INC.,
Defendant.

No. Civ. 04-852-SLR.

March 30, 2005.

Richard D. Kirk, of Morris, James, Hitchens & Williams LLP, Wilmington, Delaware, for Plaintiffs, R. Terrence Rader, David T. Nikaido, and Ellen A. Efros, of Rader, Rishman & Grauer PLLC, Bloomfield Hills, MI, of counsel.

Patricia S. Rogowski, of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware, for Defendant, Robert M. Evans, Jr., and Marc Vander Tuig, of Senniger Powers, St. Louis, Missouri, of counsel.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 On July 13, 2004, plaintiffs Sumitomo Mitsubishi Silicon Corporation and SUMCO USA Corporation (collectively "plaintiffs") filed the present action against defendant MEMC Electronic Materials, Incorporated. (D.I.1) In response, defendant filed a motion to dismiss, transfer, or stay plaintiffs' complaint. (D.I.10) Plaintiffs subsequently filed a first amended complaint. [FN1] (D. I. 14) Presently before the court is defendant's motion to dismiss, transfer, or stay plaintiffs' amended complaint. [FN2] (D.I.19) For the reasons that follow, the court denies defendant's motion to dismiss or stay plaintiffs' amended complaint, but grants defendant's motion to transfer the case to the United States District Court for the Northern District of California.

FN1. The amended complaint alleges defendant monopolized the low defect silicon wafer market in the United States by enforcing or threatening to enforce the "fraudulently-procured" U.S. Patent No. 5,919,302 ("the '302 patent") and United States Patent No. 6,287,380 ("the '380 patent"). Plaintiffs also request declaratory judgment that: (1) none of their products infringe the '302 patent or the '380 patent; (2) the '302 patent and the '380 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, and 112; (3) the '302 patent and the '380 patent are unenforceable under the doctrine of inequitable conduct; and (4) the '302 patent and the '380 patent are void and unenforceable because of defendant's patent misuse. (D.I. 14 at 22-26)

FN2. Since plaintiff filed an amended complaint, its original complaint and all motions related to that original complaint (i.e., D.I.10) are moot. The court will only issue a ruling on defendant's motion to dismiss, transfer, or stay plaintiffs' amended complaint. The court will consider arguments in motions related to the originally filed complaint only as they pertain to defendant's motion to dismiss, transfer, or stay the amended complaint.

II. BACKGROUND

Plaintiff Sumitomo Mitsubishi Silicon Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan. (D.I. 14 at 4) Plaintiff SUMCO USA Corporation is a Delaware corporation with its principal place of business in Fremont, California. (Id.) Defendant MEMC Electronic Materials, Inc. is a Delaware corporation with its principal place of business in St. Peters, Missouri. (Id.) The parties are leading worldwide producers of electronic grade silicon wafers for the semiconductor industries. (Id.)

On December 14, 2001, defendant sued the predecessors in interest of plaintiffs [FN3] in the Northern District of California ("the Northern District Litigation"). (D.I. 11, ex. 2 at 5; D.I. 14 at 13; D.I. 20 at 3) On July 15, 2002, defendant filed an amended complaint which alleged that plaintiffs directly infringed and induced infringement of the '302 patent. [FN4] (D.I.11, ex. 1)

FN3. The predecessors in interest to plaintiffs are Mitsubishi Materials Silicon Corporation, Mitsubishi Silicon America Corporation. Sumitomo Mitsubishi Silicon Corporation, SUMCO USA Corporation and SUMCO USA Sales Corporation. (D.I.11, ex. 6) After a corporate merger in early

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d
(Cite as: 2005 WL 735880, *1 (D.Del.))

Page 46

2002, the present plaintiffs were formed and defendant amended its complaint accordingly.

FN4. In the Northern District Litigation, defendant attempted to expand the scope of the litigation to include another patent, the '380 patent, in an effort to preclude plaintiffs from arguing they had a noninfringing alternative to the '302 patent. (D.I.

In the Northern District Litigation, plaintiffs asserted in their amended answer that the '302 patent: (1) was not infringed; (2) was invalid; and (3) was unenforceable because of alleged inequitable conduct by defendant for failure to disclose material prior art to the United States Patent Office. (D.I. 11, ex. 3 at 3-4)

At the conclusion of discovery in the Northern District Litigation, plaintiffs and defendant filed motions for summary judgment: (1) of zero damages (D.I. 11, ex. 2 at 22); (2) of invalidity of the '302 patent (id. at 38); (3) of noninfringement of the '302 patent (id. at 45); (4) that the '302 patent correctly listed all inventors (id. at 46); (5) that the asserted claims read on the accused wafers (id. at 47); and (6) that the '302 patent met the enablement requirements of 35 U.S.C. § 112 (id.). The court granted plaintiffs' motion for summary judgment of zero damages and then struck all remaining motions for summary judgment. (Id. at 46, 51) On April 22, 2004, the court entered a final judgment of noninfringment. (Id. at 61) Defendant appealed the decision to the United States Court of Appeals for the Federal Circuit. (D.I.21, ex. 7)

After the court entered summary judgment, plaintiffs filed a motion for attorneys' fees, claiming that defendant had commenced the Northern District Litigation without conducting an adequate pre-filing investigation and prosecuted the lawsuit without ever asserting an adequate infringement contention. (D.I. 11, ex. 4 at 2, 14, 19, 20) This motion was denied. (Id., ex. 6 at 7-11)

III. STANDARD OF REVIEW

*2 Under 28 U.S.C. § 1404(a), [FN5] a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F.Supp.2d 192, 208 (D.Del.1998).

FN5. Title 28, Section § 1404(a) provides: For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F.Supp. 972, 973 (D.Del.1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F.Supp.2d 565, 567 (D.Del.2001); Shutte, 431 F.2d at 25.

The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F.Supp. 556, 562 (D. Del 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D.Del. Nov. 28, 2001); Cont'l Cas. Co. v. Am. Home Assurance Co., 61 F.Supp.2d 128, 131 (D.Del.1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its " 'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re ML-Lee Acquisition Fund II, L.P., 816 F.Supp. 973, 976 (D.Del.1993).

The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995) Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterizes as either private or public interests.

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d
(Cite as: 2005 WL 735880, *2 (D.Del.))

Page 47

The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

IV. DISCUSSION

*3 The facts of this case balance strongly in favor of transfer to the Northern District of California. The Northern District Litigation was filed before the present action. The court in the Northern District Litigation has considered and ruled on many of the issues presented by plaintiffs' amended complaint. In particular, that court has already considered briefs regarding whether the '302 patent was fraudulently obtained, was invalid under the doctrine of inequitable conduct, or was invalid for patent misuse. [FN6] Furthermore, the court has already considered whether plaintiffs' Samsung wafer infringed the '302 patent. (D.I. 22, exs. 16, 17, 18, 19, 20, 21; D.I. 11, ex. 2 at 46, 61) Finally, the court was presented with several briefs addressing whether the '302 patent was invalid. (D.I.22, exs.19, 20, 21, 22) Thus, all of plaintiffs' contentions relating the '302 patent have already been presented to the court in the Northern District Litigation.

FN6. As plaintiffs stated in its originally filed complaint, "[a] complete discussion of [defendant's] inequitable conduct is set forth in [plaintiffs'] expert reports, which were filed in the [Northern District Litigation]." (D.I. 1 at 10)

The '380 patent is very similar to the '302 patent. Both the '302 patent and the '380 patent issued from U.S. Patent Application Ser. No. 60/041,845. (D.I.14, exs.A, B) The '302 patent and the '380 patent have similar written descriptions and share many of the same figures. (Id.) Consequently, the court's experience with the '302 patent in the Northern District Litigation may well be helpful in resolving many of plaintiffs' arguments regarding the '380 patent.

The court in the Northern District Litigation has three years of experience with this litigation and has already issued several orders regarding infringement of the '302 patent. Its grasp of the facts and issues in connection with the '302 patent, together with the similarity between the '302 patent and the '380 patent, make that court a more appropriate venue for the present matter. In the interests of judicial economy and of avoiding inconsistent rulings, this court transfers the present matter to the Northern District of California.

V. CONCLUSION

For the reasons stated above, the court denies defendant's motion to dismiss or stay this matter, but grants defendant's motion to transfer the case. An appropriate order shall issue.

ORDER

At Wilmington this 30th day of March, 2005, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendant's motion to dismiss or to stay (D.I.19) plaintiffs' complaint is denied.

2. Defendant's motion to transfer the present action to the Northern District of California (D.I.19) is granted.

2005 WL 735880 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALLOC, INC., a Delaware corporation,
BERRY FINANCE N.V., a Belgian corporation, and
VÄLINGE ALUMINIUM AB, a Swedish corporation,

    Plaintiffs,

v.

UNILIN DÉCOR, N.V., a Belgian company, BHK of AMERICA, INC., and PERGO, INC., a Delaware corporation

    Defendants.

Case No: 00-C-999

**FIRST REVISED CASE SCHEDULING ORDER**

The court, having reviewed the Joint Motion for Revised Case Schedule, hereby adopts the following revised schedule:

| | |
|---|---|
| May 5, 2006 | Completion of Fact Discovery |
| June 9, 2006 | Opening Markman Briefs to be filed |
| June 30, 2006 | Opposing Markman Briefs to be filed |
| July 21, 2006 | Reply Markman Briefs to be filed |
| August 24, 2006 at 9:00 A.M. | Claim Construction (Markman) Hearing, if necessary |
| No date set | Markman Ruling |
| Four (4) Weeks after Markman Ruling | Expert Reports exchanged; parties to submit reports on issues for which they bear the burden of proof |
| Eight (8) weeks after Markman Ruling | Responsive Expert Reports exchanged |
| Ten (10) weeks after Markman Ruling | Rebuttal Expert Reports exchanged |
| Fourteen (14) weeks after Markman Ruling | Dispositive Motion to be filed at any time on or before this date |

**SO ORDERED** this 1st day of February, 2006

                              s/ Rudolph T. Randa
                              Hon. Rudolph T. Randa
                              Chief Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Alloc, Inc., a Wisconsin corporation,            )
Berry Finance N.V., a Belgian corporation, and)
Valinge Aluminium AB, a Swedish corporation,   )
                                                 )   Case No: 00-C-0999
    Plaintiffs,                                  )
                                                 )
v                                                )
                                                 )
Unilin Decor N.V., a Belgian corporation, and   )
BHK of America, Inc., a New York corporation, and)   JURY DEMANDED
Pergo, Inc., a Delaware corporation              )
                                                 )
    Defendants.                                  )

## ORDER

The schedule for this case shall be amended as follows:

| DATE | EVENT |
| --- | --- |
| ~~May 5, 2006~~ July 14, 2006 | Completion of Fact Discovery |
| ~~June 9, 2006~~ July 28, 2006 | Opening Markman Briefs to be filed |
| ~~June 30, 2006~~ Aug. 11, 2006 | Opposing Markman Briefs to be filed |
| ~~July 21, 2006~~ Aug. 25, 2006 | Reply Markman Briefs to be filed by |
| ~~Aug. 24, 2006~~ Sept. 21, 2006 at 9:00 A.M. | Claim Construction Hearing, if necessary |
| No date set | Markman Ruling |
| Four (4) Weeks after Markman Ruling | Expert Reports exchanged; parties to submit reports on issues for which they bear the burden of proof |
| Eight (8) weeks after Markman Ruling | Responsive Expert Reports exchanged |
| Ten (10) weeks after Markman Ruling | Rebuttal Expert Reports exchanged |
| Fourteen (14) weeks after Markman Ruling | Dispositive Motion to be filed at any time on or before this date |

SO ORDERED:

Dated. April 10, 2006.                BY THE COURT

                                      s/ Rudolph T. Randa
                                      HON. RUDOLPH T. RANDA
                                      Chief Judge

-1-