**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALLOC, INC., a Delaware corporation, BERRY FINANCE N.V., a Belgian corporation, and VÄLINGE ALUMINIUM AB, a Swedish corporation,<br>    Plaintiffs,<br>    v.<br>UNILIN DÉCOR, N.V., a Belgian company, and QUICK-STEP FLOORING, INC., a Delaware corporation,<br>    Defendants. | C.A. No. 03-253 (GMS) |
| ALLOC, INC., BERRY FINANCE N.V., and VÄLINGE INOVATION AB, (f/k/a VÄLINGE ALUMINIUM AB),<br>    Plaintiffs,<br>    v.<br>QUICK-STEP FLOORING, INC.,<br>    Defendant.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - -<br>UNILIN N.C. LLC,<br>    Counterclaim Plaintiff<br>    v.<br>ALLOC, INC., BERRY FINANCE N.V., and VÄLINGE INOVATION AB,<br>    Counterclaim Defendants | C.A. 05- 857 (GMS) |

**JOINT STATUS REPORT**

Pursuant to the Court's Notices of Scheduling Conference, Fed. R. Civ. P. 16, and Local Rule 16.2(b), the parties to the above-referenced, non-consolidated actions submit this Joint Status Report. The following addresses each of the agenda items appearing in the Court's Notice of Scheduling Conference. Counsel will appear and be prepared to further discuss these and other matters that the Court may raise.

1. **Jurisdiction and Service.**

   a. **Does the court have subject matter jurisdiction?**

   The complaints by Alloc, Inc, Berry Finance N.V., and Välinge Innovation AB (formerly Välinge Aluminium) (collectively "Alloc") in the above-captioned cases assert claims for patent infringement. Under 28 U.S.C. § 1338(a), the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . ." Therefore, this Court has subject matter jurisdiction over each of the above cases under section 1338(a).

   b. **Are all parties subject to the court's jurisdiction?**

   All parties have been served. This Court should note that the named defendant in the second action (*i.e.*, C.A. No. 05-857), Quick-step Flooring, Inc. ("Quick-step") is no longer in existence. Unilin N.C. LLC responded to the Complaint and agrees to be substituted for Quick-Step.

   c. **Do any remain to be served?**

   No parties remain to be served.

2. **Substance of the Action.**

   a. **Factual and Legal Bases for Plaintiff's claims:**

   These are actions for patent infringement based on United States Patent Nos. 5,516,579 ("'579") and 5,706,621 ("'621"), respectively.

    b.    **Factual and Legal Bases for Defendants' defenses:**

In relation to the '579 patent the Defendants defend on the bases of non-infringement, unenforceability of the patents in suit, waiver, estoppel, laches, non-infringement under the doctrine of equivalents, non-joinder of inventorship and failure to comply with the requirements of the Patent Laws of the United states, Title 35, united States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

In relation to the '621 patent the Defendants defend on the bases of non-infringement, unenforceability of the patents in suit, waiver, estoppel, laches, non-infringement under the doctrine of equivalents, non-joinder of inventorship and failure to comply with the requirements of the Patent Laws of the United states, Title 35, united States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, lack of personal jurisdiction, improper venue, insufficient process, insufficient service, and invalidity in view of the recapture rule.

**3.**    **Identification of Issues in Dispute.**

To the extent known and understood at this stage of the proceedings, the principal factual and legal issues in dispute in the above-captioned cases are typical of those in most patent cases and include the following:

    a)    infringement of one of more claims of the patents in suit;

    b)    willful infringement of one or more of the patents in suit;

    c)    validity of the claims of the patents in suit;

    d)    enforceability of the patents in suit;

    e)    other defenses set forth in Defendants Answers as summarized in 2.b. above;

  f)  the amount of damages, if any, should one or more of the Defendants be found liable;

  g)  injunctive relief, if any, should one or more of the Defendants be found liable;

  h)  any further relief, including without limitation an award of attorneys' fees and costs under, *inter alia*, 35 U.S.C. § 285 to either Plaintiffs or Defendants.

**4.** **Narrowing of Issues.**

  **a.** **Can the issues in litigation be narrowed by agreement or by motions?**

At the present time, the parties are unable to narrow the issues in litigation by agreement. The parties contemplate being able to narrow the issues by eliminating claims and/or defenses, and by requesting permission to file summary judgment motions consistent with the Court's rules and the schedule set forth in section 12 below. Defendants have filed a motion to transfer both cases to the Eastern District of Wisconsin, on which briefing is now completed.

  **b.** **Are there dispositive or partially dispositive issues appropriate for decision on motion?**

At the present time, the parties have identified no dispositive or partially dispositive issues for decision on motion prior to discovery.

**5.** **Relief.**

  **a.** **What specific relief does plaintiff seek?**

Plaintiff seeks entry of judgment that the Defendants, by reason of the distribution, offer for sale, importation and sale in the United States of Uniclic and other products, infringe the '579 and/or '621 patents in violation of 35 U.S.C. § 271(a); compensatory damages to the full extent

permitted by 35 U.S.C. § 284; judgment that the Defendants infringement is willful, and an award of treble damages pursuant to 35 U.S.C. § 284; a ruling that the cases are exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees; and entry of a permanent injunction against the Defendants, barring and enjoining further distribution, offer for sale or sale in the United States of the infringing product.

   **b.** **What is the amount of damages sought and generally how is it computed?**

At this stage of the proceedings the parties believe it is premature to identify the amount of damages sought and how the damages will be computed.

**6.** **Amendment of Pleadings?**

At present the Plaintiffs expect that a reissue patent will be granted to Valinge Innovation AB within the next several weeks now that the merged reissue and reexamination of the '621 patent has been substantively completed. Plaintiffs contemplate amending the Complaint to add one or more new claims from the expected reissue patent.

**7.** **Joinder of Parties?**

At present the parties are not contemplating the joining of any additional parties in the above -captioned cases.

**8.** **Discovery.**

   **a**. **Discovery contemplated by each party and the amount of time it may take to complete discovery?**

Discovery related to the infringement issues in each of the cases will likely be directed to the design, specifications, structures, functions, and uses of the accused products. That discovery will likely be directed to the Defendants in each of the cases.

Discovery related to the patent validity and enforceability issues in each of the cases will likely be directed to the conception and reduction to practice of the inventions disclosed in the '579 and '621 patents and the prosecution of the '579 and '621 patent applications before the U.S. Patent and Trademark Office, as well as, potentially, third-party prior art discovery.

Discovery related to the damages issues in each of the cases will likely be directed to the parties licensing experience, practices, strategies, and interactions between the parties, as well as to records reflecting the manufacture, use, sales, offers for sale, and importation into the United States of the accused products and the Defendants' revenues and profits from those activities and plaintiffs revenues from its products.

As for the amount of time it may take to complete discovery, see the proposed discovery schedule set forth in section 12 below.

      b.      **Can discovery be limited?**

The parties have engaged in extensive discovery as part of a proceeding in the International Trade Commission involving three other patents that are related to the two patents asserted in this action. While the ITC did not involve a claim of damages, much of the underlying discovery (depositions of the inventor, production of documents relating to the conception and development of the inventions claimed, etc.) has been completed. The parties believe that discovery can be limited based on the ITC discovery, at least with respect to the patents there at issue.

      c.      **Are less costly and time consuming methods available to obtain necessary information?**

At the present time, the parties do not believe that less costly and time consuming methods are available to obtain necessary information.

9. **Estimated trial length.**

The parties estimate that trial will take ten days.

    a. **Is it feasible or desirable to bifurcate issues for trial?**

The parties agree that it is premature to address the order or structure of the trial at this stage. Each of the parties reserves the right to request consolidation and/or bifurcation of issues for trial and will meet and confer with each other before moving for consolidation and/or bifurcation.

    b. **Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?**

The parties will work together on ways to reduce the length of trial to the extent possible. At this stage, it is premature to identify which means the parties may utilize to accomplish this goal.

10. **Jury trial?**

Each of the parties has requested a jury trial in each of the cases on all issues so triable.

11. **Settlement.**

    a. **Have there been settlement discussions?**

The parties have had periodic discussions and information exchanges on an informal basis.

    b. **What are the prospects for settlement?**

To date, the parties have been unable to resolve their differences.

    c. **Is referral to the Magistrate for mediation or other ADR mechanism appropriate?**

The parties believe that discussing settlement before a Magistrate Judge and/or a mediator may be appropriate at a later date.

**12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

The parties propose the following additional scheduling terms:

| EVENT | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| **Fact Discovery** | | |
| Service of plaintiffs' infringement claim chart | July 3, 2006 | July 3, 2006 |
| Service of defendants' non-infringement claim chart | August 3, 2006 | August 3, 2006 |
| Completion of fact discovery | November 30, 2006 | November 30, 2006 |
| **Motions to Amend Pleadings and Join Additional Parties** | | |
| Motions to amend pleadings | | October 2, 2006 |
| Motions to join additional parties | | October 2, 2006 |
| **Markman Proceedings** | | |
| Exchange of list of claim terms each party contends should be construed by the Court | August 15, 2006 | August 15, 2006 |
| Submission of joint claim construction chart | September 1, 2006 | September 1, 2006 |
| Simultaneous Markman briefs to be filed. | October 2, 2006 | October 2, 2006 |
| Simultaneous opposing Markman briefs to be filed | October 30, 2006 | October 30, 2006 |
| Claim construction (Markman) hearing | To be determined by the Court | November [15], 2006 |

| **Expert Discovery**[1] | | |
|---|---|---|
| Expert reports exchanged; parties to submit reports on issues for which they bear the burden of proof | February 1, 2007 | February 1, 2007 |
| Responsive expert reports exchanged | March 1, 2007 | March 1, 2007 |
| Rebuttal expert reports exchanged | March 15, 2007 | March 15, 2007 |
| Completion of expert discovery | April 16, 2007 | April 16 ,2007 |
| **Dispositive Motions (if allowed)** | | |
| Opening summary judgment letter requests | November 2, 2006 | April 2, 2007 |
| Summary judgment letter response | November 16, 2006 | April 16, 2007 |
| Summary judgment letter reply | November 30, 2006 | April 23, 2007 |
| Conference with the Court. | | April [27], 2007 |
| **If summary judgment motions allowed:** | | |
| Opening summary judgment briefs | January 11, 2007 | May 1, 2007 |
| Responsive summary judgment briefs | February 8, 2007 | May 29, 2007 |
| Summary judgment replies | March 1, 2007 | June 12, 2007 |
| **Trial** | | |
| Pretrial conference | | August 1, 2007 |
| Trial | | September 3, 2007 |

13. **A statement that counsel for the parties have conferred about each of the above matters.**

Counsel for the parties have conferred about each of the agenda items set forth in the Court's Notice of Scheduling Conference.

---

[1] These dates are subject to change if the Court has not issued a claim construction ruling by the time expert reports are due. The parties agree that expert discovery should not commence until after claim construction has been completed.

Dated: May 24, 2006

| | |
|---|---|
| /s/ Francis DiGiovanni | /s/ Richard L. Horwitz |
| Collins J. Seitz, Jr. (#2237) | Richard L. Horwitz (#2246) |
| Francis DiGiovanni (#3189) | POTTER ANDERSON & CORROON LLP |
| CONNOLLY BOVE LODGE & HUTZ LLP | 1313 Market Street |
| The Nemours Building | Wilmington, DE 19899 |
| 1007 N. Orange Street | Phone: (302) 984-6000 |
| Wilmington, DE 19899 | |
| Phone: (302) 658-9141 | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |