

Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

May 25, 2006

**VIA HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 18
Wilmington, DE 19801

      Re:    **Alloc, Inc., et al. v. Unilin Decor, N.V., et al. (C.A. 03-253 (GMS);**
              **Alloc, Inc., et al. v. Quick-Step Flooring, Inc. (C.A. 05-857 (GMS)**

Dear Judge Sleet:

      This firm represents Unilin Décor, N.V., Quick-Step Flooring, Inc. and Unilin NC LLC ("Defendants") in the above-entitled patent infringement cases (the "Delaware Cases"). We write to inform the Court of a decision issued yesterday in a related matter that Defendants believe is relevant to their pending motion to transfer the Delaware Cases to the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a).

      By way of background, Defendants recently moved to transfer the Delaware Cases to the Eastern District of Wisconsin, where a related action brought by Plaintiffs is pending (the "Wisconsin Action"). That motion was fully briefed as of Tuesday, May 22, 2006. As Defendants noted in their moving papers, Plaintiffs had also commenced another infringement action in the Northern District of Illinois (the "Illinois Action") under some of the same patents and against the same products as are at issue in both the Delaware Cases and the Wisconsin Action, but against a defendant not present in either of those suits, Empire Home Services LLC ("Empire"). On April 14, 2006, Empire moved to transfer the Illinois Action to the Eastern District of Wisconsin for the same reasons Defendants seek to transfer the Delaware Cases to that district – to consolidate all of Plaintiffs various actions against Defendants' products in the district where Plaintiffs first brought suit.

      Yesterday, the Illinois district court granted Empire's motion and transferred the Illinois Action to the Eastern District of Wisconsin, holding, among other things, that the Illinois and Wisconsin Actions are "clearly related." Accordingly, the Wisconsin court now has before it all of

The Honorable Gregory M. Sleet
May 25, 2006
Page 2

the pending actions, other than the Delaware Cases, involving Plaintiffs' claims against Defendants' products. Because we think the Illinois decision is supportive of our position, we are enclosing herewith a copy for Your Honor's consideration in conjunction with the pending motion to transfer.

Respectfully submitted,

Richard L. Horwitz

733903
Enclosure

cc: Clerk of the Court (via hand delivery)
David I. Roche (via electronic mail)
Collins J. Seitz (via hand delivery)
Lawrence O. Kamin (via electronic mail)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 285 | **DATE** | 5/23/2006 |
| **CASE TITLE** | Alloc, Inc. et al. vs. Empire Home Services LLC | | |

**DOCKET ENTRY TEXT**

Defendant's motion to transfer venue [28] is granted. This case is hereby transferred to the United States District Court for the Eastern District of Wisconsin.

■ [ For further details see text below.]    Docketing to mail notices

## STATEMENT

Defendant Empire Home Services LLC ("Empire") moves this Court pursuant to 28 U.S.C. § 1404(a) to transfer jurisdiction of this case to the United States District Court for the Eastern District of Wisconsin. For the reasons set forth below, the motion is granted.

Plaintiffs Alloc, Inc. ("Alloc"), Berry Finance N.V. ("Berry") and Valinge Innovation AB ("Valinge") (collectively "Plaintiffs") initiated the instant case before this Court on January 18, 2006 by filing a two-count complaint against Empire. In the complaint, Plaintiffs allege that Empire is infringing U.S. Patent Nos. 6,516,579 ("'579 patent") and 5,706,621 ("'621 patent"). Valinge is the assignee of the '579 and '621 patents, which involve a laminate flooring product that can be connected and installed without the use of glue ("disputed flooring"). Valinge has licensed the rights to its '579 and '621 patents to Berry, who in turn sublicensed those rights to Alloc. Empire does not manufacture the disputed flooring. Empire is strictly a reseller of the disputed flooring, which is manufactured by Unilin Flooring N.C. and/or its affiliates. The instant case is the latest in a series of federal actions filed across the country involving the disputed flooring and the related patents.

Valinge and Berry are foreign corporations, incorporated and headquartered in Sweden and Belgium, respectively. Alloc is a Delaware corporation, with its principal place of business in Racine, Wisconsin. Empire has its principal place of business in Northlake, Illinois. Since 2000, Alloc has been litigating a case in the United States District Court for the Eastern District of Wisconsin involving, *inter alia*, the '579 patent. *See Alloc Inc., et al. v. Unilin Decor N.V., et al.*, 2:00 CV 00999, (E.D. Wis.)(Randa, C.J.). Discovery in that case is scheduled to close in July 2006 and Chief Judge Randa has scheduled a Markman hearing for September 2006. The '621 patent is not presently before the Wisconsin District Court, however, Alloc has a pending motion for leave to amend its complaint to include the '621 patent.

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In other words, a transfer is appropriate if: (1) venue is proper in both the transferor and transferee courts;

## STATEMENT

(2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999). Whether to transfer a case is within the sound discretion of the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The party requesting transfer bears the burden of demonstrating that the transferee forum is clearly more convenient than the transferor forum. *Id.*

Both parties concede that venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and §1400(b) because Empire resides in this district. Alloc contests whether venue would be proper in the Eastern District of Wisconsin. Under 28 U.S.C. §1391(c), a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Because Wisconsin's long-arm statute codifies the federal due process requirements, venue is proper in the Eastern District of Wisconsin if Empire had "minimum contacts" within that district at the time this action commenced, and jurisdiction would be consistent with traditional notions of fair play and substantial justice. *See Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). Empire, through the sworn affidavit of its Senior Vice-President, states that it sold the disputed flooring in the Eastern District of Wisconsin at all times relevant to this case. Thus, Empire has sufficient minimum contacts in that district to confer personal jurisdiction on the Wisconsin district court, and exercise of that jurisdiction would comport with traditional notions of fair play and substantial justice. Further, because Empire seeks to transfer this case to Wisconsin, it has waived any objection to personal jurisdiction in Wisconsin. *See Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002). Accordingly, the Court finds that venue is proper in the proposed transferee court.

The next factor, whether transfer will serve the convenience of the parties and witnesses, tends to weigh in favor of transfer, but is of little significance in this case. In accessing the convenience of the parties and witnesses, the Court considers five sub-factors. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998). This Court is the plaintiffs' chosen forum, however, the deference accorded this factor is minimal because plaintiffs do not reside in this forum. *Childress v. Ford Motor Co.*, 03 C 3656, 2003 WL 23518380 at *3 (N.D. Ill. Dec. 17, 2003). The situs of the material events is irrelevant because this is a patent case. *See Sitrick v. FreeHand Systems, Inc.*, No. 02 C 1568, 2003 WL 1581741, at *3 (N.D. Ill. Mar. 27, 2003). The convenience of the witnesses is also not relevant because neither party has produced witness lists.

The Court also considers the relative ease of access to sources of proof is both forums and the convenience of the parties in litigating in each respective forum. These last two sub-factors weigh in favor or transfer and outweigh the minimal deference afforded plaintiffs' choice of forum. Alloc's principal place of business is in Wisconsin and the plaintiffs are currently involved in litigation regarding the '579 patent in Wisconsin. Accordingly, it would be more convenient for plaintiffs to access their sources of proof and to litigate this case in Wisconsin. Empire's principal place of business is in Illinois, which suggests that Illinois may be more convenient for Empire. However, Empire would prefer to litigate this case in Wisconsin. Empire also states, without dispute by plaintiffs, that a majority of its proof consists of documentary evidence that is easily transportable to Wisconsin. *See Household Financial Servs., Inc. v. Northern Trade Mortgage Co.*, 199 WL 782072 at *6 (N.D. Ill. Sept. 27, 1999). On these facts, the Court finds that transfer to Wisconsin would serve the convenience of the parties.

Now, the Court turns to the final and most important factor, whether transfer is in the interest of justice. As a rule, "cases should be transferred to the district where related actions are pending." *First Health Group Corp. v. Allcare Health Management System, Inc.*, 01 C 1790, 2001 WL 686777 (N.D. Ill. June 15, 2001)(quoting *A.P.T. Inc. v. Quad Envtl. Techs. Corp., Inc.*, 698 F. Supp. 718, 723 (N.D. Ill. 1988). Despite plaintiffs' assertions to the contrary, the instant case is clearly related to the case presently pending before Chief Judge Randa in Wisconsin. The '579 patent is at issue in both cases and plaintiffs are parties in both cases. The fact that the '621 patent is not presently before the Wisconsin court does not destroy relatedness or preclude transfer. Because both cases involve plaintiffs' disputed flooring and the '579 patent, it is reasonable to conclude that the required proof in both cases will overlap and that both courts will be

| STATEMENT |
|---|

tasked with issuing substantive rulings regarding the '579 patent. Although this Court is capable of interpreting and applying federal patent law, the Wisconsin court is more familiar with the facts relevant to both cases because the case before it has been pending since 2000. Therefore, to avoid duplication of discovery efforts and to ensure uniformity of substantive rulings regarding the '579 patent, this case should be transferred to Wisconsin. The Court also notes that the parties would likely have a speedier resolution of their dispute in Wisconsin. When comparing the average time from filing of a case to trial in Wisconsin and Illinois, the time is seven months shorter in Wisconsin. When comparing the average time from filing a case to disposition in Wisconsin and Illinois, the time is two months shorter in Illinois. In other words, the seventh-month difference from filing to trial, compared to the two-month difference from filing to disposition, slightly favors transfer to Wisconsin. *See Vandeveld v. Christoph*, 877 F. Supp. 1160, 1169 (N.D. Ill. 1995).

In summary, the facts of this case clearly favor transfer to the Eastern District of Wisconsin. Defendant has met its burden of showing that Wisconsin is a more convenient venue and that transfer is in the interest of justice. Therefore, for the reasons set forth above, the Court grants Empire's motion to transfer. It is so ordered.