IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLOC, INC., BERRY FINANCE, N.V., and VÄLINGE ALUMINUM AB, <br><br> Plaintiffs, <br><br> v. <br><br> UNILIN DÉCOR N.V., and QUICK-STEP FLOORING, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 03-253 (GMS) |
| ALLOC, INC., BERRY FINANCE, N.V., and VÄLINGE INNOVATION AB (f/k/a VÄLINGE ALUMINUM AB), <br><br> Plaintiffs, <br><br> v. <br><br> QUICK-STEP FLOORING, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-857 (GMS) |

**MEMORANDUM**

I.   **INTRODUCTION**

On March 5, 2003 and December 12, 2005, respectively, Alloc, Inc. ("Alloc"), Berry Finance,

N.V. ("Berry"), and Välinge Innovation AB ("Välinge") (collectively, "Alloc") filed the above-

captioned actions against Unilin Décor N.V. ("Unilin"), Quick-Step Flooring, Inc. ("Quick-Step"),

and Unilin Flooring N.C., LLC ("Unilin NC") (successor to Quick-Step) (collectively, "Unilin").

In the March 5, 2003 complaint, Alloc alleges that Unilin is infringing United States Patent No.

6,516, 579 (the "'579 patent").[1]   In the December 12, 2005 complaint, Alloc alleges that Unilin is

infringing United States Patent No. 5,706,621 (the "'621 patent").  These cases are part of a series

of federal actions that Alloc has filed across the country involving the patents-in-suit and related

patents.  Presently before the court is Unilin's motion to transfer jurisdiction to the United States

District Court for the Eastern District of Wisconsin (the "Eastern District of Wisconsin"), pursuant

to 28 U.S.C. § 1404(a).  For the reasons discussed below, the court will grant the motion.

## II.   BACKGROUND

Välinge is the assignee of the '579 and '621 patents, which relate to a laminate flooring

system that can be connected and installed without the use of glue.  Välinge has licensed its patents

to Berry who, in turn, has sublicensed its patent rights to Alloc.  Välinge and Berry are foreign

companies, incorporated and headquartered in Sweden and Belgium, respectively.  Alloc is a

Delaware corporation headquartered in Racine, Wisconsin.

Unilin Décor is a Belgian corporation, with its principle place of business in Wielsbeke,

Belgium.  Quick-Step was a Delaware corporation headquartered in Thomasville, North Carolina.

Unilin NC (successor to Quick-Step) is a North Carolina limited liability company, with its

headquarters in Thomasville, North Carolina.  Unilin, specifically Unilin NC, sells Uniclic®

laminate flooring products, *i.e.* the disputed products, throughout the United States.

Alloc has been litigating a case involving the '579 patent in the Eastern District of Wisconsin

since 2000.  *See Alloc Inc. v. Unilin Décor*, Case No. 2:00CV00999 (E.D. Wis. ) (Randa, C.J.) (the

"Wisconsin Action").  On August 17, 2006, Chief Judge Randa granted Alloc's motion to amend

---

[1] On July 11, 2003, the court stayed the 03-253 action pending resolution of an appeal
before the Federal Circuit, and the re-examination of a parent to the '579 patent.  The appeal was
resolved on May 24, 2004, and the court lifted the stay on March 31, 2006.

its complaint to include the '621 patent. As a result, the Wisconsin Action involves the same patents that are at issue in the above-captioned cases. Fact discovery is set to close in the Wisconsin Action on November 15, 2006, and claim construction issues are set to be fully briefed by December 20, 2006.

## III.   DISCUSSION

Pursuant to section 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is within the court's discretion whether to transfer a case according to an individualized case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197 (D. Del. 1998). In making its determination under section 1404(a), the court must consider whether transferring these two actions would convenience (1) the parties and (2) the witnesses while (3) serving the interests of justice. *Affymetrix*, 28 F. Supp. 2d at 196. It is the movant's burden to establish the need to transfer. *See Truth Hardware corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (D. Del. Jan. 13, 2003).

As a threshold matter, the court must first ask whether Alloc could have brought these two actions in the Eastern District of Wisconsin. *See Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*, 882 F. Supp. 359, 361 (D. Del. 1994). If the court answers this question in the negative, then its inquiry ends. *See Camasso v. Dorado Beach Hotel Corp.*, 689 F. Supp. 384, 386 (D. Del. 1988) (refusing to transfer the case when the target forum could not exercise personal jurisdiction over one of the defendants).

3

Alloc contests Unilin's assertion that these two actions could have been brought in the Eastern District of Wisconsin.  Alloc also contends that Unilin has failed to make a showing that these cases could have been originally brought in the Eastern District of Wisconsin.  The court disagrees.  According to Unilin's opening brief in support of its motion, the "[p]laintiffs have already sued Unilin Décor in that district [Eastern District of Wisconsin] and no one ever questioned venue. Unilin N.C., the successor to Quick-Step, distributes and sells the Uniclic® flooring product in Wisconsin, including in the Milwaukee area in which the District Court for the Eastern District is located." (D.I. 9, at 8 n.2.)  Under 28 U.S.C. § 1391, a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  Wisconsin's long-arm statute codifies federal due process requirements.  *See Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996).  Therefore, venue is proper in the Eastern District of Wisconsin if Unilin had minimum contacts within the Eastern District at the time the action was commenced, and the exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice.  *See id.*

Here, Unilin has submitted the sworn declaration of Unilin Décor's legal counsel, which states that Quick-Step, an indirect subsidiary of Unilin Décor, was selling and distributing the disputed flooring in Milwaukee, Wisconsin as of March 5, 2003.  (D.I. 15 ¶ 2.)  The declaration further states that Unilin NC (successor to Quick-Step) continues to sell and distribute the disputed flooring in Milwaukee, Wisconsin.  (Id. ¶ 3.)  Moreover, Alloc has already sued Unilin Décor in the Eastern District of Wisconsin without objection to venue.  Accordingly, Unilin has demonstrated sufficient minimum contacts in the Eastern District of Wisconsin to confer personal jurisdiction on that court.  The court believes this conclusion to be consistent with traditional notions of fair play

and substantial justice. Therefore, venue is proper in Unilin's proposed transferee court. The court now turns to an examination of the remaining criteria enumerated in Section 1404(a) in order to determine if transfer is warranted.

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interest of justice, but all relevant factors, including certain private and public interests. *Id.* at 875. These private interests include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the expected witnesses; and (6) the location of books and records, to the extent that they could not be produced in the alternative forum.[2] Among the relevant public interests are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in decided local controversies at home; and (5) the public policies of the fora. *Id.* at 879-80.

After having considered the relevant factors, the court finds that Unilin has met its burden of demonstrating that transfer to the Eastern District of Wisconsin is appropriate. First, although Alloc is incorporated in Delaware and Quick-Step was incorporated in Delaware, and should reasonably expect to litigate in this forum, there is little connection between Delaware and this action

---

[2] The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

or the parties. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (A party's incorporation in Delaware is not dispositive of a motion to transfer. "Where an alternative forum is more convenient and has more substantial connection with the litigation 'incorporation in Delaware will not prevent transfer.'") Further, none of the parties have facilities in Delaware nor maintain their principal place of business in Delaware. Moreover, Alloc's principal place of business is Racine, Wisconsin, and Alloc, Välinge, and Berry are currently parties to the Wisconsin Action, which involves both the '570 and '621 patents. Thus, it would be more convenient for Alloc to litigate this case in Wisconsin. Additionally, while Unilin Décor is a Belgian corporation and Unilin NC has a principal place of business in North Carolina, both would prefer to litigate this case in Wisconsin, especially given the fact that Unilin Décor is already a defendant in the Wisconsin Action.[3]

With respect to the documentary evidence, Unilin states that many of the relevant documents and other materials have already been produced in the Wisconsin Action, and that it can produce the documents it has as easily in Wisconsin as it can in Delaware. (D.I. 9, at 14.) Bringing relevant documents to only one location, here Wisconsin, minimizes the level of disruption caused to both parties by the litigation. *Omnicom Group, Inc. v. Employers Reinsurance Corp.*, C.A. No. 01-839-GMS, 2002 WL 109346, at * 2 (D. Del. Jan. 28, 2002). In other words, it "is certainly a more economical and efficient result than having each party moving . . . documents between two states, depending on which of the[] related actions is being litigated at the time." *Omnicom Group, Inc. v. Employers Reinsurance Corp.*, C.A. No. 01-839-GMS, 2002 WL 109346, at * 2 (D. Del. Jan. 28,

---

[3] The convenience of the expected witnesses is not a relevant consideration because neither party has produced witness lists or identified any witness who is a Delaware resident.

2002).  Thus, the court finds that this factor weighs in favor of transfer.

Finally, the court finds that the public interest factors weigh in favor of transfer to Wisconsin. Most relevant to the courts inquiry, is whether there are practical considerations that would make trial "easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. Here, there has already been litigation on both the '579 and '621 patents in the Eastern District of Wisconsin. Discovery has already begun in the Wisconsin Action, which was filed before Alloc initiated these lawsuits, and involves the same patents. Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *See Liggett Group, Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 537 (D.N.J. 2000 (citations omitted). Additionally, the court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh against transfer. Finally, it is well settled that patent rights are not considered state or local matters, and do not implicate local interests. *Jones Pharma, Inc. v. KV Pharm. Co.*, No. Civ. A. 03-786 JJF, 2004 WL 323109, at *3 (D. Del. Feb. 17, 2004). The court, therefore, finds no strong local interest in litigating in either forum. Accordingly, the court concludes that, on balance, the public interest factors favor transfer in the instant case.

Dated: October 26, 2006

UNITED STATES DISTRICT JUDGE

FILED

OCT 2 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLOC, INC., BERRY FINANCE, N.V., and VÄLINGE ALUMINUM AB, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 03-253 (GMS) |
| UNILIN DÉCOR N.V., and QUICK-STEP FLOORING, INC., | ) ) ) | |
| Defendants. | ) ) ) | |
| ALLOC, INC., BERRY FINANCE, N.V., and VÄLINGE INNOVATION AB (f/k/a VÄLINGE ALUMINUM AB), | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-857 (GMS) |
| QUICK-STEP FLOORING, INC., | ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.    The defendants' Motion to Transfer Venue to the Eastern District of Wisconsin (D.I.

8) is GRANTED.

2.      The above-captioned actions are hereby TRANSFERRED to the United States

District Court for the Eastern District of Wisconsin.


Dated: October 2 6, 2006

_____
UNITED STATES DISTRICT JUDGE

